UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture<br><br>Plaintiff<br><br>v.<br><br>NYDIA RIVERA ROSADO a/k/a NYDIA RIVERA, as joint debtor and as known member of the Estate of ARMANDO SANTOS NEGRON; WANDA SANTOS RIVERA, YVONNE SANTOS RIVERA, ROSA SANTOS RIVERA, JANETTE SANTOS RIVERA, AIDYN SANTOS RIVERA and VIVIANETTE SANTOS RIVERA as known members of the Estate above-mentioned; JOHN DOE and RICHARD ROE as unknown members of the Estate above-mentioned<br><br>Defendants | CIVIL NO.<br><br><br><br>Foreclosure of Mortgage |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW the United States of America -acting as the United States Department of Agriculture- through the undersigned attorney, who respectfully alleges and prays as follows:

1.    Jurisdiction of this action is conferred on this Court by 28 U.S.C. Section 1345.

2.    Plaintiff, United States of America, is acting through the

United States Department of Agriculture, which is organized and existing under the provisions of the Consolidated Farm and Farm Service Agency Act, 7 U.S.C. §1921 et seq. Plaintiff is the owner and holder of two (3) promissory notes that affect the property described further below.

3. The first promissory note is for the amount of **$103,300.00**, with prime rate interest, subscribed on August 24, 1979. *See Exhibits 1 and 2*

4. For the purpose of securing the payment of said promissory note, a voluntary mortgage was executed on the same date, in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through Deed No. 130. This mortgage is duly recorded at the corresponding Property Registry. *See Exhibits 3, 4 and 5*

5. Plaintiff is also the owner and holder of a promissory note for the amount of **$55,270.00**, with annual interest of 5%, subscribed on April 1, 1981. *See Exhibits 6 and 7*

6. For the purpose of securing the payment of said promissory note, a voluntary mortgage was executed on the same date, in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through Deed No. 66. This mortgage is duly recorded at the corresponding Property Registry. *See Exhibits 5, 8 and 9*

7. Plaintiff also owns and holds a promissory note for the amount

2

of **$51,600.00**, with annual interest of 7%, subscribed on April 1, 1981. *See Exhibits 10 and 11*

8. For the purpose of securing the payment of said promissory note, a voluntary mortgage was executed on the same date, in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through Deed No. 67. This mortgage is duly recorded at the corresponding Property Registry. *See Exhibits 5, 12 and 13*

9. According to the Property Registry, defendant ARMANDO SANTOS NEGRON and codefendant NYDIA RIVERA ROSADO a/k/a NYDIA RIVERA appear as owners of record of the real estate property subject of this case. Said property is described -as it was recorded in Spanish- as follows:

> RUSTICA: En el Barrio Bayaney de Hatillo, compuesto de 146.935 cuerdas, equivalente a 57 hectáreas 75 hectáreas, 75 áreas y 12 centésimas de terreno. Sus lindes al NORTE, Sucursal de Idelfonso Villanueva; por el SUR, Gumersindo Micheo, Higinio Rivera y Eduardo Georgetti; por el ESTE, Fernando F. Ledesma y Gumersindo Micheo; y por el OESTE, el cruce de la Quebrada Saja y el Río Camuy.
> De esta finca se han hecho varias segregaciones sin que se halle descrito el remanente aún, siendo dichas segregaciones de 5.00 cuerdas; 20.00 cuerdas; 55.00 cuerdas y 10.0114 cuerdas.
>
> Property 2,420, recorded at page 144 of volume 46 of Hatillo, Property Registry of Arecibo, Puerto Rico, Section II.
>
> *See Title Search attached as Exhibit 5*

10. For information and belief, ARMANDO SANTOS NEGRON passed away on November 3, 2012.

11. For information and belief, the known members of the Estate of ARMANDO SANTOS NEGRON are the following individuals:

    (a)  NYDIA RIVERA ROSADO a/k/a NYDIA RIVERA (as widow and co-signer ans co-owner);

    (b)  WANDA SANTOS RIVERA;

    (c)  YVONNE SANTOS RIVERA;

    (d)  ROSA SANTOS RIVERA;

    (e)  JANETTE SANTOS RIVERA;

    (f)  AIDYN SANTOS RIVERA, and;

    (g)  VIVIANETTE SANTOS RIVERA;

12. Codefendants are jointly and severally responsible for all amounts owed to plaintiff, arising from the loan obligations subscribed.

13. JOHN DOE and RICHARD ROE are included as possible unknown heirs to the Estate above mentioned.

14. According to *P.R. Laws Ann.,* Article 959, (Sec. 2787), defendants have 30 days to either accept or reject their participation in the Estate(s) to which they lawfully belong.

15. It was expressly stipulated in the notes evidencing the indebtedness that default in the payment of any part of the covenant or agreement therein contained will authorize the plaintiff, as payee of said notes, to declare due and payable

4

the total amount of the indebtedness evidenced by said notes and proceed with the execution and/or foreclosure of the mortgages.

16. The defendants herein have failed to comply with terms of the mortgage contracts by failing to pay the installments due on all notes until the present day, and that after declaring all the indebtedness due and payable, defendants owe to the plaintiff, according to the Certification of Indebtedness included herein as *Exhibit 14*, the following amounts:

    a) On the $103,300 Note:

        1) The sum of $106,244.46, of principal;

        2) The sum of $522,208.14, of interest accrued as of May 23, 2019, and thereafter until its full and total payment, which interest amount increases at the daily rate of $38.5682;

        3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

    b) On the $55,270.00 Note, as modified:

        1) The sum of $50,737.37, of principal;

        2) The sum of $250,124.67, of interest accrued as of May 23, 2019, and thereafter until its full and total payment, which interest amount

increases at the daily rate of $18.4184;

   3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

c) On the $51,600.00 Note, as modified:

   1) The sum of $51,600.00, of principal;

   2) The sum of $275,001.40, of interest accrued as of May 23, 2019, and thereafter until its full and total payment, which interest amount increases at the daily rate of $20.1452;

   3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

17. The indebtedness evidenced by the aforementioned notes is secured by the mortgages over the properties described in this complaint.

18. Codefendant NYDIA RIVERA ROSADO a/k/a NYDIA RIVERA is not presently active in the military service for the United States. A *Status Report Pursuant to Servicemembers Civil Relief Act,* regarding the remaining codefendants, is not attached to this complaint since we were unable to obtain their social security numbers. *See Exhibit 15*

19. The real estate property mentioned before is subject to the following liens in the rank indicated:

(A)   Property 2,420:

   1) Recorded liens with preference or priority over mortgage herein recorded:

      a) Lease in favor of Franco Hernández Vargas married to Margot Chaves, for the term of 5 years, with a monthly payment of $2,500.00 annual, constituted by Deed #13, executed in Arecibo, Puerto Rico, on January 25, 1955, before Francisco M. Cadilla, Notary Public, recorded at page 235 of volume 83 of Hatillo, property number 2,420, 13th inscription.

      b) Sub-Lease; the lease mentioned before in favor of Luis B. Cestero Buxeda and his wife Olga Colón, for the remaining term, constituted by Deed #41, executed in San Juan, on December 18, 1956, before Félix Ochoteco Jr., Notary Public, recorded at margin of page 236 of volume 83 of Hatillo.

   2) Junior Liens with inferior rank or priority over mortgage herein executed:

      a) None.

**VERIFICATION**

I, EDGAR MALDONADO MEDERO, of legal age, single, executive and resident of Toa Alta, Puerto Rico, in my capacity as Farm Loan Chief of the United States Department of Agriculture, San Juan, Puerto Rico, under the penalty of perjury, as permitted by Section 1746 of Title 28, United States Code, declare and certify:

1) My name and personal circumstances are stated above;

2) I subscribed this complaint as the legal and authorized representative of the plaintiff;

3) Plaintiff has a legitimate cause of action against the defendants above named which warrants the granting of relief requested in said complaint;

4) Defendants are a necessary and legitimate party to this action in view of the fact that they originated or assumed the mortgage obligation subject of this foreclosure, or bought the property subject to said mortgage;

5) From the information available to me and based upon the documents in the Farm Service Agency, it appears that defendants have not been declared incompetent by a court of justice with authority to make such a declaration;

6) I have carefully read the allegations contained in this complaint and they are true and correct to the best of my knowledge and to the documents contained in the files of the Farm Service Agency;

7) I have carefully examined the Exhibits included to this complaint which are true and correct copies of the originals. The mortgage deeds have been duly recorded in the Property Registry.

I make the foregoing declaration under penalty of perjury, as permitted under Section 1746 of Title 28, United States Code.

8

In San Juan, Puerto Rico, this 29th day of July, 2019.

*[signature]*

EDGAR MALDONADO MEDERO

PRAYER

WHEREFORE, the plaintiff demands judgment as follows:

a)   That defendant's party pays unto the United States the amounts claimed on this complaint;

b)   Or in default thereof that all legal right, title and interest which the defendants may have in the property described in this complaint and any building or improvement thereon be sold at public auction and that the monies due to the United States as alleged in the preceding paragraphs be paid out of the proceeds of said sale;

c)   That the defendants and all persons claiming or who may claim by, from or under them be absolutely barred and foreclosed from all rights and equity of redemption in and to said property;

d)   That if the proceeds of such sale be insufficient to cover the amounts specified under paragraph 16 of this prayer, said defendant be adjudged to pay to the United States the total amount of money remaining unsatisfied to said paragraph (a) of this prayer, and execution be issued forthwith against said defendants for the payment of said deficiencies against any of the properties of said defendants;

e)   That if the proceeds of said sale exceed the sum of

money to be paid to the United States as aforesaid, any such excess

be deposited with the Clerk of this Court subject to further orders

from the Court;

   f)   That once the property is auctioned and sold, the Clerk

of this Court issue a writ addressed to the Registry of the

Property ordering the cancellation of the foreclosed mortgage and

of any other junior liens recorded therein;

   g)   For such further relief as in accordance with law and

equity may be proper.

   In Guaynabo, Puerto Rico, this 31 day of July      , 2019.




/s/ Juan Carlos Fortuño Fas
JUAN CARLOS FORTUÑO FAS
USDCPR 211913

FORTUÑO & FORTUÑO FAS, C.S.P.
P.O. BOX 9300
SAN JUAN,  PR 00908
TEL.  787-751-5290
FAX. 787-751-6155
Email: dcfilings@fortuno-law.com

FmHA Form 1940-17(S)  (Rev. 11-1-78)

## DEPARTMENT OF AGRICULTURE OF THE UNITED STATES
## FARMERS HOME ADMINISTRATION

**PROMISSORY NOTE**

| | |
|---|---|
| | TYPE OF LOAN<br>Type: __FO__<br>In accordance to:<br>[x] Consolidated Farm & Rural Development Act<br>[ ] Emergency Agricultural Credit Adjustment Act of 1978 |

| Name | ACTION REQUIRING PROMISSORY NOTE |
|---|---|
| Armando Santos Negrón | [ X ] Initial Loan      [ ] New Payment Plan<br>[ ] Subsequent Loan    [ ] Reamortization |

| State | Office | |
|---|---|---|
| Puerto Rico | Camuy | [ ] Consolidation and    [ ] Credit Sale<br>     subsequent loan |

| Case Number<br>63-29-580784929 | Date<br>8/24/79 | [ ] Consolidation      [ x ] Deferred Payments |
|---|---|---|

FOR VALUE RECEIVED, the subscribing Borrower and any other co-debtor, severally and jointly, we shall pay to the order of the United States of America, acting through the Farmers Home Administration of the Department of Agriculture of the United States (henceforth referred to as the "Government") or its cessionnaire at its office in Camuy  or at any other place designated by the Government in writing, the principal sum of __ONE HUNDRED AND THREE THOUSAND THREE HUNDRED AND  00/100__ dollars ($103,300.00) plus interest on the principal owed at __Three__ PERCENT (3) % annually. If this promissory note is for a Limited Resources loan (indicated in the superior clause "Type of Loan"), the Government may CHANGE THE PERCENTAGE OF INTEREST, in accordance to the regulation of the Farmers Home Administration, not more frequently than every trimester, notifying the Borrower in writing with thirty (30) days of advance notice at his last address.  The new interest rate must not exceed the highest interest rate established in the regulations in the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __41__ installments, as indicated below, except if modified by a different interest rate, on or before the following dates:

| | |
|---|---|
| $ 10.00 _____ on January 1, 1980; | $_____ on January 1, 19 ; |
| $ 4,497.00 _____ on January 1, 1981; | $_____ on January 1, 19 ; |
| $_____ on January 1, 19 ; | $_____ on January 1, 19 ; |
| $_____ on January 1, 19 ; | $_____ on January 1, 19 ; |
| $_____ on January 1, 19 ; | $_____ on January 1, 19 ; |

and $ 4,497.00 __, subsequently on January 1 of each year until the principal and interest have been completely paid off except that the final installment of the debt evidenced herein, is not previously paid, shall be due and payable within 40 years of the date of this promissory note and except that payments could be made in advance as stated further on.  The consideration involved herein shall back any agreement modifying the payment plan.

If the total amount of the loan is not advance as of the date of the closing, the loan may be advanced to the Borrower as requested by the Borrower and approved by the Government.  The approval of the Government shall be given as long as the advance is requested for a purpose authorized by the Government.  Interest shall be accrued for the amount of each advance payment from its present date as is shown in the Registry of Advance Payments at the end of this promissory note. The Borrower authorizes the Government to write down the amounts and dates of such advance payments in the Registry of Advance Payments.

In each reamortized or consolidated promissory note, or with the new payment plan, the interest accrued as of the date of this instrument must be added to the principal and that new principal shall accrue interest at the rate of the percentage evidenced by this instrument.

Any payment made in any debt represented by this promissory note shall first be applied to interest calculated as of the effective date of the payment and afterwards to the principal.

2

Payments made in advance of the stipulated installments or of any part of the same, may be made at any time at the option of the Borrower.  Reimbursements and extra payments, as defined in the regulations (7 C.F.R. 1861.2) of the Farmers Home Administration, in accordance to the source of the funds involved, after paying the interest, shall be applied to the last installments to be due under this promissory note and will not affect the obligation of the Borrower to pay the remaining installments as is specified in the same.  If the Government at any time were to cede this promissory note and ensure the payment of the same, the Borrower shall continue making the payments to the Government as the collecting agent for the holder.

While this promissory note is in the power of an insured Borrower, the advance payments made by the Borrower may, at the option of the Government, be forwarded by the Government promptly to the holder, or, with the exception of the final payment, they may be withheld by the Government and forwarded to the holder on the basis of the annual installment due.  The effective date of any payment made by the Borrower, except payments which have been withheld and forwarded by the Government to the holder on the basis of the annual instalment due shall be the date of the check from the Treasury of the United States by means of which the Government forwards the payment to the holder.  The effective date of any advance payment withheld and forwarded by the Government to the  holder on the basis of annual installment due, shall be the date of the payment advanced by the Borrower and the Government shall pay the interest at which the holder is entitled to be accrued between the effective date of any of said advance payments and the date of the check of the Treasury forwarded to the holder.

Any amount advanced or invested by the Government for the collection of this promissory note or to preserve or protect the guaranty of the loan or in another manner invested under the terms of any guaranty agreement or other instrument executed with regard to the loan evidenced herein, at the option of the Government, may go on to become part of the loan and shall accrue interest at the same rate of interest as that of the principal of the debt evidenced herein and shall be due and payable immediately by the Borrower to the Government without the need for requirement.

The property built, improved, purchased or refinanced in total or in part with the loan evidenced herein shall not be leased, ceded, sold, transferred or encumbered voluntarily or in another form, without the prior consent in writing on the part of the Government.  Unless the Government consents to the contrary in writing, the Borrower shall personally operate said property as a farm if this loan is to a farm owner (FO).

If a "Consolidation and a Subsequent Loan", "Consolidation", "Reamortization", or a "New Payment Plan" is indicated in the top clause of the first page, "Action Requiring Promissory Note", this promissory note is executed to consolidate, reamortize or evidence an new payment plan but not in satisfaction of the principal and interest of the following promissory notes or subrogation agreement(s) (new terms).

| VALUE OF THE PROMISSORY NOTE | INTEREST | DATE | ORIGINAL BORROWER | LAST INSTALLMENT DUE |
|---|---|---|---|---|
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |

The guaranty documents taken with regard to the loans evidenced by these promissory notes described or other related obligations are not affected by the granting of this consolidation, reamortization or new payment. Plan.  These guaranty instruments shall continue in effect and the guaranty offered for the loans evidenced by the promissory notes described shall remain as guaranty for the loan evidenced by this promissory note and by any other related obligation.

REFINANCING AGREEMENT: If at any moment the Government were to determine that the Borrower may obtain a loan from a responsible credit union or another private source of credit at a reasonable rate of interest and terms for loans for similar time and conditions, the Borrower, at the request of the Government, shall request and accept the loan in a sufficient amount to satisfy this promissory note in its entirety and pay the necessary shares if the lender is a cooperative.

BREACH: The lack of payment upon its due date regarding any debt evidenced herein or the breach of any condition or agreement under this document shall constitute breach  under any other instrument evidencing a debt of the Borrower insured or guaranteed by the Government or in any other form related to said debt; the breach under any other said instrument shall constitute breach  under the terms of this document.  ANY BREACH THAT IS  COMMITTED,  the Government, at its option, may declare all or part of said debt due and immediately payable.

3

This Promissory Note is executed as evidence of a loan granted to the Borrower or insured by the Government in accordance to the Consolidated Farm and Rural Development Act or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the box "TYPE OF LOAN" further up.  This Promissory Note shall be  subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the stipulations consigned herein.

Presentation, protest and notice are by means of the present document expressly waived.

(signed) _____
Armando Santos Negrón                    (Borrower)

(signed) _____
Nydia Rivera                             (Borrower)

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerlee*
PATRICIA BECKERLEE
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7766

Box 224

Hatillo, P..R.  00659 _____

| REGISTRY OF ADVANCE PAYMENTS | | | | | |
|--------|--------|--------|--------|--------|--------|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| $103,300 | 8/24/79 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | | $103,300.00 | |

Jay-Ce-Agriculture                     Position 2                     Form FmHA 1940 17-(S)
                                                                      (Rev. 11-1-78)

Forma FmHA 1940-17 (S)
(Rev. 11-1-78)

| CL. _ E DE PRESTAMO |
| --- |
| Tipo: _____ EO _____ |
| De acuerdo a: |
| ☒ Consolidated Farm & Rural Development Act |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 |

## DEPARTAMENTO DE AGRICULTURA DE ESTADOS UNIDOS
## ADMINISTRACION DE HOGARES DE AGRICULTORES

# PAGARE

| Nombre | |
| --- | --- |
| Armando Santos Negron | |
| Estado | Oficina |
| Puerto Rico | Camuy |
| Caso Núm. | Fecha |
| 63-29-580784929 | 8/24/79 |

**ACCION QUE REQUIERE PAGARE:**

☒ Préstamo Inicial     ☐ Nuevo Plan de Pago
☐ Préstamo Subsiguiente     ☐ Reamortización
☐ Consolidación y préstamo     ☐ Venta a Crédito
    subsiguiente     ☒ Pagos Diferidos
☐ Consolidación

POR VALOR RECIBIDO, el Prestatario(s) subscribiente y cualquier otro co-deudor mancomunada y solidariamente pagaremos a la orden de Estados Unidos de América, actuando por conducto de la Administración de Hogares de Agricultores del Departamento de Agricultura de los Estados Unidos (denominado en adelante el "Gobierno") o su

cesionario en su oficina en _____ Camuy _____

o en otro sitio designado por el Gobierno por escrito, la suma principal de _____ CIENTO TRES MIL TRESCIENTOS

_____ CON 00/100 _____ dólares ($ 103,300.00 _____ ) más intereses sobre el principal adeudado al

_____ TRES ------- _____ POR CIENTO ( 3 %) anual. Si este pagaré

es para un préstamo de Recursos Limitados (indicado en el encasillado superior "Clase de Préstamo"), el Gobierno puede **CAMBIAR EL PORCIENTO DE INTERES**, de acuerdo con los reglamentos de la Administración de Hogares de Agricultores, no más frecuente que trimestralmente, notificando por correo al Prestatario con treinta (30) días de anticipación a su última dirección. El nuevo tipo de interés no deberá exceder el porciento de interés más alto establecido en los reglamentos de la Administración de Hogares de Agricultores para el tipo de préstamo arriba indicado.

Principal e intereses serán pagados en _____ 41 _____ plazos, según indicado abajo, excepto si es modificado por un tipo de interés diferente, en o antes de las siguientes fechas:

| | | | |
| --- | --- | --- | --- |
| $ 10.00 | en enero 1, 19 80 | $ _____ | en enero 1, 19 ; |
| $ 4497.00 | en enero 1, 19 81 | $ _____ | en enero 1, 19 ; |
| $ _____ | en enero 1, 19 ; | $ _____ | en enero 1, 19 ; |
| $ _____ | en enero 1, 19 ; | $ _____ | en enero 1, 19 ; |
| $ _____ | en enero 1, 19 ; | $ _____ | en enero 1, 19 ; |

y $ 4497.00 _____ , subsiguientemente en enero 1 de cada año hasta que el principal e intereses sean completamente pagados excepto que el plazo final de la deuda aquí evidenciada, de no ser pagada anteriormente, vencerá y será pagadero en _____ 40 _____ años de la fecha de este pagaré y excepto que se podrán hacer pagos adelantados según se provee más abajo. La consideración aquí envuelta respaldará cualquier convenio modificando el plan de pagos.

Si la cantidad total del préstamo no es adelantada a la fecha del cierre, el préstamo será adelantado al Prestatario según solicitado por el Prestatario y aprobado por el Gobierno. La aprobación del Gobierno será dada siempre y cuando el adelanto es solicitado para un propósito autorizado por el Gobierno. Se acumularán intereses por la cantidad de cada adelanto desde su fecha actual como se demuestra en el Registro de Adelantos en el final de este pagaré. El Prestatario autoriza al Gobierno a anotar la(s) cantidad(es) y fecha(s) de tal(es) adelanto(s) en el Registro de Adelantos.

En cada pagaré reamortizado o consolidado, o con un nuevo plan de pago, los intereses acumulados a la fecha de este instrumento deberán ser sumados al principal y ese nuevo principal acumulará intereses a razón del porciento evidenciado por este instrumento.

Todo pago hecho en cualquier deuda representada por este pagaré será primero aplicado a intereses computados a la fecha efectiva del pago y después al principal.

Jay-Ce-Agricultura        *Posición 2*        Forma FmHA 1940-17 (S)
                                                                             (Rev. 11-1-78)

Pagos adelantados de los plazos estipulados o cualquier parte de los mismos, podrán hacerse en cualquier tiempo a opción del Prestatario. Reembolsos y pagos extras, según se definen en los reglamentos (7 C.F.R. 1861.2) de la Administración de Hogares de Agricultores, de acuerdo con la fuente de los fondos envueltos, después de abonarse los intereses, se aplicarán a los últimos plazos a vencer bajo este pagaré y no afectarán la obligación del Prestatario de pagar los restantes plazos según se especifican en el mismo. Si el Gobierno en cualquier momento cediera este pagaré y asegura el pago del mismo, el prestatario continuará haciendo los pagos al Gobierno como agente cobrador del tenedor.

Mientras este pagaré esté en poder de un prestamista asegurado, los pagos adelantados hechos por el Prestatario podrán, a opción del Gobierno, ser remitidos por el Gobierno prontamente al tenedor o, a excepción del pago final, podrán ser retenidos por el Gobierno y remitidos al tenedor a base de plazo anual vencido. La fecha efectiva de todo pago hecho por el prestatario, excepto pagos retenidos y remitidos por el Gobierno al tenedor a base de plazo anual vencido será la fecha del cheque del Tesoro de los Estados Unidos mediante el cual el Gobierno remite el pago al tenedor. La fecha efectiva de cualquier pago adelantado retenido y remitido por el Gobierno al tenedor a base de plazo anual vencido, será la fecha del pago adelantado por el Prestatario y el Gobierno pagará los intereses a los cuales el tenedor tiene derecho que se devenguen entre la fecha efectiva de cualquiera de dichos pagos adelantados y la fecha del cheque del Tesoro remitido al tenedor.

Cualquier cantidad adelantada o invertida por el Gobierno para el cobro de este pagaré o para preservar o proteger la garantía del préstamo o de otra manera invertido bajo los términos de cualquier convenio de garantía u otro instrumento otorgado en relación con el préstamo aquí evidenciado, a opción del Gobierno pasará a ser parte del préstamo y devengará intereses al mismo tipo de interés que el principal de la deuda aquí evidenciada y vencerá y será pagadera inmediatamente por el Prestatario al Gobierno sin necesidad de requerimiento.

La propiedad construida, mejorada, comprada o refinanciada en total o en parte con el préstamo aquí evidenciado no será arrendada, cedida, vendida, transferida o gravada voluntariamente o de otra forma, sin el previo consentimiento por escrito del Gobierno. A menos que el Gobierno consienta lo contrario por escrito, el Prestatario operará personalmente dicha propiedad como una finca si este prestamo es a dueño de finca (FO).

Si una "Consolidación y un Préstamo Subsiguiente", "Consolidación", "Reamortización" o un "Nuevo Plan de Pago" es indicado en el encasillado superior de la primera página "Acción que Requiere Pagaré", este pagaré es otorgado para consolidar, reamortizar o evidenciar un nuevo plan de pago pero no en satisfacción del principal e intereses del siguiente pagaré(s) o convenio(s) de subrogación (nuevos términos):

| VALOR DEL PAGARE | INTERESES | FECHA | PRESTATARIO ORIGINAL | ULTIMO PLAZO A VENCER |
|---|---|---|---|---|
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | |

Los documentos de garantía tomados en relación con los préstamos evidenciados por estos pagarés descritos u otras obligaciones relacionadas no son afectadas por el otorgamiento de esta consolidación, reamortización o nuevo plan de pago. Estos instrumentos de garantía continuarán en efecto y la garantía ofrecida para los préstamos evidenciados por los pagarés descritos permanecerán como garantía para el préstamo evidenciado por este pagaré y por cualquier otra obligación relacionada.

CONVENIO DE REFINANCIAMIENTO: Si en cualquier tiempo el Gobierno determinare que el Prestatario puede obtener un préstamo de una cooperativa responsable u otra fuente de crédito privada a un tipo de interés y términos razonables para préstamos por tiempo y condiciones similares, el Prestatario, a requerimiento del Gobierno, solicitará y aceptará el préstamo en cantidad suficiente para satisfacer este pagaré en su totalidad y pagar las acciones necesarias si el prestamista es una cooperativa.

INCUMPLIMIENTO: La falta de pago a su vencimiento de cualquier deuda aquí evidenciada o el incumplimiento de cualquier condición o acuerdo bajo este documento constituirá incumplimiento bajo cualquier otro instrumento evidenciando una deuda del Prestatario asegurada o garantizada por el Gobierno o en cualquier otra forma relacionada con dicha deuda; el incumplimie       bajo cualquier otro instrumento constituirá       umplimiento bajo los términos de este documento. COMETIDO CUALQUIER INCUMPLIMIENTO, el Gobierno, a su opción, podrá declarar toda o parte

Este Pagare se otorga como evidencia de un préstamo al Prestatario concedido o asegurado por el Gobierno de conformidad con la Consolidated Farm and Rural Development Act o el Emergency Agricultural Credit Adjustment Act of 1978 y para el tipo de préstamo según indicado en el encasillado "CLASE DE PRESTAMO" más arriba. Este Pagaré está sujeto a los reglamentos presentes de la Administración de Hogares de Agricultores y a sus futuros reglamentos no inconsistentes con las estipulaciones aquí consignadas.

Presentación, protesto y aviso son por la presente expresamente renunciados.

_____
Armando Santos Negrón                    *(Prestatario)*

_____
Nydia Rivera                             *(Prestatario)*

Buzón 224

Hatillo, P. R. 00659

_____

| REGISTRO DE ADELANTOS | | | | | |
|---|---|---|---|---|---|
| CANTIDAD | FECHA | CANTIDAD | FECHA | CANTIDAD | FECHA |
| $ 103,300 | 8/24/79 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | | TOTAL $ 103,300.00 | |

FmHA Form 427-1 PR   10/77
(Note: all the pages are stamped with the seal of Francisco J. Arraiza Donate, Attorney, Notary, Island of Puerto Rico.)
(Note: all the pages are stamped with the seal of the Property Registry, Arecibo Section, Puerto Rico.)

## NUMBER ONE HUNDRED THIRTY

### VOLUNTARY MORTGAGE

In Camuy, Puerto Rico on August twenty-four  of one thousand nine hundred seventy-nine.

### BEFORE ME

FRANCISCO J. ARRAIZA DONATE

Attorney and Notary Public of this Island with residence and domicile in Arecibo, Puerto Rico and office in Camuy   Puerto Rico.

### APPEARING

The persons named in the TWELFTH paragraph of this mortgage henceforth referred to as the "mortgage debtor" and whose personal circumstances appear from said paragraph.

I give faith of the personal knowledge of the ones appearing, as well as on the basis of their statements regarding their age, civil status, occupation and domicile.

They assure me of being in the full enjoyment of their civil rights, the free administration of their goods and in my judgment, having  the necessary legal capacity for this execution, and by such virtue, freely:

### STATE

FIRST:    The mortgage debtor is the owner of the property or properties described in the ELEVENTH paragraph as well as  of all the rights and interest in the same, referred to henceforth herein as "the goods".

SECOND:    That the goods mortgaged herein are encumbered to the liens which are specified in the ELEVENTH paragraph.

THIRD:    That the mortgage debtor  has an obligation with regard to the to the United States of America, acting through the Farmers Home Administration, henceforth referred to herein as the "mortgage creditor", with regard to a loan or loans evidenced by one or more promissory notes or  subrogation agreement, henceforth referred to as the "promissory note", whether they are one or more.  It is required by the Government that additional monthly payments be made of one twelfth  of the taxes, assessments (taxes), insurance

-1-

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

Patricia Birkenlag
PATRICIA BRICI...
C.        R...

premiums and other charges which have been estimated with regard to the mortgaged property.

FOURTH:     It is clearly understood that:

(One)  The promissory note evidence of a loan or loans to the mortgage debtor for the sum of the principal, specified in the same, granted, for the purpose and the intention that the mortgage creditor may cede the promissory note at any time and insure its payment in conformity with the Minutes of one thousand nine hundred and sixty-one consolidating the Farmers Home Administration or the Fifth Title of the Housing Act of one thousand nine hundred and forty-nine, pursuant to how it has been amended.

(Two)  When the payment of the promissory note is guaranteed by the mortgage creditor, it may be ceded from time to time and each holder of said promissory note in turn shall be the insured lender.

(Three)  When the payment of the promissory note is insured by the mortgage creditor, the mortgage creditor will grant and hand over to the insured lender together with promissory note an endorsement of insurance totally guaranteeing the payment of the principal and interest of said promissory note.

(Four)  At all times that the payment of the promissory note is insured by the mortgage creditor, the mortgage creditor, through an agreement with the insured lender, shall determine in the insurance endorsement the portion of the payment of interest of the promissory note that shall be designated as "annual charge".

(Five)  A condition of the insuring of the payment of the promissory note shall be that the holder shall cede all of its rights and remedies against the mortgage debtor and any other with regard to said loan as well as with regard to the benefits of this mortgage and accept instead the benefits of the insurance, and in the event of violation of any agreement or stipulation contained herein or in the promissory note or in any supplementary agreement on the part of the mortgage debtor, at the requirement of the mortgage creditor, shall endorse the promissory note to the mortgage creditor.

(Six)    Among other things, it is the purpose and intention of this mortgage, that at all times when the promissory note is in the power of the mortgage creditor, or in the case in which the mortgage creditor cedes this mortgage without insuring the promissory note, this mortgage shall guarantee the payment of the promissory note but when the promissory note

-2-

is in the power of an insured lender, this mortgage will not guarantee the payment of the promissory note or form part of the debt evidenced by the same, but with regard to the promissory note and to said debt, it shall constitute a mortgage of indemnification to guarantee to the mortgage creditor against any loss under the endorsement of insurance due to the cause of any breach on the part of the mortgage debtor.

FIFTH:    That in consideration to the loan and (a) at all times that the promissory note is conserved by the mortgage creditor or in the case that the mortgage creditor cedes the present mortgage without the insurance of the payment of the promissory note and in guarantee of the sum of the promissory note pursuant to how it is specified in sub-paragraph (One) of the NINTH paragraph with its interest at the stipulated rate and to ensure the prompt payment of said promissory note, its renewal or extension and any agreement contained in the same, (b) at all times that the promissory note is held by the insured lender in guarantee for the sums specified in sub-paragraph (Two) of the NINTH paragraph consigned herein, to guarantee the fulfillment of the agreement of the mortgage debtor to indemnify and maintain the mortgage creditor free against losses under the endorsement of insurance due to the breach on the part of the mortgage debtor,  and (c) in any case and at all times in guarantee of the additional sums consigned in sub-paragraph (Three) of the NINTH paragraph of this instrument and to ensure the compliance of each and every one of the agreements and stipulations of the mortgage debtor contained herein or in any other supplementary agreement, the mortgage debtor, by means of the present document, constitutes a voluntary mortgage in favor of the mortgage creditor with regard to the goods described in the ELEVENTH paragraph further on, as well as over the rights, interest, rights of way, hereditary rights, accessions belonging to the same, any rental fees, credits, benefits from the same and all product and income from the same, any personal improvement or property in the present or which in the future is added  or which is reasonably necessary for the use of the same, with regard to the waters, the water rights or shares in the same, belonging to the properties or to all payments which at any time are owed to the mortgage debtor by virtue of the sale, lease, transfer, alienation or total or partial expropriation of or due to damages to any part of the same or to the interest in them, it being understood that this lien shall be in full effect until the amounts specified in the NINTH paragraph with their interest, before and after the due date, until the same have been paid off in their entirety.  In the event of foreclosure, the goods shall answer for the payment of the principal, the interest before and after the due date, until they have been totally

-3-

paid off, loss suffered by the mortgage creditor as insurer for the promissory note, taxes, insurance premium or any other outlay or advance payment on the part of the mortgage creditor to the account of the mortgage debtor with its interest until they have paid the mortgage creditor the costs, expenses and attorney's fees of the mortgage creditor. Any extension or renewal of said obligations with interest on each and every other charge or additional sum specified in the NINTH paragraph of this document.

SIXTH:  The mortgage debtor expressly agrees to the following:

(One)  Pay the mortgage creditor promptly upon its maturity any debt guaranteed herein and indemnify and maintain free from loss the mortgage creditor under the insurance for the payment of the promissory note due to the lack of compliance on the part of the mortgage debtor. At all times when the promissory note is held by the insured lender, the mortgage debtor shall continue making the payments against said promissory note to the mortgage creditor as collection agent for the holder of the same.

(Two)    To pay the mortgage creditor an initial fee for inspection and appraisal and any charge for arrears required in the present or in the future by the regulations of the Farmers Home Administration.

(Three)    At all times when the promissory note is held by an insured lender, any sum owed and unpaid under the terms of the promissory note, minus the annual amount or charge, may be paid by the mortgage creditor to the holder of the promissory note under the terms provided in the promissory note and in the insurance endorsement referred to in the preceding FOURTH paragraph to the account of the mortgage debtor.

Any sum due and unpaid under the terms of the promissory note, whether this is held by the mortgage creditor or by the insured lender, may be credited by the mortgage creditor toward the promissory note and as a result shall constitute an advance payment on the part of the mortgage creditor to the account of the mortgage debtor.

Any advance on the part of the mortgage creditor such as it is described in this sub-paragraph shall accrue interest at the rate of nine percent (9%) annually from the date when the payment was due until the date when the mortgage debtor so satisfies it.

(Four):   Whether the promissory note was insured by the mortgage creditor or not,

-4-

any or all advance payments made by the mortgage creditor for the insurance premium, repairs, encumbrances or other claims in the protection of the mortgaged goods or for taxes or other similar expenses due to the fact that the mortgage debtor had stopped paying the same, shall accrue interest at the rate of the type stipulated in the previous sub-paragraph from the date of said advance payments until the same have been satisfied by the mortgage debtor.

(Five)  Any advance payment made by the mortgage creditor described in this mortgage with its interest shall be due immediately and shall be payable by the mortgage debtor to the mortgage creditor without the need for any requirement whatsoever at the place designated in the promissory note and shall be guaranteed by means of the present mortgage.  No advance payment made by the mortgage creditor shall release the mortgage debtor from its violation of the agreement to pay.  Said advance payments, with their interest shall be reimbursed from the first payments received from mortgage debtor.  If there were no advance payments, any payment verified by the mortgage debtor may be applied toward the promissory note or toward any other debt of the mortgage debtor guaranteed  herein in the order in which it were to be determined by the mortgage creditor.

(Six)   Use the sum of the  loan evidenced  by the promissory note solely for the purpose authorized by the mortgage creditor.

(Seven)   To pay upon their maturity the taxes, special taxes, liens and charges which encumber the goods or the rights or interest of the mortgage debtor under the terms of this mortgage.

(Eight)   Obtain and maintain insurance against fire and other risks as required from the mortgage creditor with regard to the existing buildings and the improvements on the goods or any other improvement introduced in the future. The insurance against fire and other risks shall be in the form and for the amounts, terms and conditions approved by the mortgage creditor.

(Nine)  Conserve the goods in good conditions and promptly verify the necessary repairs for the conservation of the goods;  shall not commit nor allow the commission of any deterioration of the goods;  neither shall remove nor demolish any building or improvement in the goods, neither shall cut or remove wood from the farm, neither shall remove nor allow the removal of gravel, sand, oil, gas, charcoal or other minerals without the consent of the mortgage creditor and shall promptly carry out the repairs on the goods that

-5-

the mortgage creditor requires from time to time.  The mortgage debtor shall comply with those practices for the conservation of soil and the plans of the property and of the home which the mortgage creditor may prescribe from time to time.

(Ten)  If this mortgage is granted for a loan to a property owner pursuant to how it is identified in the regulations of the Farmers Home Administration, the mortgage debtor personally shall operate the goods by themselves and by means of his family as a farm and for no other purpose and shall not lease the farm or part of it unless the mortgage creditor consents to it in writing in another method of operation or to the lease.

(Eleven)    Shall submit in the manner and form in which the mortgage creditor requires the information regarding his income and expenses and any other information related to the operation of the goods and shall comply with all the laws, ordinances and regulations affecting the goods or their use.

(Twelve)   The mortgage creditor, his agents and attorneys, shall at all times have the right to inspect and examine the goods for the purpose of determining whether the  guaranty granted is being undermined or deteriorated, and if said examination or inspection were to determine, in the judgment of the mortgage creditor, that the guarantee granted is being undermined or deteriorated, such condition shall be considered as a violation on the part of the mortgage debtor of the agreements of this mortgage.

(Thirteen)   If any other person were to illegally keep or challenge the right of possession  of the mortgage debtor with regard to the goods, the mortgage debtor shall immediately  notify the mortgage creditor of said action and the mortgage creditor, at his option, may institute those procedures that were necessary in defense of his interest and the expenses and outlays incurred in by the mortgage creditor in said proceedings, shall be charged to the debt of the mortgage debtor and shall be considered guaranteed by this mortgage within the additional credit of the mortgage clause for advance payments, expenses and other payments.

(Fourteen)   If the mortgage debtor, at any time while this mortgage is in effect, were to abandon the goods or voluntarily hand them over to the mortgage creditor, the mortgage creditor is, by means of the present document authorized  and  with powers to take possession of the goods, lease them  and administrate the goods and collect their rental fees, benefits and income of the same

-6-

and apply them in the first term to the expenses for collection and administration and in second term to the payment of the debt evidenced by the promissory note or any other debt of the mortgage debtor and guaranteed herein, in the order and manner in which it were to be determined by the mortgage creditor.

(Fifteen)   At any time that the mortgage creditor were to determine that the mortgage debtor could obtain a loan from a credit association for production, from a Federal Bank or other reliable source, cooperative or private, at a reasonable rate of interest and terms for loans for similar time and purposes, the mortgage debtor, at the request of the mortgage creditor, shall request and accept said loan in sufficient amount to satisfy the promissory note and any other debt guaranteed herein and pay for the necessary shares at the cooperative agency with regard to said loan.

(Sixteen)   The lack of fulfillment of any of the obligations guaranteed by this mortgage, or if the mortgage debtor or any other person included as mortgage debtor were to default in the payment of any amount or violate or not comply with any clause, condition, stipulation or covenant or agreement contained herein, or in any supplementary covenant, or were to die or declared himself or were to be declared incompetent, in bankruptcy, insolvent or were to make a cession to the benefit of his creditors, or the goods or part of them or any interest in the same were to be ceded, sold, leased, transferred or encumbered, voluntarily or in another manner, without the written consent on the part of the mortgage creditor, the mortgage creditor is irrevocably authorized and empowered, at his option and without notice:  (One) to declare any unpaid debt under the terms of the promissory note or any other debt to the mortgage creditor guaranteed herein, immediately due and payable and proceed to its foreclosure in agreement to the law and the terms of the same;  (Two) incur and pay the reasonable expenses for the repair or maintenance of the goods and any expense or obligation which the mortgage debtor did not pay pursuant to how it was agreed upon in this mortgage, including the taxes, insurance premium and any other payment or expense for the protection and conservation of the goods and of this mortgage or lack of compliance of any precept of this mortgage and (Three) to request the protection of the law.

(Seventeen)   The mortgage debtor shall pay or reimburse the mortgage creditor all the necessary expenses for the faithful compliance of the covenants and agreements of this mortgage, those of the promissory note and in any other

-7-

supplementary agreement, including the expenses for surveying, evidence of title, costs, registration and attorney's fees.

(Eighteen)    Without affecting in any way whatsoever the rights of the mortgage creditor to request and enforce compliance on any later date the covenants, agreements or obligations contained herein or similar ones or other covenants and without affecting the liability of any person for the payment of the promissory note or any other debt guaranteed herein and without affecting the lien imposed on the goods or the priority of the lien, the mortgage creditor is, by means of the present document, authorized and empowered at any time (One)  to waive the compliance of any agreement or obligation contained herein or in the promissory note or in any supplementary covenant; (Two)  negotiate with the mortgage debtor or grant to the mortgage debtor any indulgence or tolerance or extension of time for the payment of the promissory note (with the consent of the holder of said promissory note when it is in the  hands  of an insured lender) or for the payment of any debt in favor of the mortgage creditor, and  guaranteed herein;  or (Three)  grant and deliver partial cancellations of any part of the goods of the mortgage constituted herein or grant deferment or postponement of this mortgage in favor of any other lien constituted over said goods.

(Nineteen)    All the rights, title and interest in and on the present mortgage, including but not limiting  the power to execute consents, partial cancellations, subordination, total cancellation, lies solely and exclusively on the mortgage creditor and no insured lender shall have any right, title or interest whatsoever in or with regard to the lien and the benefits contained herein.

(Twenty)   The breach this mortgage shall  constitute default of any other mortgage, farm loan, or mortgage for movable goods owned or insured by the mortgage creditor and granted or assumed by the mortgage debtor;  and the default of any of said instruments of guaranty shall constitute default of this mortgage.

(Twenty-one)  Any notice that may be have to be given under the terms of this mortgage shall be forwarded by certified mail unless the contrary is ordered by law, and it shall  be directed until another address is designated in a notice given to that effect, in the case of the mortgage creditor to the Farmers Home Administration, the United States Department of Agriculture, San Juan, Puerto Rico, and in the case of the mortgage debtor, to him at the postal address

-8-

of his residence pursuant to how it is specified further on.

(Twenty-two)    By means of the present document, the mortgage debtor cedes to the mortgage creditor the sum of any judgment obtained by condemnation under sovereign right of eminent domain for public use of the goods or part of them as well as  the sum of the judgment for damages caused to the goods.  The mortgage creditor shall apply the sum that he receives  to the payment of the expenses in which it incurred in its collection and the balance to the payment of the promissory note and any debt to the mortgage creditor guaranteed by this mortgage, and if there were any surplus left, it shall be reimbursed to the mortgage debtor.

SEVENTH:    So that it will serve as rate for the first auction that must be held in the event of foreclosure of this mortgage, in conformity to the mortgage law, as amended, the mortgage debtor, by means of the present document, appraises the mortgaged goods in the sum of ONE HUNDRED THREE THOUSAND THREE HUNDRED  DOLLARS ($103,300.00).

EIGHTH:    The mortgage debtor, by means of the present document, waives the requirement endeavor and shall be considered in default without the need of any notice whatsoever on the part of the mortgage creditor. This mortgage is subject to the regulations of the Farmers Home Administration  now in effect and to future regulations, not inconsistent with the terms of this mortgage, as well as also subject to the laws of the Congress of the United States of America which authorize the assignment and the insuring of the aforementioned loan.

NINTH:   The amounts guaranteed by this mortgage are the following:

One. At all times when the promissory note mentioned in the THIRD paragraph of this mortgage is held by the mortgage creditor or in the event that the mortgage creditor were to cede this mortgage without ensuring the promissory note: CU, I say, ONE HUNDRED THREE THOUSAND THREE HUNDRED  DOLLARS ($103,300.00) the principal of said promissory note, with its  interest  as  they  have  been  stipulated at the  rate  of nine percent ( 9%) annually;

Two. At all times when the promissory note is held  by an Insured lender:

(A)    ONE HUNDRED AND THREE THOUSAND THREE HUNDRED

DOLLARS ($103,300.00)

to indemnify the mortgage creditor for advances to the lender insured due to the lack of compliance of the mortgage debtor of paying the installments as is specified in the promissory note, with interest as specified in the SIXTH paragraph, Third:

(B)   ONE HUNDRED FIFTY-FOUR  THOUSAND NINE HUNDRED AND FIFTY

DOLLARS ($154,950.00)

to indemnify the mortgage creditor against any loss that it may suffer under his insurance for the payment of the promissory note;

Three.   In any case and at all times:

(A)   FORTY-ONE THOUSAND THREE  HUNDRED AND TWENTY

DOLLARS ($41,320.00)

for interest after the arrears;

(B)   TWENTY THOUSAND SIX HUNDRED AND SIXTY

DOLLARS ($20,660.00)

for taxes, social security and other prepayments for the conservation of this mortgage, with interest at the rate stipulated in the SIXTH paragraph,  Third;

DOLLARS ($10,330.00)

(C)   TEN THOUSAND THREE  HUNDRED AND THIRTY

for costs, expenses and attorney's fees in case of foreclosure;

DOLLARS ($10,330.00)

(D)   TEN THOUSAND THREE  HUNDRED THIRTY

for costs and expenses incurred in by the mortgage creditor in proceedings to defend its interest against any person who intervenes or challenges the right of possession of the mortgage debtor to the goods as they are consigned in the SIXTH paragraph, Thirteen.

TENTH:   That the promissory note or notes to which reference is made in the THIRD paragraph of this mortgage is or are described as follows:

"Promissory note executed in case number   sixty-three dash twenty-nine dash five eight zero seven eight four nine two nine (63-29-580784929), dated August twenty-four (24)  of   one thousand nine hundred seventy-nine,

-10-

for the sum of ONE HUNDRED THREE THOUSAND THREE HUNDRED dollars of principal plus interest on the balance of the principal owed at the rate of nine (9%) percent annually, until its principal has been totally satisfied pursuant to the terms, installments, conditions and stipulations contained in said promissory note and pursuant to how they have been agreed upon and convened between the Borrower and the Government; except the final payment of the total of the debt represented herein, if it has not been previously satisfied, shall be due and payable within FORTY years from the date of this promissory note.

Said promissory note has been executed as evidence of a loan granted by the government to the borrower in conformity with the Law from the United States of America Congress entitled Consolidated Farm and Rural Development Act of 1961 or in conformity with Title V of the Housing Act of 1949, pursuant to how they have been amended and is subject to the present regulations of the Farmers Home Administration and the future Regulations which are not inconsistent with said Law. Of which description, I the Authorizing Notary, GIVE FAITH.

ELEVENTH:   That the property object of the present deed and over which the Voluntary Mortgage is constituted, is described as follows:

(Handwritten note on the left-hand margin next to the following description: back side of Page 71, Book 178 Hatillo, Property #9335, Second Registration.)

A)   URBAN:   Lot marked with the number five of block E of the registration plan of the San Ramón Extension Residential Development located in the Pueblo Ward, of the Municipality of Hatillo, with a superficial area of FOUR HUNDRED NINETY-TWO POINT EIGHTY-FIVE SQUARE METERS. Abutting on the North, at thirteen point forty meters with street number ten; on the South, at thirteen point v, I say, forty-eight meters with state road number two hundred nineteen; on the East, at thirty-seven point fifty meters with lot number six of block E and on the West, at twenty-six meters with lot number four of block E. There is located on it a structure dedicated to dwelling built out of reinforced concrete and reinforced concrete blocks. Registered on page seventy of book one hundred seventy-eight, of Hatillo, property number nine thousand three hundred thirty-five.

(Handwritten note on the left-hand margin next to the following description: Page 126, Book 106 (illegible), Property #2420, 19th. Registration.)

RURAL:   Located in the Bayaney Ward of Hatillo, comprised of ONE HUNDRED FORTY-ONE POINT FOUR HUNDRED THIRTY-FIVE , I say, FIVE "CUERDAS" (141.435) equivalent to fifty-four hectares, sixty-nine ares, four centiares and sixty-one milliares. Abutting on the North with the Estate of Ildelfonso Villanueva; South, Francisco Micheo and a creek; East, Francisco Micheo and to the West, bed of the Lajas Creek of the Camuy River. Registered on page one hundred ninety of book fifty-seven of Hatillo, property number two thousand four hundred twenty.

That the aforementioned area of the property previously described has been established taking into consideration

11

a segregation of FIVE POINT FIFTY "CUERDAS" which has gone on to become property number seven thousand nine hundred fifty-three registered on Page VI, I say, twenty of book one hundred fifty-four of Hatillo. That in addition to the five and a half "cuerdas" indicated previously, segregated from the property described in the PRIM fact, I say, ELEVENTH one of this written document, clause B, the following segregations have been carried out. A segregation of fifty-five "cuerdas" which has gone on to become property number nine thousand four hundred ninety-six registered on page two hundred ninety-five of book one hundred eighty of Hatillo; one of ten point zero one hundred fourteen "cuerdas" (10.0114), which segregation was carried out by means of deed number thirty-one executed in Arecibo, Puerto Rico, on the sixteenth day of June of one thousand nine hundred seventy-five before Notary Public Manlio Arraiza Donate, presented for registration to entry three hundred twenty-six daily record book five hundred fifty-seven; that in addition to that, there arises from the Property Registry a segregation of one point four thousand three hundred seventy-nine "cuerdas" (1.4339) which has gone on to become property number eight thousand one hundred seventy-two registered on page five of book one hundred fifty-eight -----------------------------------------------------------------

-----------------------------------------------------------------

-----------------------------------------------------------------

-----------------------------------------------------------------

-----------------------------------------------------------------

of Hatillo, which segregation appears to be that of the property described in the FIRST preceding fact when in reality it was segregated from property number three thousand five hundred fifty-eight, registered on page two hundred twenty-two of book eighty-six of Hatillo, a situation which appears clarifying by means of deed number thirty-three executed in Arecibo, Puerto Rico on the thirty-first day of July of one thousand nine hundred seventy-nine by Notary Public Manlio Arraiza Donate, which deed is presented for registration to entry four hundred ninety of the daily record book five hundred fifty-seven and which is due pending registration.   In addition, there arises from the Registry another segregation of TWENTY "CUERDAS" which has gone on to become property number nine thousand four hundred thirty-five registered on page two hundred eighty of book one hundred seventy-nine of Hatillo.

That although the remainder of the property described in the eleventh fact of this deed has not been described, clause B, the corresponding segregations have been deducted at the Property Registry. ------------------------------------------------------------------

-----------------------------------------------------------------------------------

-----------------------------------------------------------------------------------

-----------------------------------------------------------------------------------

-----------------------------------------------------------------------

The borrower acquired the property described through purchase from Fortunato Rivera and Margarita Correa, as is stated by Deed Number THIRTY-SEVEN, of this same date, executed in the city of Arecibo before Notary Manlio Arraiza Donate.

Said property is the one described under the letter A encumbered by mortgage in favor of the United States of America for the sum of THIRTY THOUSAND DOLLARS and the others free of charges and encumbrances.

TWELFTH: That there appear as mortgage debtors in the present deed: Armando Santos Negrón and Nydia Rivera, of legal age, married to each other, property owners and residents of Hatillo, Puerto Rico whose postage address is Box two hundred twenty-four, Hatillo, Puerto Rico.

THIRTEENTH: The sum of the loan consigned herein was used or shall used for agricultural purposes and the construction and/or repair and/or improvements of the physical installations of the property described.

FOURTEENTH: The borrowers shall personally occupy and use any structure that may have been built, improved or purchased with the sum of the loan guaranteed herein and shall not lease or use for other purposes said structure unless the Government consents to it in writing. The violation of this clause like the violation of any other agreement or clause contained herein shall bring about the maturity of the obligation as if the entire term had elapsed and in attitude the Government were to declare the loan due or payable and proceed to the foreclosure of the mortgage.

FIFTEENTH: This mortgage is expressly extended to any existing construction or building on the property or properties described above

12

and to any improvement, construction or building which is built on said property during the effective period of the mortgage loan constituted in favor of the Government, verified by the present debtor owners or by their cessionnaires or assigns.

SIXTEENTH:    By means of the present document, the Mortgage Debtors,  waive, severally and jointly  by themselves and in the name of his heirs, successors, assigns or representatives, in favor of the creditor  (Farmers Home Administration), any Homestead right which in the present or in the future he could have in the property described in the eleventh paragraph and in the buildings located therein or which were to be built in the future; this is allowed in favor of the Farmers Home Administration by Act Number thirteen (13) of May twenty-eight (28) of one thousand nine hundred sixty-nine (1969) (31 L.P.R.A. 1851).

SEVENTEENTH:    The creditor and the mortgage debtor agree that any stove, oven, heater purchased or financed entirely or partially responds from the loan guaranteed herein, shall be considered and construed as part of the property encumbered by this Mortgage.

EIGHTEENTH:      In like manner, this document guarantees the rescue or recovery of any credit or interest or subsidy which  may  be  granted  to  the  borrowers by the Government in accordance to the provisions of Title Forty-two  of the United States Code, section One Thousand Four Hundred Ninety Dash "A", (42 U.S.C. 1490-A).

NINETEENTH:      The due, I say, mortgage debtors state  that since they are dealing with a  loan for agricultural purposes, they have agreed to not distribute the liability among the encumbered properties encumbered and therefore, all of them shall answer,  severally and jointly

13

for the debt, principal, interest, costs and other credits guaranteed by this deed, all of it in conformity to Article one hundred nineteen of the Mortgage Act pursuant to how the same ha, I say, has been amended by Act Number seventy-nine of June twenty-five of one thousand nine hundred sixty-nine.

## ACCEPTANCE AND WARNINGS

I, the Notary, stated the relevant legal warnings and read this deed to the grantors through a waiver which they did of the right to read it by themselves, which I warned them they had, they accept it in the manner in which it is drafted and they sign it with, I say, with me, in addition to having the grantors place their initials on each and every one of the pages of this deed. And of my personal knowledge regarding the grantors and on the basis of their statements regarding their personal circumstances and domicile and that the corresponding Internal Revenue stamps and those of the Notarial Fee have been properly attached and cancelled and about everything else consigned in this public instrument, I, the Authorizing Notary, GIVE FAITH.

SIGNED:    Armando Santos Negrón. Nydia Rivera.

Signed, stamped, paraphed and with the Notary's mark put on it., Francisco J. Arraiza Donate.

Stamped note:

This is the first certified copy, faithful and exact of its original which appears in my protocol of public instruments of (illegible) of the year in course (illegible) corresponding Internal Revenue stamps and (illegible) the present (illegible) on same date as that of its execution and I leave a note of its removal on the main original document. I GIVE FAITH.

(signed) Francisco J. Arraiza Donate

(Note: all the pages are stamped with the seal of Francisco J. Arraiza Donate, Attorney, Notary, Island of Puerto Rico.)

(Note: all the pages are stamped with the seal of the Property Registry, Arecibo Section, Puerto Rico.)

(There is stamp from the Puerto Rico Bar Association in the amount of $1.00)

Handwritten note:

This document has been registered where indicated by the notes placed on each one of the descriptions

of the properties.   Property "A"  is encumbered by  restrictive conditions of use, by three  rights of way in

favor of  the Aqueducts and Sewers Authority of Puerto Rico; Pluvial Sources Authority of Puerto Rico; and

Puerto Rico Telephone Company, and to a mortgage for $30,000.00 in favor of the U.S.A.

Property "B" is:

1)      Encumbered by a lease and sub-lease in favor of Franco Hernández Vargas, Arecibo, on November

20, 1979.

(signed-illegible)

Registrar

Administrative Office of the
United States Courts
**CERTIFIED TRANSLATION**
I certify that the foregoing is a true and
faithful translation of its original.
*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter/Translator

Without fees

2/11/79

The preceding note for "B" is expanded to state that the registration was carried out limited to the area that

the property turns out to have in the Registry.

Arecibo, on November 20, 1979.

(signed-illegible)

Registrar

(Note: this page is stamped with the seal of the Property Registry, Arecibo Section, Puerto Rico.)

Forma FmHA 427-1 PR
10/77

------------------------------NUMERO CIENTA TREINTA------------

------------------------HIPOTECA VOLUNTARIA-------------------

En Camuy, Puerto Rico a veinticuatro de agosto de—
mil novecientos setentinueve.----------------------

----------------------------ANTE MI------------------------

-----------------------FRANCISCO J. ARRAIZA DONATE-----------

Abogado y Notario Público de esta Isla con residencia y vecindad en
Arecibo, Puerto Rico---- y oficina en Camuy, Puerto Rico.

----------------------------COMPARECEN ---------------------

Las personas nombradas en el párrafo DUODECIMO de esta hipoteca
denominados de aquí en adelante el "deudor hipotecario" y cuyas
circunstancias personales aparecen de dicho párrafo.------------

Doy fe del conocimiento personal de los comparecientes, así como por sus
dichos de su edad, estado civil, profesión y vecindad.-----------

Aseguran hallarse en el pleno goce de sus derechos civiles, la libre
administración de sus bienes y teniendo a mi juicio la capacidad legal
necesaria para este otorgamiento, y en tal virtud libromente:-

----------------------------EXPONEN -------------------------

PRIMERO: El deudor hipotecario es dueño de la finca o fincas descritas en
el párrafo UNDECIMO así como de todos los derechos e intereses en las
mismas, denominada de aquí en adelante "los bienes". --------

SEGUNDO: Que los bienes aquí hipotecados están   afectos   a los
gravámenes que se especifican en el párrafo UNDECIMO.-----------

TERCERO: Que el deudor hipotecario viene obligado para con Estados
Unidos de América, actuando por conducto de la Administración de Hogares
de Agricultores, denominado de aquí en adelante el "acreedor hipotecario",
en relación con un préstamo o préstamos evidenciado por uno o más pagarés
o convenio de subrogación, denominado en adelante el "pagaré" sean uno o
más  Se requiere por el Gobierno que se hagan pagos adicionales mensuales
de una doceava parte de las contribuciones, avalúos (impuestos), primas de

1

34

Forma FmHA-427-1 PR
10/77

seguros y otros cargos que se hayan estimados sobre la propiedad hipotecaria. ———————————————————————

CUARTO: Se sobreentiende que: ——————————————————

(Uno) El pagaré evidencia un préstamo o préstamos al deudor hipotecario por la suma de principal especificada en el mismo, concedido, con el propósito y la intención de que el acreedor hipotecario puede ceder el pagaré en cualquier tiempo y asegurar su pago de conformidad con el Acta de mil novecientos sesenta y uno consolidando la Administración de Hogares de Agricultores o el Título Quinto de la Ley de Hogares de mil novecientos cuarenta y nueve, según ha sido enmendada. ———————————

(Dos) Cuando el pago del pagaré es garantizado por el acreedor hipotecario, puede ser cedido de tiempo en tiempo y cada tenedor de dicho pagaré a su vez será el prestamista asegurado. ——————————————

(Tres) Cuando el pago del pagaré es asegurado por el acreedor hipotecario, el acreedor hipotecario otorgará y entregará al prestamista asegurado conjuntamente con el pagaré un endoso de seguro garantizando totalmente el pago de principal e intereses de dicho pagaré. —————————

(Cuatro) En todo tiempo que el pago del pagaré esté asegurado por el acreedor hipotecario, el acreedor hipotecario, por convenio con el prestamista asegurado, determinarán en el endoso de seguro la porción del pago de intereses del pagaré que será designada como "cargo anual". ———————

(Cinco) Una condición del aseguramiento de pago del pagaré será de que el tenedor cederá todos sus derechos y remedios contra el deudor hipotecario y cualquiera otro en relación con dicho préstamo así como también a los beneficios de esta hipoteca y aceptará en su lugar los beneficios del seguro, y en caso de violación de cualquier convenio o estipulación aquí contenida o en el pagaré o en cualquier convenio suplementario por parte del deudor hipotecario, a requerimiento del acreedor hipotecario endosará el pagaré al acreedor hipotecario. ———————————————————

(Seis)  Entre otras cosas, es el propósito e intención de esta hipoteca, que en todo tiempo cuando el pagaré esté en poder del acreedor hipotecario, o en el caso en que el acreedor hipotecario ceda esta hipoteca sin asegurar el pagaré, esta hipoteca garantizará el pago del pagaré pero cuando el pagaré



Forma FmHA-427-1 PR
10/77

esté en poder de un prestamista asegurado, esta hipoteca no garantizará el pago del pagaré o formara parte de la deuda evidenciada por el mismo, pero en cuanto al pagaré y a dicha deuda, constituirá una hipoteca de indemnización para garantizar al acreedor hipotecario contra cualquier perdida bajo el endoso de seguro por causa de cualquier incumplimiento por parte del deudor hipotecario. ————————————————————————

QUINTO: Que en consideración al préstamo y (a) en todo tiempo que el pagaré sea conservado por el acreedor hipotecario o en el caso de que el acreedor hipotecario ceda la presente hipoteca sin el seguro de pago del pagaré y en garantía del importe del pagaré según se especifica en el subpárrafo (Uno) del párrafo NOVENO con sus intereses al tipo estipulado y para asegurar el pronto pago de dicho pagaré, su renovación o extensión y cualquier convenio contenido en el mismo, (b) en todo tiempo que el pagaré sea poseído por el prestamista asegurado en garantía de las sumas especificadas en el subpárrafo (Dos) del párrafo NOVENO aquí consignado, para garantizar el cumplimiento del convenio del deudor hipotecario de indemnizar y conservar libre al acreedor hipotecario contra pérdidas bajo el endoso de seguro por razón de incumplimiento del deudor hipotecario y (c) en cualquier caso y en todo tiempo en garantía de las sumas adicionales consignadas en el subpárrafo (Tres) del párrafo NOVENO de este instrumento y para asegurar el cumplimiento de todos y cada uno de los convenios y estipulaciones del deudor hipotecario aquí contenidos o en cualquier otro convenio suplementario, el deudor hipotecario por la presente constituye hipoteca voluntaria a favor del acreedor hipotecario sobre los bienes descritos en la párrafa UNDECIMO más adelante, así como sobre los derechos, intereses, servidumbres, derechos hereditarios, adhesiones pertenecientes a los mismos, toda renta, créditos, beneficios de los mismos, y todo producto e ingreso de los mismos, en la mejora o propiedad personal en el presente o que en el futuro se adhiera o que sean razonablemente necesarias para el uso de los mismos, sobre las aguas, los derechos de agua o acciones en los mismos, pertenecientes a las fincas o a todo pago que en cualquier tiempo se adeude al deudor hipotecario por virtud de la venta, arrendamiento, transferencia, enajenación o expropiación total o parcial de o por daños a cualquier parte de las mismas o a los intereses sobre ellas, siendo entendido que este gravámen quedará en toda su fuerza y vigor hasta que las cantidades especificadas en el párrafo NOVENO con sus intereses antes y después del vencimiento hasta que los mismos hayan sido pagados en su totalidad. En caso de ejecución, los bienes responderán del pago del principal, los intereses antes y después de vencimiento, hasta su total



FORMA FmHA-427-1 PR

36

Forma FmHA-427-1 PR
10/77

solvento, pérdida sufrida por el acreedor hipotecario como asegurador del pagaré, contribuciones, prima de seguro o cualquier otro desembolso o adelanto por el acreedor hipotecario por cuenta del deudor hipotecario con sus intereses hasta que sean pagados al acreedor hipotecario, costas, gastos y honorarios de abogado del acreedor hipotecario, toda extensión o renovación de dichas obligaciones con intereses sobre todas y todo otro cargo o suma adicional especificada en el párrafo NOVENO de este documento, —————

SEXTO: El deudor hipotecario expresamente conviene lo siguiente:—————

(Uno) **Pagar** al acreedor hipotecario prontamente a su vencimiento cualquier deuda aquí garantizada e indemnizar y conservar libre de pérdida al acreedor hipotecario bajo el seguro del pago del pagaré por incumplimiento del deudor hipotecario. En todo tiempo cuando el pagaré sea poseído por el prestamista asegurado, el deudor hipotecario continuará haciendo los pagos contra dicho pagaré al acreedor hipotecario como agente cobrador del tenedor del mismo. —————————————————————

(Dos) A pagar al acreedor hipotecario una cuota inicial por inspección y tasación y cualquier cargo por delincuencia requerido en el presente o en el futuro por los reglamentos de la Administración de Hogares de Agricultores.

(Tres) En todo tiempo cuando el pagaré sea poseído por un prestamista asegurado, cualquier suma adeudada y no pagada bajo los términos del pagaré, menos la cantidad o carga anual, podrá ser pagada por el acreedor hipotecario al tenedor del pagaré bajo los términos provistos en el pagaré y en el endoso de seguro referido en el párrafo CUARTO anterior por cuenta del deudor hipotecario. —————————————————

Cualquier suma vencida y no pagada bajo los términos del pagaré, sea éste poseído por el acreedor hipotecario o por el prestamista asegurado, podrá ser acreditada por el acreedor hipotecario al pagaré y en su consecuencia constituirá un adelanto por el acreedor hipotecario por cuenta del deudor hipotecario.———————————————————————

Cualquier adelanto por el acreedor hipotecario tal como se describe en este subpárrafo devengará intereses a razón del NUEVE————————— por ciento ( 9 %) anual a partir de la fecha en que venció el pago hasta la fecha en que el deudor hipotecario lo satisfaga ———————————
(Cuatro) Fuere o no el pagaré asegurado por el acreedor hipotecario,



—4—

Forma FmHA-427-1 PR
10/77

cualquier o todo adelanto hecho por el acreedor hipotecario para prima de seguro, reparaciones, gravámenes u otra reclamación en protección de los bienes hipotecados o para contribuciones o impuestos u otro gasto similar por razón de haber el deudor hipotecario dejado de pagar por los mismos, devengará intereses a razón del tipo estipulado en el subpárrafo anterior desde la fecha de dichos adelantos hasta que los mismos sean satisfechos por el deudor hipotecario. ------------------------------

(Cinco) Todo adelanto hecho por el acreedor hipotecario descrito en esta hipoteca con sus intereses vencerá inmediatamente y será pagadero por el deudor hipotecario al acreedor hipotecario sin necesidad de requerimiento alguno en el sitio designado en el pagaré y será garantizado por la presente hipoteca. Ningún adelanto hecho por el acreedor hipotecario no relevará al deudor hipotecario de su violación del convenio de pagar. Dichos adelantos, con sus intereses, se reembolsarán de los primeros pagos recibidos del deudor hipotecario. Si no hubieren adelantos, todo pago verificado por el deudor hipotecario podrá ser aplicado al pagaré o a cualquier otra deuda del deudor hipotecario aquí garantizada en el orden que el acreedor hipotecario determinare. ------------------------------

(Seis) Usar el importe del préstamo evidenciado por el pagaré únicamente para los propósitos autorizados por el acreedor hipotecario. ------------

(Siete) A pagar a su vencimiento las contribuciones, impuestos especiales, gravámenes y cargas que graven los bienes o los derechos o intereses del deudor hipotecario bajo los términos de esta hipoteca. ------------

(Ocho) Obtener y mantener seguro contra incendio y otros riesgos según requiera el acreedor hipotecario sobre los edificios y las mejoras existentes en los bienes o cualquier otra mejora introducida en el futuro. El seguro contra fuego y otros riesgos serán en la forma y por las cantidades, términos y condiciones que aprobare el acreedor hipotecario. ------------

(Nueve) Conservar los bienes en buenas condiciones y prontamente verificar las reparaciones necesarias para la conservación de los bienes; no cometerá ni permitirá que se cometa ningún deterioro de los bienes; ni removerá ni demolerá ningún edificio o mejora en los bienes, ni cortará ni removerá madera de la finca, ni removerá ni permitirá que se remueva grava, arena, aceite, gas, carbón u otros minerales sin el consentimiento del acreedor hipotecario y prontamente llevará a efecto las reparaciones en los bienes que



–5–

Forma FmHA-427-1 PR
10/77

el acreedor hipotecario requiera de tiempo en tiempo. El deudor hipotecario cumplirá con aquellas prácticas de conservación de suelo y los planes de la finca y del hogar que el acreedor hipotecario de tiempo en tiempo pueda prescribir. ————————————————————————————

(Diez) Si esta hipoteca se otorga para un préstamo a dueño de finca según se identifica en los reglamentos de la Administración de Hogares de Agricultores, el deudor hipotecario personalmente operará los bienes por sí y por medio de su familia como una finca y para ningún otro propósito y no arrendará la finca ni parte de ella a menos que el acreedor hipotecario consienta por escrito en otro método de operación o al arrendamiento. ———

(Once) Someterá en la forma y manera que el acreedor hipotecario requiera la información de sus ingresos y gastos y cualquier otra información relacionada con la operación de los bienes y cumplirá con todas las leyes, ordenanzas y reglamentos que afecten los bienes o su uso. ————————

(Doce) El acreedor hipotecario, sus agentes y abogados, tendrán en todo tiempo el derecho de inspeccionar y examinar los bienes con el fin de determinar si la garantía otorgada está siendo mermada o deteriorada, y si dicho examen o inspección determinare, a juicio del acreedor hipotecario, que la garantía otorgada está siendo mermada o deteriorada, tal condición se considerará como una violación por parte del deudor hipotecario de los convenios de esta hipoteca. ——————————————————————

(Trece) Si cualquier otra persona detentare con o impugnare el derecho de posesión del deudor hipotecario a los bienes, el deudor hipotecario inmediatamente notificará al acreedor hipotecario de dicha acción y el acreedor hipotecario, a su opción, podrá instituir aquellos procedimientos que fueren necesarios en defensa de sus intereses y los gastos y desembolsos incurrido por el acreedor hipotecario en dichos procedimientos, serán cargados a la deuda del deudor hipotecario y se considerarán garantizados por esta hipoteca dentro del crédito adicional de la cláusula hipotecaria para adelantos, gastos y otros pagos. ——————————————————

(Catorce) Si el deudor hipotecario en cualquier tiempo mientras estuviere vigente esta hipoteca, abandonare los bienes o voluntariamente se los entregase al acreedor hipotecario, el acreedor hipotecario es por la presente autorizado y con poderes para tomar posesión de los bienes, arrendarlos y administrar los bienes y cobrar sus rentas, beneficios e ingresos de los mismos



—6—

FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

y aplicarlos en primer término a los gastos de cobro y administración y en segundo término al pago de la deuda evidenciada por el pagaré o cualquier otra deuda del deudor hipotecario y aquí garantizada, en el orden y manera que el acreedor hipotecario determinare. ————————————————

(Quince) En cualquier tiempo que el acreedor hipotecario determinare que el deudor hipotecario puede obtener un préstamo de una asociación de crédito para producción, de un Banco Federal u otra fuente responsable, cooperativa o privada, a un tipo de interés y términos razonables para préstamos por tiempo y propósitos similares, el deudor hipotecario, a requerimiento del acreedor hipotecario, solicitará y aceptará dicho préstamo en cantidad suficiente para satisfacer el pagaré y cualquier otra deuda aquí garantizada y pagar por las acciones necesarias en la agencia cooperativa en relación con dicho préstamo. ————————————————

(Dieciseis) El incumplimiento de cualesquiera de las obligaciones garantizadas por esta hipoteca, o si el deudor hipotecario o cualquier otra persona incluida como deudor hipotecario faltare en el pago de cualquier cantidad o violare o no cumpliere con cualquier cláusula, condición, estipulación o convenio o acuerdo aquí contenido o en cualquiera convenio suplementario, o falleciere o se declarare o fuere declarado incompetente, en quiebra, insolvente o hiciere una cesión en beneficio de sus acreedores, o los bienes o parte de ellos o cualquier interés en los mismos fueren cedidos, vendidos, arrendados, transferidos o gravados voluntariamente o de otro modo, sin el consentimiento por escrito del acreedor hipotecario, el acreedor hipotecario es irrevocablemente autorizado y con poderes, a su opción y sin notificación: (Uno) a declarar toda deuda no pagada bajo los términos del pagaré o cualquier otra deuda al acreedor hipotecario aquí garantizada, inmediatamente vencida y pagadera y proceder a su ejecución de acuerdo con la ley y los términos de la misma; (Dos) incurrir y pagar los gastos razonables para la reparación o mantenimiento de los bienes y cualquier gasto u obligación que el deudor hipotecario no pagó según se conviniere en esta hipoteca, incluyendo las contribuciones, impuestos, prima de seguro y cualquier otro pago o gasto para la protección y conservación de los bienes y de esta hipoteca o incumplimiento de cualquier precepto de esta hipoteca y (Tres) de solicitar la protección de la ley. ————————————

(Diecisiete) El deudor hipotecario pagará o reembolsará al acreedor hipotecario todos los gastos necesarios para el fiel cumplimiento de los convenios y acuerdos de esta hipoteca, los del pagaré y en cualquier otro



FORMA FmHA-427-1 PR

40

Forma FmHA-427-1 PR
10/77

convenio suplementario, incluyendo los gastos de mensura, evidencia de título, costas, inscripción y honorarios de abogado. ——————

(Dieciocho) Sin afectar en forma alguna los derechos del acreedor hipotecario para requerir y hacer cumplir en cualquier fecha posterior los convenios, acuerdos u obligaciones aquí contenidas o similares u otros convenios y sin afectar la responsabilidad de cualquier persona para el pago del pagaré o cualquier otra deuda aquí garantizada y sin afectar el gravámen impuesto sobre los bienes o la prioridad del gravámen, el acreedor hipotecario es por la presente autorizado y con poder en cualquier tiempo (Uno) renunciar el cumplimiento de cualquier convenio u obligación aquí contenida o en el pagaré o en cualquier convenio suplementario, (Dos) negociar con el deudor hipotecario o conceder al deudor hipotecario cualquier indulgencia o tolerancia o extensión de tiempo para el pago del pagaré (con el consentimiento del tenedor de dicho pagaré cuando esté en manos de un prestamista asegurado) o para el pago de cualquier deuda a favor del acreedor hipotecario, y aquí garantizada; o (Tres) otorgar y entregar cancelaciones parciales de cualquier parte de los bienes de la hipoteca aquí constituída u otorgar diferimiento o postergación de esta hipoteca a favor de cualquier otro gravámen constituído sobre dichos bienes.

(Diecinueve) Todos los derechos, título e interés en y sobre la presente hipoteca, incluyendo pero no limitando el poder de otorgar consentimientos, cancelaciones parciales, subordinación, cancelación total, radica sola y exclusivamente en el acreedor hipotecario y ningún prestamista asegurado tendrá derecho, título o interés alguno en o sobre el gravámen y los beneficios aquí contenidos. ——————

(Veinte) El incumplimiento de esta hipoteca constituirá incumplimiento de cualesquiera otra hipoteca, préstamo refaccionario, o hipoteca de bienes muebles poseída o asegurada por el acreedor hipotecario y otorgada o asumida por el deudor hipotecario; y el incumplimiento de cualesquiera de dichos instrumentos de garantía constituirá incumplimiento de esta hipoteca.

(Veintiuno) Todo aviso que haya de darse bajo los términos de esta hipoteca será remitido por correo certificado a menos que se disponga lo contrario por ley, y será dirigido hasta tanto otra dirección sea designada en un aviso dado al efecto, en el caso del acreedor hipotecario a Administración de Hogares de Agricultores, Departamento de Agricultura de Estados Unidos, San Juan, Puerto Rico, y en el caso del deudor hipotecario, a él a la dirección postal de



FORMA FmHA-427 1 PR

41

Forma FmHA-427-1 PR
10/77

su residencia según se especifica más adelante. —————————————

(Veintidós) El deudor hipotecario por la presente cede al acreedor hipotecario el importe de cualquier sentencia obtenido por expropiación forzosa para uso público de los bienes o parte de ellos así como también el importe de la sentencia por daños causados a los bienes. El acreedor hipotecario aplicará el importe que reciba al pago de los gastos en que incurriere en su cobro y el balance al pago del pagaré y cualquier deuda al acreedor hipotecario garantizada por esta hipoteca, y si hubiere algún sobrante, se reembolsará al deudor hipotecario. ————————————

SÉPTIMO: Para que sirva de tipo a la primera subasta que deberá celebrarse en caso de ejecución de esta hipoteca, de conformidad con la ley hipotecaria, según enmendada, el deudor hipotecario por la presente tasa los bienes hipotecados en la suma de CIENTO TRES MIL TRESCIENTOS————— DÓLARES ($103,300.00).————————————————————

OCTAVO: El deudor hipotecario por la presente renuncia al trámite de requerimiento y se considerará en mora sin necesidad de notificación alguna por parte del acreedor hipotecario. Esta hipoteca está sujeta a los reglamentos de la Administración de Hogares de Agricultores ahora en vigor y a futuros reglamentos, no inconsistentes con los términos de esta hipoteca, así como también sujeta a las leyes del Congreso de Estados Unidos de América que autorizan la asignación y aseguramiento del préstamo antes mencionado. ————————————————————————

NOVENO: Las cantidades garantizadas por esta hipoteca son las siguientes:

Una. En todo tiempo cuando el pagaré relacionado en el párrafo TERCERO de esta hipoteca sea poseído por el acreedor hipotecario o en caso que el acreedor hipotecario cediere esta hipoteca sin asegurar el pagaré: CU, digo, CIENTO TRES MIL TRES- CIENTOS DÓLARES ($103,300.00 el principal de dicho pagaré, con sus intereses según estipulados a razón del NUEVE————————————— por ciento ( 9 %) anual;

Dos. En todo tiempo cuando el pagaré es poseído por un prestamista asegurado:

(A) CIENTO TRES MIL TRESCIENTOS————————————
——————————————————— DÓLARES ($.103,300.00



FORMA FmHA-427-4 PR

—9—

42

Forma FmHA 427-1 PR
10/77

para indemnizar al acreedor hipotecario por adelantos al prestamista asegurado por motivo del incumplimiento del deudor hipotecario de pagar los plazos según se especifica en el pagaré, con intereses según se especifica en el párrafo SEXTO, Tercero; —————————————————

(B) CIENTO CINCUENTICUATRO MIL NOVECIENTOS CINCUENTA—

————————————————————————— DOLARES ($ 154,950.00

para indemnizar al acreedor hipotecario además contra cualquier pérdida que pueda sufrir bajo su seguro de pago del pagaré; —————————————

Tres. En cualquier caso y en todo tiempo; —————————————————

(A) CUARENTIUN MIL TRESCIENTOS VEINTE——————————

————————————————————————— DOLARES ($ 41,320.00 )

para intereses después de mora; ——————————————————

(B) VEINTE MIL SEISCIENTOS SESENTA—————————————

————————————————————— DOLARES ($ 20,660.00 )

para contribuciones, seguro y otros adelantos para la conservación y protección de esta hipoteca, con intereses al tipo estipulado en el párrafo SEXTO, Tercero; ——————————————————————————

(C) DIEZ MIL TRESCIENTOS TREINTA——————————————

—————————————————————— DOLARES ($ 10,330.00 )

para costas, gastos y honorarios de abogado en caso de ejecución; ————

(D) DIEZ MIL TRESCIENTOS TREINTA——————————————

——————————————————————— DOLARES ($ 10,330.00 )

para costas y gastos que incurriere el acreedor hipotecario en procedimientos para defender sus intereses contra cualquier persona que intervenga o impugne el derecho de posesión del deudor hipotecario a los bienes según se consigna en el párrafo SEXTO, Trece. —————————————————

DECIMO: · Que el (los) pagaré(s) a que se hace referencia en el párrafo TERCERO de esta hipoteca es (son) descrito(s) como sigue: ——————————

"Pagaré otorgado en el caso número **sesentitres raya veintinueve raya cinco ocho cero siete ocho cuatro nueve dos nuev** (63-29-580784929)        fechado el día **veinticuatro de—** de mil novecientos **setentinueve,**

(24)      de  **agosto**



Forma FmHA 427-1 PR
10/77

por la suma de   CIENTO TRES MIL TRESCIENTOS--------------

--------dólares de principal más intereses sobre el balance del principal

adeudado a razón del   NUEVE

--------( 9 ) por ciento anual, hasta tanto su principal sea

totalmente satisfecho según los términos, plazos, condiciones y estipulaciones

contenidas en dicho pagaré y según acordados y convenidos entre el

Prestatario y el Gobierno; excepto el pago final del total de la deuda aquí

representada, de no haber sido satisfecho con anterioridad, vencerá y será

pagadero a los   CUARENTA   años de la fecha de este pagaré.

--- Dicho pagaré ha sido otorgado como evidencia de un préstamo concedido

por el Gobierno al Prestatario de conformidad con la Ley del Congreso

de los Estados Unidos de América denominada "Consolidated Farm and

Rural Development Act of 1961" o de conformidad con el "Title V of

the Housing Act of 1949", según han sido enmendadas y está sujeto a los

presentes reglamentos de la Administración de Hogares de Agricultores

y a los futuros reglamentos no inconsistentes con dicha Ley . De cuya

descripción, yo, el Notario Autorizante, DOY FE. --------------------

UNDECIMO: Que la propiedad objeto de la presente escritura y sobre la que

se constituye Hipoteca Voluntaria, se describe como sigue:

A) URBANA: Solar marcado con el número cinco del blo
que E del plano de inscripción de la Urbanización Ex
tensión San Ramón situada en el barrio Pueblo del
Municipio de Hatillo, con una cabida superficial de
CUATROCIENTOS NOVENTICINCO PUNTO OCHENTICINCO METROS
CUADRADOS. En lindes por el Norte, en trece punto
cuarenta metros con la calle número diez; por el Sur
en trece punto v, ligo, cuarentiocho metros con la ca
rretera estatal número doscientos diecinueve; por el
Este, en treinticiete punto cincuenta metros con el
solar número seis del bloque E y por el Oeste, en
veintiseis metros con el solar número cuatro del blo
que E. Enclava una estructura dedicada a vivienda
construída de hormigón armado y bloques de hormigón.
Inscrita al folio setenta del tomo ciento setentiocho
de Hatillo, finca número nueve mil trescientos trein
ticinco.--------

B) RUSTICA: Radicada en el barrio Bayaney de Hatillo,
compuesta de CIENTO CUARENTA Y UNO PUNTO CUATROCIENTOS
TREINTA Y CINCO CUERDAS (141.435) equivalentes a cin
cuenta y cuatro hectáreas, sesenta y nueve áreas,
cuatro centiáreas y sesentiuna miliáreas. Colinda por
el Norte, Sucesión de Idelfonso Villanueva; Sur, Fran
cisco Micheo y una quebrada; Este, Francisco Micheo
y al Oeste, cauce de la quebrada Lajas al Río Camuy.
Inscrita al folio ciento noventa del tomo cincuenta y
siete de Hatillo, finca número dos mil cuatrocientos
veinte.--------

Que la referida cabida de la propiedad anteriormente
descrita se ha establecido tomando en consideración

*Folio — 71*
*Tomo — 178*
*Fca # — 9335*
*Ins — 2da*

*Folio — 126*
*Tomo — 126 Hat.*
*Finca # — 2,420*
*Ins — 19va*

FORMA FmHA 427-1 PR

45

una segregación de CINCO PUNTO CINCUENTA CUERDAS que
ha pasado a ser la finca número siete mil novecien-
tos cincuenta y tres inscrita al folio vi, digo, ----
veinte del tomo ciento cincuenticuatro de Hatillo.-
Que además de las cinco cuerdas y media señaladas----
anteriormente, segregadas de la propiedad descrita---
en el hecho PRIM, digo, UNDECIMO de esta escrito, in-
ciso B, se han realizado las siguientes segregacio---
nes: Una segregación de cincuenta y cinco cuerdas----
que ha pasado a ser la finca número nueve mil cuatro-
cientos noventiseis inscrita al folio doscientos no-
venticinco del tomo ciento ochenta de Hatillo; una--
de diez punto cero ciento catorce cuerdas (10.0114)-
cuya segregación se realizó mediante escritura núme--
ro treinta y uno otorgada en Arecibo, Puerto Rico--
el día dieciseis de junio de mil novecientos seten-
ticinco ante el Notario Público Manlio Arraiza Dona-
te, presentada para inscripción al asiento trescien-
tos veintiseis diario quinientos cincuenta y siete-
que además surge del Registro de la Propiedad una--
segregación de uno punto cuatro mil trescientos----
treinta y nueve cuerdas (1.4339) que ha pasado a s-
la finca número ocho mil ciento setentidos inscri-
al folio cinco del tomo ciento cincuenta y ocho

4º

Hatillo, cuya segregación aparenta ser de la finca descrita en el hecho PRIMERO anterior cuando realmente fue segregada de la finca número tres mil quinientos cincuenta y ocho, inscrita al folio doscientos veintidos del tomo ochenta y seis de Hatillo situación que aparece aclarando mediante la escritura número treinta y tres otorgada en Arecibo, Puerto Rico el día treinta y uno de julio de mil novecientos setenta y nueve el Notario Público Manlio Arraiza Donate, cuya escritura está presentada para inscripción al asiento cuatrocientos noventa del diario quinientos cincuenta y siete y que aún está pendiente de inscripción.- Además surge del Registro otra segregación de VEINTE CUERDAS que ha pasado a ser la finca número nueve mil cuatrocientos treinta y cinco inscrita al folio doscientos ochenta del tomo ciento setenta y nueve de Hatillo.--------------
Que aún no ha sido descrito el remanente de la finca descrita en el hecho undécimo de esta escritura, inciso B deducidas las correspondientes segregaciones en el Registro de la Propiedad.---------------



Forma FmHA 427-1 PR
10/77

Adquirió el prestatario la descrita finca por compra a--------
Fortunato Rivera y Margarita Correa-------------------
según consta de la Escritura Número TREINTA Y SIETE------
----------------------de fecha esta misma fecha-----------
----------------------otorgada en la ciudad de Arecibo------
ante el Notario MANLIO ARRAIZA DONATE-------------------
Dicha propiedad se encuentra la descrita bajo la letra A--
afecta a una hipoteca a favor de Estados Unidos de--
América por la suma de TREINTA MIL DOLARES y las demás
libre de cargas y gravámenes.---------------------

------------------------------------------------------------

------------------------------------------------------------

DUODECIMO:  Que comparecen en la presente escritura como------
Deudores Hipotecarios Armando Santos Negrón y Nydia Ri--
vera, mayores de edad, casados entre sí, propietarios-
y vecinos de Hatillo, Puerto Rico;--------------------
cuya dirección postal es:
Buzón doscientos veinticuatro, Hatillo, Puerto Rico.--

------------------------------------------------------------

DECIMO TERCERO:  El importe del préstamo aquí consignado se
usó ó será usado para fines agrícolas y la construcción y/o
reparación y/o mejoras de las instalaciones físicas en la-----
finca(s) descrita(s).------- ------------------- --- ----
DECIMO CUARTO:  El prestatario ocupará personalmente y usará-
cualquier estructura que haya sido construida, mejorada o-----
comprada con el importe del préstamo aquí garantizado y no----
arrendará o usará para otros fines dicha estructura a menos que
el Gobierno lo consienta por escrito.  La violación de esta---
clausula como la violación de cualquiera otro convenio o cláu-
sula aquí contenida ocasionará el vencimiento de la obligación
como si todo el término hubiese transcurrido y en aptitud el
Gobierno de declarar vencido o pagadero el préstamo y proceder
a la ejecución de la hipoteca.----------------------------
DECIMO QUINTO:  Esta hipoteca se extiende expresamente a toda
construcción o edificación existente en la(s) finca(s) antes--



46

Forma FmHA 427-1PR
10/77

descrita(s) y a toda mejora, construcción o edificación que

se construya en dicha finca(s) durante la vigencia del ------

préstamo hipotecario constituido a favor del Gobierno, veri-

ficada por los actuales dueños deudores o por sus cesionarios

o causahabientes.

DECIMO SEXTO:  El deudor hipotecario por la presente-------

renuncia mancomunada y solidariamente por sí y a nombre de-

sus herederos causahabientes, sucesores o representantes a-

favor del acreedor (Administración de Hogares de -----------

Agricultores), cualquier derecho de Hogar Seguro (Homestead)

que en el presente o en el futuro pudiera tener en la ------

propiedad descrita en el párrafo undédimo y en los edificios

allí enclavados o que en el futuro fueran construídos; -----

renuncia esta permitida a favor de la Administración de ----

Hogares de Agricultores por la Ley Número trece (13) del ---

veintiocho (28) de mayo de mil novecientos sesenta y nueve--

(1969) (31 L.P.R.A. 1851).-----------------------------------

DECIMO SEPTIMO:  El acreedor y el deudor hipotecario -------

convienen en que cualquier estufa, horno, calentador compra-

do o financiado total o parcialmente con fondos del préstamo

aquí garantizado, se considerará e interpretará como parte-

de la propiedad gravada por esta Hipoteca.------------------

DECIMO OCTAVO: Este documento garantiza asímismo el-

rescate o recuperación de cualquier crédito por Inte-

reses o subsidio que pueda otorgarse a los prestata-

rios por el Gobierno de acuerdo con las disposiciones

del Título cuarentidos del Cídgo de Estados Unidos,-

Sección mil cuatrocientos noventa raya A (42 U.S.C.-

1490-A).-----------------------------------------------

DECIMO NOVENO: Manifiestan los due, digo, deudores hi-

potecarios que por tratarse de un préstamo para fincas

agrícolas han acordado en no distribuir la responsa-

bilidad entre las fincas gravadas y por lo tanto to-

das responderán solidariamente y mancomunadamente de-



la deuda principal, intereses, costas y demás
créditos garantizados por esta escritura, todo ello
conforme al artículo ciento diecinueve de la ley hi-
potecaria, según el mismo ha dispuesto, y fue enmendado
por la Ley número setenta y nueve del veinticinco de
junio de mil novecientos sesenta y nueve.------------

------------------- ACEPTACION Y ADVERTENCIAS

Hechas por mí el Notario, las advertencias legales
pertinentes y leída esta escritura a los otorgantes
por renuncia que hicieron al derecho de leerla por
sí, del que les advertí, la ACEPTAN en la forma en
que está redactada y la firman conmigo, digo, conmigo
habiendo además los otorgantes puesto sus iniciales
en todos y cada uno de los folios de esta escritura.
Y de mí conocimiento personal doy fe los otorgantes y
por sus dichos de sus circunstancias personales y
vecindad y de que se hallan debidamente adheridos y
cancelados los correspondientes sellos de Rentas
Internas y del Impuesto Notarial y de todo lo demás
consignado en este instrumento público. Yo, el No-
tario Autorizante, DOY FE.-----------------------

FIRMADOS: Armando Santos Negrón, Nydia Rivera.------
Firmado, signado, sellado y rubricado Francisco J.
Arraiza Donate.-------------------------------------



ES PRIMERA COPIA CERTIFICADA, fiel y exacta de su
original que obra en mi ... documentos públicos del
año en curso en ... ...pondientes sellos
de rentas interna... ...
... ... ...enida en el mismo
... ... ... ... a la matriz. Doy Fe



Inscrito este documento donde
intican los notas puestas en
corriente de las descripciones
de las fincas. La finca "B" se halla.

1) Afecta a condiciones restric-
tivas de uso, a tres servidum-
bres a favor de Autoridad de
la Acueductos y Alcantarilla-
dos de Puerto Rico. Autoridad
de las Fuentes Fluviales de Puerto
Rico, y Puerto Rico Telephone
Company; y a una hipoteca por
$30,000.00 a favor de E.U.A.

La finca "B" se halla.

1) Afecta a un arrendamiento y sub
arrendamiento a favor de Franco
Fernando Vargas. Arecibo, a 20
de noviembre de 1979.

Sin Derechos,                    Registrado

                    Se amplia la anterior
                    nota de la "B" para que
                    rea constar que la inscrip-
                    ción se practica limitán-
                    dola la cabida que resulta
                    tener la finca del Registro.
                    Arecibo, a 20 de noviembre
                    de 1979.

                                    Registrado

49

# TITLE SEARCH

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, PR. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

**CASE: ARMANDO SANTOS NEGRON**  **RE: 1521.154**
**BY: TAIMARY ESCALONA**

**PROPERTY NUMBER:** 2,420, recorded at page 144 of volume 46 of Hatillo, Registry of the Property of Puerto Rico, Section II of Arecibo.

**DESCRIPTION: (As it is recorded in the Spanish language)**

**RUSTICA:** En el Barrio Bayaney de Hatillo, compuesto de **146.935 cuerdas, equivalente a 57 hectáreas 75 hectáreas, 75 áreas y 12 centésimas** de terreno. Sus lindes al **NORTE**, Sucursal de Idelfonso Villanueva; por el **SUR**, Gumersindo Micheo, Higinio Rivera y Eduardo Georgetti; por el **ESTE**, Fernando F. Ledesma y Gumersindo Micheo; y por el **OESTE**, el cruce de la Quebrada Saja y el Río Camuy.

De esta finca se han hecho varias segregaciones sin que se halle descrito el remanente aún, siendo dichas segregaciones de 5.00 cuerdas; 20.00 cuerdas; 55.00 cuerdas y 10.0114 cuerdas.

**ORIGIN:**

It is formed by aggrupation of various properties.

**TITLE:**

This property is registered in favor of ARMANDO SANTOS NEGRON and his wife NYDIA RIVERA ROSADO, whom acquired by purchase from Fortunato Rivera and his wife Margarita Correa, for the price of $48,474.00, pursuant to deed #37, executed in Arecibo, Puerto Rico, on August 24, 1979, before Manlio Arraiza Donate Notary Public, recorded at page 126 of volume 106 of Hatillo, property number #2,420, 18th inscription.

**LIENS AND ENCUMBRANCES:**

I.    By reason of its origin this property is free of liens and encumbrances

I.    By reason of its origin this property is encumbered by the following:

1.    Lease in favor of Franco Hernández Vargas married to Margot Chaves, for the term of 5 years, with a monthly payment of $2,500.00 annual, constituted by deed #13, executed in Arecibo, Puerto Rico, on January 25, 1955, before Francisco M. Cadilla Notary Public, recorded at page 235 of volume 83 of Hatillo, property number 2,420, 13th inscription.

2.    Sub-Lease the lease mentioned before in favor of Luis G. Cestero Buxeda and his wife Olga Colón, for the remaining term, constituted by deed #41, executed in San Juan, one December 18, 1956, before Félix Ochoteco Jr. Notary Public, recorded at margin of page 236 of volume 83 of Hatillo.

3.    **MORTGAGE:** Constituted by Armando Santos Negrón and his wife Nydia Rivera Rosado, in favor of United States of America acting as Farmer Home Administration, in the original principal amount of $103,300, with prime rate interests, due on 40 years, constituted by deed #130, executed in Camuy, Puerto Rico, on August 24, 1979, before Francisco J. Arraiza Donate Notary Public, recorded at page 126 volume 100 of Hatillo, property #2,420, 19th inscription.

PAGE #2
PROPERTY #2,420

4.  **MORTGAGE:** Constituted by Armando Santos Negrón and his wife Nydia Rivera Rosado in favor of United States of America acting as Farmer Home Administration, in the original principal amount of $55,270.00, with 5% annual interests, due on 40 years, constituted by deed #66, executed in Camuy, Puerto Rico, on April 1, 1981, before Francisco J. Arraiza Donate Notary Public, recorded at page 127 volume 100 of Hatillo, property #2,420, 20th inscription.

5.  **MORTGAGE:** In favor of United States of America acting as Farmer Home Administration, in the original principal amount of $51,600.00, with 7% annual interests, due on 2 years, constituted by deed #67, executed in Camuy, Puerto Rico, on April 1, 1981, before Francisco J. Arraiza Donate Notary Public, recorded at overleaf of page 127 volume 106 of Hatillo, property #2,420, 21st inscription.

REVISADOS:

Registros de Embargos, Sentencias, Contribuciones Federales y Cuaderno de Bitácora Electrónica, el día May 28, 2019.

*NOTICE: The Sections of the Property Registry have been computerized by the new system identified as Karibe, through which the historical volumes containing the data related to the inscribed properties and with the documents presented and pending registration were digitized. Since April 25, 2016, the Department of Justice discontinued the Tool-Kit and Agora System in most of the Sections of the Registry, which was used to search for documents submitted and pending registration and preparation of title search and other documents. There is also a delay in the entry of information to the System to this date. In addition to this, the Federal and State Seizures are now entered and electronically provided by the Central Office of the Land Registry in the Department of Justice, without being able to corroborate the control books and with many errors which makes the location impossible. We are not responsible for errors that may result in this title search due to errors and/or omissions of the Registry and/or its employees, when entering the data in the system.*

**EAGLE TITLE AND OTHER SERVICES, INC.**

*Firma Autorizada*

mcr/dm
srd/dm/**F**

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

I, Elías Díaz Bermúdez, of legal age, single and neighbor of
San Juan, Puerto Rico, under solemn oath declare:

   1. That my name and personal circumstances are the above
   mentioned.

   2. That on May 28, 2019, I examined the books and files
   of The Property Registry of Puerto Rico and prepared the
   attached title study which makes part of this
   affidavit.

   3. That the attached title study correctly represents in
   all its parts the status of the above described
   property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated
are true.

In Guaynabo, Puerto Rico, this __19__ day of __June__ of 2019.

                                    _____
                                    Elías Díaz Bermúdez

AFFIDAVIT NUMBER 3,628

Sworn and subscribed to before me by Elías Díaz Bermúdez of the
aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this __19__ day of __June__ of 2019.



NOTARY PUBLIC

FmHA Form 1940-17(S)  (Rev. 11-1-78)

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*

PATRICIA BECKERLEG
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

### DEPARTMENT OF AGRICULTURE OF THE UNITED STATES
### FARMERS HOME ADMINISTRATION

**PROMISSORY NOTE**

| | |
|---|---|
| TYPE OF LOAN<br>Type: __FO__<br>In accordance to:<br>[x] Consolidated Farm & Rural Development Act<br>[ ] Emergency Agricultural Credit Adjustment Act of 1978 | |

| Name<br><br>Armando Santos Negrón | ACTION REQUIRING PROMISSORY NOTE<br>[ ] Initial Loan        [ ] New Payment Plan<br>[X] Subsequent Loan   [ ] Reamortization |
|---|---|

| State<br><br>Puerto Rico | Office<br><br>Camuy | [ ] Consolidation and<br>subsequent loan        [ ] Credit Sale |
|---|---|---|
| Case Number<br>63-29-580784929 | Date<br>4/1/81 | [ ] Consolidation        [ ] Deferred Payments |

FOR VALUE RECEIVED, the subscribing Borrower and any other co-debtor, severally and jointly, we shall pay to the order of the United States of America, acting through the Farmers Home Administration of the Department of Agriculture of the United States (henceforth referred to as the "Government") or its cessionnaire at its office in _Camuy_ or at any other place designated by the Government in writing, the principal sum of _FIFTY-FIVE THOUSAND TWO HUNDRED AND SEVENTY AND 00/100_ dollars ($55,270.00) plus interest on the principal owed at _Five_ PERCENT (5) % annually. If this promissory note is for a Limited Resources loan (indicated in the superior clause "Type of Loan"), the Government may CHANGE THE PERCENTAGE OF INTEREST, in accordance to the regulation of the Farmers Home Administration, not more frequently than every trimester, notifying the Borrower in writing with thirty (30) days of advance notice at his last address. The new interest rate must not exceed the highest interest rate established in the regulations in the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __41__ Installments, as indicated below, except if modified by a different interest rate, on or before the following dates:

| | |
|---|---|
| $ 2,082.00 _____ on January 1, 1982; | $_____ on January 1, 19 ; |
| $_____ on January 1, 19; | $_____ on January 1, 19 ; |
| $_____ on January 1, 19 ; | $_____ on January 1, 19 ; |
| $_____ on January 1, 19 ; | $_____ on January 1, 19 ; |
| $_____ on January 1, 19 ; | $_____ on January 1, 19 ; |

and $ _3,222.00___, subsequently on January 1 of each year until the principal and interest have been completely paid off except that the final installment of the debt evidenced herein, is not previously paid, shall be due and payable within _40_ years of the date of this promissory note and except that payments could be made in advance as stated further on. The consideration involved herein shall back any agreement modifying the payment plan.

If the total amount of the loan is not advance as of the date of the closing, the loan may be advanced to the Borrower as requested by the Borrower and approved by the Government. The approval of the Government shall be given as long as the advance is requested for a purpose authorized by the Government. Interest shall be accrued for the amount of each advance payment from its present date as is shown in the Registry of Advance Payments at the end of this promissory note. The Borrower authorizes the Government to write down the amounts and dates of such advance payments in the Registry of Advance Payments.

In each reamortized or consolidated promissory note, or with the new payment plan, the interest accrued as of the date of this instrument must be added to the principal and that new principal shall accrue interest at the rate of the percentage evidenced by this instrument.

Any payment made in any debt represented by this promissory note shall first be applied to interest calculated as of the effective date of the payment and afterwards to the principal.

Jay-Ce-Agriculture                    Position 2                    FmHA Form 1940-17 (S)<br>(Rev. 11-1-78)

2

Payments made in advance of the stipulated installments or of any part of the same, may be made at any time at the option of the Borrower.  Reimbursements and extra payments, as defined in the regulations (7 C.F.R. 1861.2) of the Farmers Home Administration, in accordance to the source of the funds involved, after paying the interest, shall be applied to the last installments to be due under this promissory note and will not affect the obligation of the Borrower to pay the remaining installments as is specified in the same.  If the Government at any time were to cede this promissory note and ensure the payment of the same, the Borrower shall continue making the payments to the Government as the collecting agent for the holder.

While this promissory note is in the power of an insured Borrower, the advance payments made by the Borrower may, at the option of the Government, be forwarded by the Government promptly to the holder, or, with the exception of the final payment, they may be withheld by the Government and forwarded to the holder on the basis of the annual installment due.  The effective date of any payment made by the Borrower, except payments which have been withheld and forwarded by the Government to the holder on the basis of the annual instalment due shall be the date of the check from the Treasury of the United States by means of which the Government forwards the payment to the holder.  The effective date of any advance payment withheld and forwarded by the Government to the  holder on the basis of annual installment due, shall be the date of the payment advanced by the Borrower and the Government shall pay the interest at which the holder is entitled to be accrued between the effective date of any of said advance payments and the date of the check of the Treasury forwarded to the holder.

Any amount advanced or invested by the Government for the collection of this promissory note or to preserve or protect the guaranty of the loan or in another manner invested under the terms of any guaranty agreement or other instrument executed with regard to the loan evidenced herein, at the option of the Government, may go on to become part of the loan and shall accrue interest at the same rate of interest as that of the principal of the debt evidenced herein and shall be due and payable immediately by the Borrower to the Government without the need for requirement.

The property built, improved, purchased or refinanced in total or in part with the loan evidenced herein shall not be leased, ceded, sold, transferred or encumbered voluntarily or in another form, without the prior consent in writing on the part of the Government.  Unless the Government consents to the contrary in writing, the Borrower shall personally operate said property as a farm if this loan is to a farm owner (FO).

If a "Consolidation and a Subsequent Loan", "Consolidation", "Reamortization", or a "New Payment Plan" is indicated in the top clause of the first page, "Action Requiring Promissory Note", this promissory note is executed to consolidate, reamortize or evidence an new payment plan but not in satisfaction of the principal and interest of the following promissory notes or subrogation agreement(s) (new terms).

| VALUE OF THE PROMISSORY NOTE | INTEREST | DATE | ORIGINAL BORROWER | LAST INSTALLMENT DUE |
|---|---|---|---|---|
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |

The guaranty documents taken with regard to the loans evidenced by these promissory notes described or other related obligations are not affected by the granting of this consolidation, reamortization or new payment. Plan.  These guaranty instruments shall continue in effect and the guaranty offered for the loans evidenced by the promissory notes described shall remain as guaranty for the loan evidenced by this promissory note and by any other related obligation.

REFINANCING AGREEMENT: If at any moment the Government were to determine that the Borrower may obtain a loan from a responsible credit union or another private source of credit at a reasonable rate of interest and terms for loans for similar time and conditions, the Borrower, at the request of the Government, shall request and accept the loan in a sufficient amount to satisfy this promissory note in its entirety and pay the necessary shares if the lender is a cooperative.

BREACH:  The lack of payment upon its due date regarding any debt evidenced herein or the breach of any condition or agreement under this document shall constitute breach  under any other instrument evidencing a debt of the Borrower insured or guaranteed by the Government or in any other form related to said debt; the breach under any other said instrument shall constitute breach  under the terms of this document.  ANY BREACH THAT IS  COMMITTED,  the Government, at its option, may declare all or part of said debt due and immediately payable.

3

This Promissory Note is executed as evidence of a loan granted to the Borrower or insured by the Government in accordance to the Consolidated Farm and Rural Development Act or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the box "TYPE OF LOAN" further up.  This Promissory Note shall be  subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the stipulations consigned herein.

Presentation, protest and notice are by means of the present document expressly waived.


(signed)
_____
Armando Santos Negrón                    (Borrower)


(signed)
_____
Nydia Rivera                             (Borrower)


Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

E-5 Gonzalo Navas Street
_____

San Ramón Residential Development
_____

Hatillo, P..R.  00659
_____

| REGISTRY OF ADVANCE PAYMENTS | | | | | |
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $55,270.00 | 4/1/81 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | | $55,270.00 | |

Jay-Ce-Agriculture                Position 2                Form FmHA 1940 17-(S)
(Rev. 11-1-78)

Forma FmHA 1940-17 (S)
(Rev. 11-1-78)

| | CLASE DE PRESTAMO |
|---|---|
| **DEPARTAMENTO DE AGRICULTURA DE ESTADOS UNIDOS**<br>**ADMINISTRACION DE HOGARES DE AGRICULTORES**<br><br>**PAGARE** | Tipo: _____ FO<br><br>De acuerdo a:<br>☒ Consolidated Farm & Rural Development Act<br>☐ Emergency Agricultural Credit Adjustment Act of 1978 |

| Nombre   Armando Santos Negrón | ACCION QUE REQUIERE PAGARE: |
|---|---|
| **Estado**  Puerto Rico    **Oficina**  Camuy | ☐ Préstamo Inicial              ☐ Nuevo Plan de Pago<br>☒ Préstamo Subsiguiente     ☐ Reamortización<br>☐ Consolidación y préstamo   ☐ Venta a Crédito |
| **Caso Núm.**  63-29-580784929    **Fecha**  4/1/81 | subsiguiente                      ☐ Pagos Diferidos<br>☐ Consolidación |

POR VALOR RECIBIDO, el Prestatario(s) subscribiente y cualquier otro co-deudor mancomunada y solidariamente pagaremos a la orden de Estados Unidos de América, actuando por conducto de la Administración de Hogares de Agricultores del Departamento de Agricultura de los Estados Unidos (denominado en adelante el "Gobierno") o su

cesionario en su oficina en _____ Camuy --------

o en otro sitio designado por el Gobierno por escrito, la suma principal de _____ CINCUENTA Y CINCO MIL

DOSCIENTOS SETENTA CON 00/100 dólares ($ 55,270.00 ) más intereses sobre el principal adeudado al

CINCO -------- **POR CIENTO (** 5 %) anual. Si este pagaré

es para un préstamo de Recursos Limitados (indicado en el encasillado superior "Clase de Préstamo"), el Gobierno puede **CAMBIAR EL PORCIENTO DE INTERES**, de acuerdo con los reglamentos de la Administración de Hogares de Agricultores, no más frecuente que trimestralmente, notificando por correo al Prestatario con treinta (30) días de anticipación a su última dirección. El nuevo tipo de interés no deberá exceder el porciento de interés más alto establecido en los reglamentos de la Administración de Hogares de Agricultores para el tipo de préstamo arriba indicado.

Principal e intereses serán pagados en _____ 41 plazos, según indicado abajo, excepto si es modificado por un tipo de interés diferente, en o antes de las siguientes fechas:

| | | | |
|---|---|---|---|
| $ 2082.00 | en enero 1, 19 82 | $ _____ | en enero 1, 19 ; |
| $ _____ | en enero 1, 19 ; | $ _____ | en enero 1, 19 ; |
| $ _____ | en enero 1, 19 ; | $ _____ | en enero 1, 19 ; |
| $ _____ | en enero 1, 19 ; | $ _____ | en enero 1, 19 ; |
| y $ 3,222.00 | en enero 1, 19 ; | | |

, subsiguientemente en enero 1 de cada año hasta que el principal e intereses sean completamente pagados excepto que el plazo final de la deuda aquí evidenciada, de no ser pagada anteriormente, vencerá y será pagadero en _____ 40 años de la fecha de este pagaré y excepto que se podrán hacer pagos adelantados según se provee más abajo. La consideración aquí envuelta respaldará cualquier convenio modificado el plan de pagos.

Si la cantidad total del préstamo no es adelantada a la fecha del cierre, el préstamo será adelantado al Prestatario según solicitado por el Prestatario y aprobado por el Gobierno. La aprobación del Gobierno será dada siempre y cuando el adelanto es solicitado para un propósito autorizado por el Gobierno. Se acumularán intereses por la cantidad de cada adelanto desde su fecha actual como se demuestra en el Registro de Adelantos en el final de este pagaré. El Prestatario autoriza al Gobierno a anotar la(s) cantidad(es) y fecha(s) de tal(es) adelanto(s) en el Registro de Adelantos.

En cada pagaré reamortizado o consolidado, o con un nuevo plan de pago, los intereses acumulados a la fecha de este instrumento deberán ser sumados al principal y ese nuevo principal acumulará intereses a razón del porciento evidenciado por este instrumento.

Todo pago hecho en cualquier deuda representada por este pagaré será primero aplicado a intereses computados a la fecha efectiva del pago y después al principal.

Jay-Ce-Agricultura                    *Posición 2*                    Forma FmHA 1940-17 (S)
                                                                        (Rev. 11-1-78)

Pagos adelantados de los plazos estipulados o cualquier parte de los mismos, podrán hacerse en cualquier tiempo a opción del Prestatario. Reembolsos y pagos extras, según se definen en los reglamentos (7 C.F.R. 1861.2) de la Administración de Hogares de Agricultores, de acuerdo con la fuente de los fondos envueltos, después de abonarse los intereses, se aplicarán a los últimos plazos, a vencer bajo este pagaré y no afectarán la obligación del Prestatario de pagar los restantes plazos según se especifican en el mismo. Si el Gobierno en cualquier momento cediera este pagaré y asegura el pago del mismo, el prestatario continuará haciendo los pagos al Gobierno como agente cobrador del tenedor.

Mientras este pagaré esté en poder de un prestamista asegurado, los pagos adelantados hechos por el Prestatario podrán, a opción del Gobierno, ser remitidos por el Gobierno prontamente al tenedor o, a excepción del pago final, podrán ser retenidos por el Gobierno y remitidos al tenedor a base de plazo anual vencido. La fecha efectiva de todo pago hecho por el prestatario, excepto pagos retenidos y remitidos por el Gobierno al tenedor a base de plazo anual vencido será la fecha del cheque del Tesoro de los Estados Unidos mediante el cual el Gobierno remite el pago al tenedor. La fecha efectiva de cualquier pago adelantado retenido y remitido por el Gobierno al tenedor a base de plazo anual vencido, será la fecha del pago adelantado por el Prestatario y el Gobierno pagará los intereses a los cuales el tenedor tiene derecho que se devenguen entre la fecha efectiva de cualquiera de dichos pagos adelantados y la fecha del cheque del Tesoro remitido al tenedor.

Cualquier cantidad adelantada o invertida por el Gobierno para el cobro de este pagaré o para preservar o proteger la garantía del préstamo o de otra manera invertido bajo los términos de cualquier convenio de garantía u otro instrumento otorgado en relación con el préstamo aquí evidenciado, a opción del Gobierno pasará a ser parte del préstamo y devengará intereses al mismo tipo de interés que el principal de la deuda aquí evidenciada y vencerá y será pagadera inmediatamente por el Prestatario al Gobierno sin necesidad de requerimiento.

La propiedad construida, mejorada, comprada o refinanciada en total o en parte con el préstamo aquí evidenciado no será arrendada, cedida, vendida, transferida o gravada voluntariamente o de otra forma, sin el previo consentimiento por escrito del Gobierno. A menos que el Gobierno consienta lo contrario por escrito, el Prestatario operará personalmente dicha propiedad como una finca si este préstamo es a dueño de finca (FO).

Si una "Consolidación y un Préstamo Subsiguiente", "Consolidación", "Reamortización" o un "Nuevo Plan de Pago" es indicado en el encasillado superior de la primera página "Acción que Requiere Pagaré", este pagaré es otorgado para consolidar, reamortizar o evidenciar un nuevo plan de pago pero no en satisfacción del principal e intereses del siguiente pagaré(s) o convenio(s) de subrogación (nuevos términos):

| VALOR DEL PAGARÉ | INTERESES | FECHA | PRESTATARIO ORIGINAL | ULTIMO PLAZO A VENCER |
|---|---|---|---|---|
| $ | % | .19 | | .19 |
| $ | % | .19 | | .19 |
| $ | % | .19 | | .19 |
| $ | % | .19 | | .19 |
| $ | % | .19 | | .19 |
| $ | % | .19 | | .19 |
| $ | % | .19 | | .19 |

Los documentos de garantía tomados en relación con los préstamos evidenciados por estos pagarés descritos u otras obligaciones relacionadas no son afectadas por el otorgamiento de esta consolidación, reamortización o nuevo plan de pago. Estos instrumentos de garantía continuarán en efecto y la garantía ofrecida para los préstamos evidenciado por los pagarés descritos permanecerán como garantía para el préstamo evidenciado por este pagaré y por cualquier otra obligación relacionada.

CONVENIO DE REFINANCIAMIENTO: Si en cualquier tiempo el Gobierno determinare que el Prestatario puede obtener un préstamo de una cooperativa responsable u otra fuente de crédito privada a un tipo de interés y términos razonables para préstamos por tiempo y condiciones similares, el Prestatario, a requerimiento del Gobierno, solicitará y aceptará el préstamo en cantidad suficiente para satisfacer este pagaré en su totalidad y pagar las acciones necesarias si el prestamista es una cooperativa.

INCUMPLIMIENTO: La falta de pago a su vencimiento de cualquier deuda aquí evidenciada o el incumplimiento de cualquier condición o acuerdo bajo este documento constituirá incumplimiento bajo cualquier otro instrumento evidenciando una deuda del Prestatario asegurada o garantizada por el Gobierno o en cualquier otra forma relacionada con dicha deuda; el incumplimiento bajo cualquier otro instrumento constituirá incumplimiento bajo los términos de este documento. COMETIDO CUAL ER INCUMPLIMIENTO, el Gobierno, a pción, podrá declarar toda o parte de dicha deuda vencida y pagader. nmediatamente.

Este Pagaré se otorga como evidencia de un préstamo al Prestatario concedido o asegurado por el Gobierno de conformidad con la Consolidated Farm and Rural Development Act o el Emergency Agricultural Credit Adjustment Act of 1978 y para el tipo de préstamo según indicado en el encasillado "**CLASE DE PRESTAMO**" más arriba. Este Pagaré está sujeto a los reglamentos presentes de la Administración de Hogares de Agricultores y a sus futuros reglamentos no inconsistentes con las estipulaciones aquí consignadas.

Presentación, protesto y aviso son por la presente expresamente renunciados.

_____   *(Prestatario)*
Armando Santos Negrón

_____   *(Prestatario)*
Nydia Rivera

Calle Gonzalo R. Navas E-5

Urb. San Ramón

Hatillo, P. R. 00659

| REGISTRO DE ADELANTOS | | | | | |
|---|---|---|---|---|---|
| CANTIDAD | FECHA | CANTIDAD | FECHA | CANTIDAD | FECHA |
| $ 55,270.00 | 4/1/81 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 55,270.00 | |

55

Jay-Ce-Agricultura

*Posición 2*

Forma FmHA 1940-17 (S)
(Rev. 11-1-78)

FmHA Form 427-1 PR   10/77
(Note: all the pages are stamped with the seal of Francisco J. Arraiza Donate, Attorney, Notary, Island of Puerto Rico.)
(Note: all the pages are stamped with the seal of the Property Registry, Arecibo Section, Puerto Rico.)

### NUMBER SIXTY-SIX

### VOLUNTARY MORTGAGE

In Camuy, Puerto Rico on  April first of one thousand nine hundred eighty-one.

### BEFORE ME

FRANCISCO J. ARRAIZA DONATE

Attorney and Notary Public of this Island with residence and domicile in Arecibo, Puerto Rico and office in Camuy  Puerto Rico.

### APPEARING

The persons named in the TWELFTH paragraph of this mortgage henceforth referred to as the "mortgage debtor" and whose personal circumstances appear from said paragraph.

I give faith of the personal knowledge of the ones appearing, as well as on the basis of their statements regarding their age, civil status, occupation and domicile.

They assure me of being in the full enjoyment of their civil rights, the free administration of their goods and in my judgment, having  the necessary legal capacity for this execution, and by such virtue, freely:

### STATE

FIRST:    The mortgage debtor is the owner of the property or properties described in the ELEVENTH paragraph as well as  of all the rights and interest in the same, referred to henceforth herein as "the goods".

SECOND:    That the goods mortgaged herein are encumbered to the liens which are specified in the ELEVENTH paragraph.

THIRD:    That the mortgage debtor  has an obligation with regard to the to the United States of America, acting through the Farmers Home Administration, henceforth referred to herein as the "mortgage creditor", with regard to a loan or loans evidenced by one or more promissory notes or  subrogation agreement, henceforth referred to as the "promissory note", whether they are one or more.  It is required by the Government that additional monthly payments be made of one twelfth  of  the  taxes, assessments (taxes), insurance

-1-

Administrative Office of the United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and faithful translation of its original.
Patricia Beckerleg
PATRICIA BECKERLEG
Certified Court Interpreter/Translator

premiums and other charges which have been estimated with regard to the mortgaged property.

FOURTH:       It is clearly understood that:

(One)  The promissory note evidence of a loan or loans to the mortgage debtor for the sum of the principal, specified in the same, granted, for the purpose and the intention that the mortgage creditor may cede the promissory note at any time and insure its payment in conformity with the Minutes of one thousand nine hundred and sixty-one consolidating the Farmers Home Administration or the Fifth Title of the Housing Act of one thousand nine hundred and forty-nine, pursuant to how it has been amended.

(Two)  When the payment of the promissory note is guaranteed by the mortgage creditor, it may be ceded from time to time and each holder of said promissory note in turn shall be the insured lender.

(Three)  When the payment of the promissory note is insured by the mortgage creditor, the mortgage creditor will grant and hand over to the insured lender together with promissory note an endorsement of insurance totally guaranteeing the payment of the principal and interest of said promissory note.

(Four)  At all times that the payment of the promissory note is insured by the mortgage creditor, the mortgage creditor, through an agreement with the insured lender, shall determine in the insurance endorsement the portion of the payment of interest of the promissory note that shall be designated as "annual charge".

(Five)  A condition of the insuring of the payment of the promissory note shall be that the holder shall cede all of its rights and remedies against the mortgage debtor and any other with regard to said loan as well as with regard to the benefits of this mortgage and accept instead the benefits of the insurance, and in the event of violation of any agreement or stipulation contained herein or in the promissory note or in any supplementary agreement on the part of the mortgage debtor, at the requirement of the mortgage creditor, shall endorse the promissory note to the mortgage creditor.

(Six)    Among other things, it is the purpose and intention of this mortgage, that at all times when the promissory note is in the power of the mortgage creditor, or in the case in which the mortgage creditor cedes this mortgage without insuring the promissory note, this mortgage shall guarantee the payment of the promissory note but when the promissory note

-2-

is in the power of an insured lender, this mortgage will not guarantee the payment of the promissory note or form part of the debt evidenced by the same, but with regard to the promissory note and to said debt, it shall constitute a mortgage of indemnification to guarantee to the mortgage creditor against any loss under the endorsement of insurance due to the cause of any breach on the part of the mortgage debtor.

FIFTH:    That in consideration to the loan and (a) at all times that the promissory note is conserved by the mortgage creditor or in the case that the mortgage creditor cedes the present mortgage without the insurance of the payment of the promissory note and in guarantee of the sum of the promissory note pursuant to how it is specified in sub-paragraph (One) of the NINTH paragraph with its interest at the stipulated rate and to ensure the prompt payment of said promissory note, its renewal or extension and any agreement contained in the same, (b) at all times that the promissory note is held by the insured lender in guarantee for the sums specified in sub-paragraph (Two) of the NINTH paragraph consigned herein, to guarantee the fulfillment of the agreement of the mortgage debtor to indemnify and maintain the mortgage creditor free against losses under the endorsement of insurance due to the breach on the part of the mortgage debtor,  and (c) in any case and at all times in guarantee of the additional sums consigned in sub-paragraph (Three) of the NINTH paragraph of this instrument and to ensure the compliance of each and every one of the agreements and stipulations of the mortgage debtor contained herein or in any other supplementary agreement, the mortgage debtor, by means of the present document, constitutes a voluntary mortgage in favor of the mortgage creditor with regard to the goods described in the ELEVENTH paragraph further on, as well as over the rights, interest, rights of way, hereditary rights, accessions belonging to the same, any rental fees, credits, benefits from the same and all product and income from the same, any personal improvement or property in the present or which in the future is added  or which is reasonably necessary for the use of the same, with regard to the waters, the water rights or shares in the same, belonging to the properties or to all payments which at any time are owed to the mortgage debtor by virtue of the sale, lease, transfer, alienation or total or partial expropriation of or due to damages to any part of the same or to the interest in them, it being understood that this lien shall be in full effect until the amounts specified in the NINTH paragraph with their interest, before and after the due date, until the same have been paid off in their entirety.  In the event of foreclosure, the goods shall answer for the payment of the principal, the interest before and after the due date, until they have been totally

paid off, loss suffered by the mortgage creditor as insurer for the promissory note, taxes, insurance premium or any other outlay or advance payment on the part of the  mortgage creditor to the account of the mortgage debtor with its interest until they have paid the mortgage creditor  the costs, expenses and attorney's fees of the mortgage creditor.  Any extension or renewal of said obligations with interest on each and every other charge or additional sum specified in the NINTH paragraph of this document.

SIXTH:  The mortgage debtor expressly agrees to the following:

(One)  Pay the mortgage creditor promptly upon its maturity any debt guaranteed herein and indemnify and maintain free from loss the mortgage creditor under the insurance for the payment of the promissory note due to the lack of compliance on the part of the mortgage debtor.  At all times when the promissory note is held by the insured lender, the mortgage debtor shall continue making the payments against said promissory note to the mortgage creditor as collection agent for the holder of the same.

(Two)    To pay the mortgage creditor  an initial fee for  inspection  and  appraisal and any charge  for arrears  required in the present or in the future by the regulations of the Farmers Home Administration.

(Three)    At all times when the promissory note is held by an insured lender, any sum owed and unpaid under the terms of the promissory note, minus the annual amount or charge, may be paid by the mortgage creditor to the holder of the promissory note under the terms provided in the promissory note and in the insurance endorsement referred to in the preceding FOURTH paragraph to the account of the mortgage debtor.

Any sum due and unpaid under the terms of the promissory note, whether  this  is  held  by  the mortgage creditor or by the insured lender, may be credited  by  the  mortgage creditor toward the promissory note and as a result shall  constitute an advance payment on the part of the mortgage creditor to the account of the mortgage debtor.

Any advance on the part of the mortgage creditor such as it is described in this sub-paragraph shall accrue interest at the rate of five  percent  (5%) annually from the date when the payment was due until  the date when the mortgage debtor so satisfies it.

(Four):    Whether  the  promissory  note  was  insured  by  the  mortgage  creditor  or  not,

-4-

any or all advance payments made by the mortgage creditor for the insurance premium, repairs, encumbrances or other claims in the protection of the mortgaged goods or for taxes or other similar expenses due to the fact that the mortgage debtor had stopped paying the same, shall accrue interest at the rate of the type stipulated in the previous sub-paragraph from the date of said advance payments until the same have been satisfied by the mortgage debtor.

(Five)   Any advance payment made by the mortgage creditor described in this mortgage with its interest shall be due immediately and shall be payable by the mortgage debtor to the mortgage creditor without the need for any requirement whatsoever at the place designated in the promissory note and shall be guaranteed by means of the present mortgage.  No advance payment made by the mortgage creditor shall release the mortgage debtor from its violation of the agreement to pay.  Said advance payments, with their interest shall be reimbursed from the first payments received from mortgage debtor.  If there were no advance payments, any payment verified by the mortgage debtor may be applied toward the promissory note or toward any other debt of the mortgage debtor guaranteed  herein in the order in which it were to be determined by the mortgage creditor.

(Six)   Use the sum of the loan evidenced  by the promissory note solely for the purpose authorized by the mortgage creditor.

(Seven)   To pay upon their maturity the taxes, special taxes, liens and charges which encumber the goods or the rights or interest of the mortgage debtor under the terms of this mortgage.

(Eight)   Obtain and maintain insurance against fire and other risks as required from the mortgage creditor with regard to the existing buildings and the improvements on the goods or any other improvement introduced in the future.  The insurance against fire and other risks shall be in the form and for the amounts, terms and conditions approved by the mortgage creditor.

(Nine)  Conserve the goods in good conditions and promptly verify the necessary repairs for the conservation of the goods;  shall not commit nor allow the commission of any deterioration of the goods;  neither shall remove nor demolish any building or improvement in the goods, neither shall cut or remove wood from the farm, neither shall remove nor allow the removal of gravel, sand, oil, gas, charcoal or other minerals without the consent of the mortgage creditor and shall promptly carry out the repairs on the goods that

-5-

the mortgage creditor requires from time to time.  The mortgage debtor shall comply with those practices for the conservation of soil and the plans of the property and of the home which the mortgage creditor may prescribe from time to time.

(Ten)  If this mortgage is granted for a loan to a property owner pursuant to how it is identified in the regulations of the Farmers Home Administration, the mortgage debtor personally shall operate the goods by themselves and by means of his family as a farm and for no other purpose and shall not lease the farm or part of it unless the mortgage creditor consents to it in writing in another method of operation or to the lease.

(Eleven)   Shall submit in the manner and form in which the mortgage creditor requires the information regarding his income and expenses and any other information related to the operation of the goods and shall comply with all the laws, ordinances and  regulations affecting the goods or their use.

(Twelve)   The mortgage creditor, his agents and attorneys, shall at all times have the right to inspect and examine the goods for the purpose of determining whether the  guaranty granted is being undermined or deteriorated, and if said examination or inspection were to determine, in the judgment of the mortgage creditor, that the guarantee granted is being undermined or deteriorated, such condition shall be considered as a violation on the part of the mortgage debtor of the agreements of this mortgage.

(Thirteen)   If any other person were to illegally keep or challenge the right of possession  of the mortgage debtor with regard to the goods, the mortgage debtor shall immediately  notify the mortgage creditor of said action and the mortgage creditor, at his option, may institute those procedures that were necessary in defense of  his interest and the expenses and outlays incurred  in by the mortgage creditor in said proceedings, shall be charged to the debt of the mortgage debtor and shall be considered guaranteed by this mortgage within the additional credit of the mortgage clause for advance payments, expenses and other payments.

(Fourteen)   If the mortgage debtor, at any time while this mortgage is in effect, were to abandon the goods or voluntarily hand them over to the mortgage creditor, the mortgage creditor is, by means of the present document authorized and  with powers to take possession of the goods, lease them  and administrate the goods and collect their rental fees, benefits and income of the same

-6-

and apply them in the first term to the expenses for collection and administration and in second term to the payment of the debt evidenced by the promissory note or any other debt of the mortgage debtor and guaranteed herein, in the order and manner in which it were to be determined by the mortgage creditor.

(Fifteen)   At any time that the mortgage creditor were to determine that the mortgage debtor could obtain a loan from a credit association for production, from a Federal Bank or other reliable source, cooperative or private, at a reasonable rate of interest and terms for loans for similar time and purposes, the mortgage debtor, at the request of the mortgage creditor, shall request and accept said loan in sufficient amount to satisfy the promissory note and any other debt guaranteed herein and pay for the necessary shares at the cooperative agency with regard to said loan.

(Sixteen)   The lack of fulfillment of any of the obligations guaranteed by this mortgage, or if the mortgage debtor or any other person included as mortgage debtor were to default in the payment of any amount or violate or not comply with any clause, condition, stipulation or covenant or agreement contained herein, or in any supplementary covenant, or were to die or declared himself or were to be declared incompetent, in bankruptcy, insolvent or were to make a cession to the benefit of his creditors, or the goods or part of them or any interest in the same were to be ceded, sold, leased, transferred or encumbered, voluntarily or in another manner, without the written consent on the part of the mortgage creditor, the mortgage creditor is irrevocably authorized and empowered, at his option and without notice: (One) to declare any unpaid debt under the terms of the promissory note or any other debt to the mortgage creditor guaranteed herein, immediately due and payable and proceed to its foreclosure in agreement to the law and the terms of the same; (Two) incur and pay the reasonable expenses for the repair or maintenance of the goods and any expense or obligation which the mortgage debtor did not pay pursuant to how it was agreed upon in this mortgage, including the taxes, insurance premium and any other payment or expense for the protection and conservation of the goods and of this mortgage or lack of compliance of any precept of this mortgage and (Three) to request the protection of the law.

(Seventeen)   The mortgage debtor shall pay or reimburse the mortgage creditor all the necessary expenses for the faithful compliance of the covenants and agreements of this mortgage, those of the promissory note and in any other

-7-

supplementary agreement, including the expenses for surveying, evidence of title, costs, registration and attorney's fees.

(Eighteen)   Without affecting in any way whatsoever the rights of the mortgage creditor to request and enforce compliance on any later date the covenants, agreements or obligations contained herein or similar ones or other covenants and without affecting the liability of any person for the payment of the promissory note or any other debt guaranteed herein and without affecting the lien imposed on the goods or the priority of the lien, the mortgage creditor is, by means of the present document, authorized and empowered at any time (One) to waive the compliance of any agreement or obligation contained herein or in the promissory note or in any supplementary covenant; (Two) negotiate with the mortgage debtor or grant to the mortgage debtor any indulgence or tolerance or extension of time for the payment of the promissory note (with the consent of the holder of said promissory note when it is in the hands of an insured lender) or for the payment of any debt in favor of the mortgage creditor, and guaranteed herein; or (Three) grant and deliver partial cancellations of any part of the goods of the mortgage constituted herein or grant deferment or postponement of this mortgage in favor of any other lien constituted over said goods.

(Nineteen)   All the rights, title and interest in and on the present mortgage, including but not limiting the power to execute consents, partial cancellations, subordination, total cancellation, lies solely and exclusively on the mortgage creditor and no insured lender shall have any right, title or interest whatsoever in or with regard to the lien and the benefits contained herein.

(Twenty)   The breach this mortgage shall constitute default of any other mortgage, farm loan, or mortgage for movable goods owned or insured by the mortgage creditor and granted or assumed by the mortgage debtor; and the default of any of said instruments of guaranty shall constitute default of this mortgage.

(Twenty-one)   Any notice that may be have to be given under the terms of this mortgage shall be forwarded by certified mail unless the contrary is ordered by law, and it shall be directed until another address is designated in a notice given to that effect, in the case of the mortgage creditor to the Farmers Home Administration, the United States Department of Agriculture, San Juan, Puerto Rico, and in the case of the mortgage debtor, to him at the postal address

-8-

of his residence pursuant to how it is specified further on.

(Twenty-two)    By means of the present document, the mortgage debtor cedes to the mortgage creditor the sum of any judgment obtained by condemnation under sovereign right of eminent domain for public use of the goods or part of them as well as  the sum of the judgment for damages caused to the goods.  The mortgage creditor shall apply the sum that he receives  to the payment of the expenses in which it incurred in its collection and the balance to the payment of the promissory note and any debt to the mortgage creditor guaranteed by this mortgage, and if there were any surplus left, it shall be reimbursed to the mortgage debtor.

SEVENTH:    So that it will serve as rate for the first auction that must be held in the event of foreclosure of this mortgage, in conformity to the mortgage law, as amended, the mortgage debtor, by means of the present document, appraises the mortgaged goods in the sum of   FIFTY-FIVE THOUSAND TWO HUNDRED AND SEVENTY DOLLARS ($55,270.00)

EIGHTH:    The mortgage debtor, by means of the present document, waives the requirement endeavor and shall be considered in default without the need of any notice whatsoever on the part of the mortgage creditor. This mortgage is subject to the regulations of the Farmers Home Administration  now in effect and to future regulations, not inconsistent with the terms of this mortgage, as well as also subject to the laws of the Congress of the United States of America which authorize the assignment and the insuring of the aforementioned loan.

NINTH:    The amounts guaranteed by this mortgage are the following:

One. At all times when the promissory note mentioned in the THIRD paragraph of this mortgage is held by the mortgage creditor or in the event that the mortgage creditor were to cede this mortgage without ensuring the promissory note: FIFTY-FIVE THOUSAND TWO HUNDRED AND SEVENTY DOLLARS ($55,270.00) the principal of said promissory note, with its interest  as they have been  stipulated at the rate of five percent ( 5%) annually;

Two. At all times when the promissory note is held  by an insured lender:

(A)    FIFTY-FIVE THOUSAND TWO HUNDRED AND SEVENTY

DOLLARS   ($55,270.00)

to indemnify the mortgage creditor for advances to the lender insured due to the lack of compliance of the mortgage debtor of paying the installments as is specified in the promissory note, with interest as specified in the SIXTH paragraph, Third:

(B)     SEVENTY-TWO THOUSAND NINE HUNDRED AND FIVE

DOLLARS ($72,905.00)

to indemnify the mortgage creditor against any loss that it may suffer under his insurance for the payment of the promissory note;

Three.     In any case and at all times:

(A)     TWENTY, I SAY TWENTY-ONE THOUSAND ONE HUNDRED AND EIGHT

DOLLARS ($21,108.00)

for interest after the arrears;

(B)     ELEVEN THOUSAND FIFTY-FOUR

DOLLARS ($11,054.00)

for taxes, social security and other prepayments for the conservation of this mortgage, with interest at the rate stipulated in the SIXTH paragraph, Third;

(C)     FIVE THOUSAND FIVE  HUNDRED TWENTY-SEVEN          DOLLARS ($5,527.00)

for costs, expenses and attorney's fees in case of foreclosure;

(D)     FIVE THOUSAND FIVE  HUNDRED TWENTY-SEVEN          DOLLARS ($5,527.00)

for costs and expenses incurred in by the mortgage creditor in proceedings to defend its interest against any person who intervenes or challenges the right of possession of the mortgage debtor to the goods as they are consigned in the SIXTH paragraph, Thirteen.

TENTH:     That the promissory note or notes to which reference is made in the THIRD paragraph of this mortgage is or are described as follows:

"Promissory note executed in case number   sixty-three dash twenty-nine dash five eight zero seven eight four nine two nine (63-29-580784929), dated April 1   of   one thousand nine hundred eighty-one

-10-

for the sum of FIFTY-FIVE THOUSAND TWO HUNDRED AND SEVENTY dollars of principal plus interest on the balance of the principal owed at the rate of five (5%) percent annually, until its principal has been totally satisfied pursuant to the terms, installments, conditions and stipulations contained in said promissory note and pursuant to how they have been agreed upon and convened between the Borrower and the Government;  except the final payment of the total of the debt represented herein,  if it has not been  previously  satisfied,    shall   be due and payable within FORTY  years from the date of  this promissory note.

Said promissory note has been executed as evidence of a loan granted by the government to the borrower in conformity with the Law from the United States of America Congress entitled Consolidated Farm and Rural Development Act of 1961 or in conformity with Title V of the Housing Act of 1949,  pursuant to how they have been amended and is subject to the present regulations of the Farmers Home Administration and the future Regulations which are not inconsistent with said Law. Of which description, I the Authorizing Notary, GIVE FAITH.

ELEVENTH:    That the property object of the present deed and over which the Voluntary Mortgage is constituted, is described as follows:

(Handwritten note on the left-hand margin next to the following description: back side of Page 71, Book 178 Hatillo, Property #9335, Third Registration.)

A)     URBQAN, I say, URBAN:     Lot marked with the number five of block E of the registration plan of the San Ramón Extension Residential Development located in the Pueblo  Ward, of the  Municipality of Hatillo, with a superficial area of FOUR HUNDRED NINETY-TWO POINT EIGHTY-FIVE SQUARE METERS. Abutting on the North, at thirteen point forty meters with street number ten; on the South, at thirteen point forty-eight meters with  state road number two hundred nineteen; on the East, at thirty-seven point fifty meters with lot number six of block E and on the West, at twenty-six meters  with lot mn, I say, number four of block E.  There is located on it a structure dedicated for dwelling built out of reinforced concrete and reinforced concrete blocks.  Registered on page seventy of book one hundred seventy-eight, I say,  of Hatillo, property number nine thousand three hundred thirty-five.

(Handwritten note on the left-hand margin next to the following description: Page 127, Book 106, Property #2420, 20th. Registration.)

RURAL:     Located in the Bayaney Ward of Hatillo, comprised of ONE HUNDRED FORTY-ONE POINT FOUR HUNDRED THIRTY-FIVE , I say, FIVE "CUERDAS" (141.435) equivalent to fifty-four hectares, sixty-nine ares, four centiares and sixty-one milliares.  Abutting on the North with the Estate of  Ildelfonso Villanueva; South, Francisco Micheo and a creek; East, Francisco Micheo and to the West, bed of the Lajas Creek of the Camuy River. Registered on page one hundred ninety of book fifty-seven of Hatillo, property number two thousand four hundred twenty.

11

The borrower acquired the property described through purchase from Fortunato Rivera and Margarita Correa, the property described under the letter B as is stated by Deed Number THIRTY-SEVEN, dated August twenty-four of one thousand nine hundred seventy-nine, executed in the city of Arecibo before Notary Manlio Z, I say, Arraiza Donate.

Said property is encumbered by mortgage for the sum of THIRTY THOUSAND DOLLARS and mortgage for the sum of ONE HUNDRED THREE THOUSAND THREE HUNDRED DOLLARS ($103,000) in favor of the United States of America.

TWELFTH:   That there appear as mortgage debtors in the present deed: Armando Santos Negrón and Nydia Rivera, of legal age, married to each other, property owners and residents of Hatillo, Puerto Rico whose postage address is Box two hundred twenty-four, Hatillo, Puerto Rico.

THIRTEENTH:   The sum of the loan consigned herein was used or shall used for agricultural purposes and the construction and/or repair and/or improvements of the physical installations of the property  described.

FOURTEENTH:  The borrowers shall personally occupy and use  any structure that may have been built, improved or purchased with the sum of the loan guaranteed herein and shall not lease or use for other purposes said structure unless the Government consents to it in writing.  The violation of this clause like the violation of any other agreement or clause contained herein shall bring about the maturity of the obligation as if the entire term had elapsed and in attitude the Government were to declare the loan due or payable and proceed to the foreclosure of the mortgage.

FIFTEENTH:  This mortgage is expressly extended to any existing construction or building on the property or properties described above

12

and to any improvement, construction or building which is built on said property during the effective period of the mortgage loan constituted in favor of the Government, verified by the present debtor owners or by their cessionnaires or assigns.

SIXTEENTH:    By means of the present document, the Mortgage Debtors, waive, severally and jointly by themselves and in the name of his heirs, successors, assigns or representatives, in favor of the creditor (Farmers Home Administration), any Homestead right which in the present or in the future he could have in the property described in the eleventh paragraph and in the buildings located therein or which were to be built in the future; this is allowed in favor of the Farmers Home Administration by Act Number thirteen (13) of May twenty-eight (28) of one thousand nine hundred sixty-nine (1969) (31 L.P.R.A. 1851).

SEVENTEENTH:    The creditor and the mortgage debtor agree that any stove, oven, heater purchased or financed entirely or partially responds from the loan guaranteed herein, shall be considered and construed as part of the property encumbered by this Mortgage.

EIGHTEENTH:    In like manner, this document guarantees the rescue or recovery of any credit or interest or subsidy which may be granted to the borrowers by the Government in accordance to the provisions of Title Forty-two of the United States Code, section One Thousand Four Hundred Ninety Dash "A", (42 U.S.C. 1490-A).

NINETEENTH:    The mortgage debtors state that since they are dealing with a loan for agricultural purposes, they have agreed to not distribute the liability among the properties encumbered and therefore, tot, I say, all of them shall answer, severally and jointly

13

for the debt, principal, interest, costs and other credits guaranteed by this deed, all of it in conformity to Article one hundred nineteen of the Mortgage Act pursuant to how the same has been amended by the Mortgage Act, I say, Number seventy-nine of June twenty-five of one thousand nine hundred sixty-nine.

TWENTIETH: Since we are dealing with a loan of limited resources as indicated in the promissory note, the Government may change the percentage of interest in accordance to the regulations of the Farmers Home Administration.

## ACCEPTANCE AND WARNINGS

I, the Notary, having made the relevant legal warnings and having read this deed to the grantors through a waiver which they made of their right to read it by themselves, which I warned them they had, they accept it in the manner in which it is drafted and they sign it along with me, in addition to having all the grantors place their initials on each and every one of the pages of this deed. And with regard to my personal knowledge of the grantors and on the basis of their statements regarding their personal circumstances and domicile and that the corresponding Internal Revenue stamps and those of the Notarial Fee have been duly attached and cancelled and about everything else consigned in this public instrument, I, the Authorizing Notary, GIVE FAITH.

SIGNED: Armando Santos Negrón. Nydia Rivera.

Signed, stamped, paraphed and with the Notary's mark put on it., Francisco J. Arraiza Donate.

Stamped note: It's the first certified copy, faithful and exact of its original which appears in my protocol of public instruments of (illegible) of the year in course (illegible) corresponding Internal Revenue stamps and (illegible) the present (illegible) on same date as that of its execution and I leave a note of its removal on the main original document. I GIVE FAITH.

(signed) Francisco J. Arraiza Donate

(Note: all the pages are stamped with the seal of Francisco J. Arraiza Donate, Attorney, Notary, Island of Puerto Rico.)

(Note: all the pages are stamped with the seal of the Property Registry, Arecibo Section, Puerto Rico.)

(There is stamp from the Puerto Rico Bar Association in the amount of $1.00)

14

Handwritten note:

Registered where the notes on the margin notes of the descriptions of each one of the properties indicates.

Property #9335 is encumbered with restrictive conditions of use, to three rights of way in favor of the

Aqueducts and Sewers Authority of Puerto Rico, Pluvial Sources Authority of Puerto Rico, Puerto Rico

Telephone Company, to mortgage for $30,000.00 and $103,300.00 in favor of the United States of America;

property #2420 is encumbered on the basis of its origin to a lease and sub-lease in favor of Francisco

Hernández Vargas, to mortgage for the sum of $103,300.00 in favor of the United States of America and

to the mortgages which are constituted by this title (Arecibo).  Arecibo, on April 7, 1981.


Exempt                                              (signed)

                                                    Registrar


(Note: this page is stamped with the seal of the Property Registry, Arecibo Section, Puerto Rico.)

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter/Translator

15

Forma FmHA 427-1 PR
10/77

---------------------NUMERO SESENTA Y SEIS-------

-- -------- HIPOTECA VOLUNTARIA ------

En Camuy, Puerto Rico a primero de abril de mil---
novecientos ochenta y uno.------------------

------------------ ANTE MI ------------------
-------------FRANCISCO J. ARRAIZA DONATE-----------

Abogado y Notario Público de esta Isla con residencia y vecindad en
Arecibo, Puerto Rico      y oficina en Camuy, Puerto Rico.

-----------------COMPARECEN----------------

Las personas nombradas en el párrafo DUODECIMO de esta hipoteca
denominados de aquí en adelante el "deudor hipotecario" y cuyas
circunstancias personales aparecen de dicho párrafo. ------------------

Doy fe del conocimiento personal de los comparecientes, así como por sus
dichos de su edad, estado civil, profesión y vecindad. ----------------

Aseguran hallarse en el pleno goce de sus derechos civiles, la libre
administración de sus bienes y teniendo a mi juicio la capacidad legal
necesaria para este otorgamiento, y en tal virtud libremente:-

-----------------------EXPONEN-----------------------

PRIMERO: El deudor hipotecario es dueño de la finca o fincas descritas en
el párrafo UNDECIMO así como de todos los derechos e intereses en las
mismas, denominada de aquí en adelante "los bienes". ----------------

SEGUNDO: Que los bienes aquí hipotecados están afectos a los
gravámenes que se especifican en el párrafo UNDECIMO. -------------

TERCERO: Que el deudor hipotecario viene obligado para con Estados
Unidos de América, actuando por conducto de la Administración de Hogares
de Agricultores, denominado de aquí en adelante el "acreedor hipotecario",
en relación con un préstamo o préstamos evidenciado por uno o más pagarés
o convenio de subrogación, denominado en adelante el "pagaré", sean uno o
más. Se requiere por el Gobierno que se hagan pagos adicionales mensuales
de una doceava parte de las contribuciones, avalúos (impuestos), primas de



I

Forma FmHA-427-1 PR
10/77

seguros y otros cargos que se hayan estimados sobre la propiedad hipotecaria.————————————————————————————————

CUARTO: Se sobreentiende que: ———————————————————————————

(Uno) El pagaré evidencia un préstamo o préstamos al deudor hipotecario por la suma de principal especificada en el mismo, concedido, con el propósito y la intención de que el acreedor hipotecario puede ceder el pagaré en cualquier tiempo y asegurar su pago de conformidad con el Acta de mil novecientos sesenta y uno consolidando la Administración de Hogares de Agricultores o el Título Quinto de la Ley de Hogares de mil novecientos cuarenta y nueve, según ha sido enmendada. ———————————————

(Dos) Cuando el pago del pagaré es garantizado por el acreedor hipotecario, puede ser cedido de tiempo en tiempo y cada tenedor de dicho pagaré a su vez será el prestamista asegurado. ———————————————————————

(Tres) Cuando el pago del pagaré es asegurado por el acreedor hipotecario, el acreedor hipotecario otorgará y entregará al prestamista asegurado conjuntamente con el pagaré un endoso de seguro garantizando totalmente el pago de principal e intereses de dicho pagaré.————————————————

(Cuatro) En todo tiempo que el pago del pagaré esté asegurado por el acreedor hipotecario, el acreedor hipotecario, por convenio con el prestamista asegurado, determinarán en el endoso de seguro la porción del pago de intereses del pagaré que será designada como "cargo anual".————

(Cinco) Una condición del aseguramiento de pago del pagaré será de que el tenedor cederá todos sus derechos y remedios contra el deudor hipotecario y cualquiera otro en relación con dicho préstamo así como también a los beneficios de esta hipoteca y aceptará en su lugar los beneficios del seguro, y en caso de violación de cualquier convenio o estipulación aquí contenida o en el pagaré o en cualquier convenio suplementario por parte del deudor hipotecario, a requerimiento del acreedor hipotecario endosará el pagaré al acreedor hipotecario. ——————————————————————————————

(Seis)   Entre otras cosas, es el propósito e intención de esta hipoteca, que en todo tiempo cuando el pagaré esté en poder del acreedor hipotecario, o en el caso en que el acreedor hipotecario ceda esta hipoteca sin asegurar el pagaré, esta hipoteca garantizará el pago del pagaré pero cuando el pagaré





Forma FmHA-427·1 PR
10/77

esté en poder de un prestamista asegurado, esta hipoteca no garantizará el pago del pagaré o formará parte de la deuda evidenciada por el mismo, pero en cuanto al pagaré y a dicha deuda, constituirá una hipoteca de indemnización para garantizar al acreedor hipotecario contra cualquier pérdida bajo el endoso de seguro por causa de cualquier incumplimiento por parte del deudor hipotecario. ————————————————————————

QUINTO  Que en consideración al préstamo y (a) en todo tiempo que el pagaré sea conservado por el acreedor hipotecario o en el caso de que el acreedor hipotecario ceda la presente hipoteca sin el seguro de pago del pagaré y en garantía del importe del pagaré según se especifica en el subpárrafo (Uno) del párrafo NOVENO con sus intereses al tipo estipulado y para asegurar el pronto pago de dicho pagaré, su renovación o extensión y cualquier convenio contenido en el mismo, (b) en todo tiempo que el pagaré sea poseído por el prestamista asegurado en garantía de las sumas especificadas en el subpárrafo (Dos) del párrafo NOVENO aquí consignado, para garantizar el cumplimiento del convenio del deudor hipotecario de indemnizar y conservar libre al acreedor hipotecario contra pérdidas bajo el endoso de seguro por razón de incumplimiento del deudor hipotecario y (c) en cualquier caso y en todo tiempo en garantía de las sumas adicionales consignadas en el subpárrafo (Tres) del párrafo NOVENO de este instrumento y para asegurar el cumplimiento de todos y cada uno de los convenios y estipulaciones del deudor hipotecario aquí contenidos o en cualquier otro convenio suplementario, el deudor hipotecario por la presente constituye hipoteca voluntaria a favor del acreedor hipotecario sobre los bienes descritos en la párrafo UNDECIMO más adelante, así como sobre los derechos, intereses, servidumbres, derechos hereditarios, adhesiones pertenecientes a los mismos, toda renta, créditos, beneficios de los mismos, y todo producto e ingreso de los mismos, toda mejora o propiedad personal en el presente o que en el futuro se adhiera o que sean razonablemente necesarias para el uso de los mismos, sobre las aguas, los derechos de agua o acciones en los mismos, pertenecientes a las fincas o a todo pago que en cualquier tiempo se adeude al deudor hipotecario por virtud de la venta, arrendamiento, transferencia, enajenación o expropiación total o parcial de o por daños a cualquier parte de las mismas o a los intereses sobre ellas, siendo entendido que este gravámen quedará en toda su fuerza y vigor hasta que las cantidades especificadas en el párrafo NOVENO con sus intereses antes y después del vencimiento hasta que los mismos hayan sido pagados en su totalidad. En caso de ejecución, los bienes responderán del pago del principal, los intereses antes y después de vencimiento, hasta su total





FORMA FmHA-427·1 PR

Forma FmHA-427-1 PR
10/77

solvento, pérdida sufrida por el acreedor hipotecario como asegurador del pagaré, contribuciones, prima de seguro o cualquier otro desembolso o adelanto por el acreedor hipotecario por cuenta del deudor hipotecario con sus intereses hasta que sean pagados al acreedor hipotecario, costas, gastos y honorarios de abogado del acreedor hipotecario, toda extensión o renovación de dichas obligaciones con intereses sobre todas y todo otro cargo o suma adicional especificada en el párrafo NOVENO de este documento, —————

SEXTO: El deudor hipotecario expresamente conviene lo siguiente: ————

(Uno) Pagar al acreedor hipotecario prontamente a su vencimiento cualquier deuda aquí garantizada e indemnizar y conservar libre de pérdida al acreedor hipotecario bajo el seguro del pago del pagaré por incumplimiento del deudor hipotecario. En todo tiempo cuando el pagaré sea poseído por el prestamista asegurado, el deudor hipotecario continuará haciendo los pagos contra dicho pagaré al acreedor hipotecario como agente cobrador del tenedor del mismo. ————————————————————



(Dos) A pagar al acreedor hipotecario una cuota inicial por inspección y tasación y cualquier cargo por delincuencia requerido en el presente o en el futuro por los reglamentos de la Administración de Hogares de Agricultores.

(Tres) En todo tiempo cuando el pagaré sea poseído por un prestamista asegurado, cualquier suma adeudada y no pagada bajo los términos del pagaré, menos la cantidad o carga anual, podrá ser pagada por el acreedor hipotecario al tenedor del pagaré bajo los términos provistos en el pagaré y en el endoso de seguro referido en el párrafo CUARTO anterior por cuenta del deudor hipotecario. ————————————————

Cualquier suma vencida y no pagada bajo los términos del pagaré, sea éste poseído por el acreedor hipotecario o por el prestamista asegurado, podrá ser acreditada por el acreedor hipotecario al pagaré y en su consecuencia constituirá un adelanto por el acreedor hipotecario por cuenta del deudor hipotecario.————————————————————————

Cualquier adelanto por el acreedor hipotecario tal como se describe en este subpárrafo devengará intereses a razón del   CINCO———————— por ciento (   5   %) anual a partir de la fecha en que venció el pago hasta la fecha en que el deudor hipotecario lo satisfaga.———————————————

(Cuatro) Fuere o no el pagaré asegurado por el acreedor hipotecario,



Forma FmHA-427-1 PR
10:77

cualquier o todo adelanto hecho por el acreedor hipotecario para prima de seguro, reparaciones, gravámenes u otra reclamación en protección de los bienes hipotecados o para contribuciones o impuestos u otro gasto similar por razón de haber el deudor hipotecario dejado de pagar por los mismos, devengará intereses a razón del tipo estipulado en el subpárrafo anterior desde la fecha de dichos adelantos hasta que los mismos sean satisfechos por el deudor hipotecario. ———————————————————————

(Cinco) Todo adelanto hecho por el acreedor hipotecario descrito en esta hipoteca con sus intereses vencerá inmediatamente y será pagadero por el deudor hipotecario al acreedor hipotecario sin necesidad de requerimiento alguno en el sitio designado en el pagaré y será garantizado por la presente hipoteca. Ningún adelanto hecho por el acreedor hipotecario no relevará al deudor hipotecario de su violación del convenio de pagar. Dichos adelantos, con sus intereses, se reembolsarán de los primeros pagos recibidos del deudor hipotecario. Si no hubieren adelantos, todo pago verificado por el deudor hipotecario podrá ser aplicado al pagaré o a cualquier otra deuda del deudor hipotecario aquí garantizada en el orden que el acreedor hipotecario determinare. ———————————————————————

(Seis) Usar el importe del préstamo evidenciado por el pagaré únicamente para los propósitos autorizados por el acreedor hipotecario. ———————

(Siete) A pagar a su vencimiento las contribuciones, impuestos especiales, gravámenes y cargas que graven los bienes o los derechos o intereses del deudor hipotecario bajo los términos de esta hipoteca. ———————

(Ocho) Obtener y mantener seguro contra incendio y otros riesgos según requiera el acreedor hipotecario sobre los edificios y las mejoras existentes en los bienes o cualquier otra mejora introducida en el futuro. El seguro contra fuego y otros riesgos serán en la forma y por las cantidades, términos y condiciones que aprobare el acreedor hipotecario. ———————————

(Nueve) Conservar los bienes en buenas condiciones y prontamente verificar las reparaciones necesarias para la conservación de los bienes; no cometerá ni permitirá que se cometa ningún deterioro de los bienes; ni removerá ni demolerá ningún edificio o mejora en los bienes, ni cortará ni removerá madera de la finca, ni removerá ni permitirá que se remueva grava, arena, aceite, gas, carbón u otros minerales sin el consentimiento del acreedor hipotecario y prontamente llevará a efecto las reparaciones en los bienes que



FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

el acreedor hipotecario requiera de tiempo en tiempo. El deudor hipotecario cumplirá con aquellas prácticas de conservación de suelo y los planes de la finca y del hogar que el acreedor hipotecario de tiempo en tiempo pueda prescribir. ————————————————

(Diez) Si esta hipoteca se otorga para un préstamo a dueño de finca según se identifica en los reglamentos de la Administración de Hogares de Agricultores, el deudor hipotecario personalmente operará los bienes por sí y por medio de su familia como una finca y para ningún otro propósito y no arrendará la finca ni parte de ella a menos que el acreedor hipotecario consienta por escrito en otro método de operación o al arrendamiento. ————

(Once) Someterá en la forma y manera que el acreedor hipotecario requiera la información de sus ingresos y gastos y cualquier otra información relacionada con la operación de los bienes y cumplirá con todas las leyes, ordenanzas y reglamentos que afecten los bienes o su uso. ————————

(Doce) El acreedor hipotecario, sus agentes y abogados, tendrán en todo tiempo el derecho de inspeccionar y examinar los bienes con el fin de determinar si la garantía otorgada está siendo mermada o deteriorada, y si dicho examen o inspección determinare, a juicio del acreedor hipotecario, que la garantía otorgada está siendo mermada o deteriorada, tal condición se considerará como una violación por parte del deudor hipotecario de los convenios de esta hipoteca. ————————————

(Trece) Si cualquier otra persona detentare con o impugnare el derecho de posesión del deudor hipotecario a los bienes, el deudor hipotecario inmediatamente notificará al acreedor hipotecario de dicha acción y el acreedor hipotecario, a su opción, podrá instituir aquellos procedimientos que fueren necesarios en defensa de sus intereses y los gastos y desembolsos incurrido por el acreedor hipotecario en dichos procedimientos, serán cargados a la deuda del deudor hipotecario y se considerarán garantizados por esta hipoteca dentro del crédito adicional de la cláusula hipotecaria para adelantos, gastos y otros pagos. ————————————

(Catorce) Si el deudor hipotecario en cualquier tiempo mientras estuviere vigente esta hipoteca, abandonare los bienes o voluntariamente se los entregase al acreedor hipotecario, el acreedor hipotecario es por la presente autorizado y con poderes para tomar posesión de los bienes, arrendarlos y administrar los bienes y cobrar sus rentas, beneficios e ingresos de los mismos





—6—

Forma FmHA-427-1 PR
10/77

y aplicarlos en primer término a los gastos de cobro y administración y en segundo término al pago de la deuda evidenciada por el pagaré o cualquier otra deuda del deudor hipotecario y aquí garantizada, en el orden y manera que el acreedor hipotecario determinare. ——————————————————

(Quince) En cualquier tiempo que el acreedor hipotecario determinare que el deudor hipotecario puede obtener un préstamo de una asociación de crédito para producción, de un Banco Federal u otra fuente responsable, cooperativa o privada, a un tipo de interés y términos razonables para préstamos por tiempo y propósitos similares, el deudor hipotecario, a requerimiento del acreedor hipotecario, solicitará y aceptará dicho préstamo en cantidad suficiente para satisfacer el pagaré y cualquier otra deuda aquí garantizada y pagar por las acciones necesarias en la agencia cooperativa en relación con dicho préstamo. ——————————————————



(Dieciseis) El incumplimiento de cualesquiera de las obligaciones garantizadas por esta hipoteca, o si el deudor hipotecario o cualquier otra persona incluida como deudor hipotecario faltare en el pago de cualquier cantidad o violare o no cumpliere con cualquier cláusula, condición, estipulación o convenio o acuerdo aquí contenido o en cualquiera convenio suplementario, o falleciere o se declarare o fuere declarado incompetente, en quiebra, insolvente o hiciere una cesión en beneficio de sus acreedores, o los bienes o parte de ellos o cualquier interés en los mismos fueren cedidos, vendidos, arrendados, transferidos o gravados voluntariamente o de otro modo, sin el consentimiento por escrito del acreedor hipotecario, el acreedor hipotecario es irrevocablemente autorizado y con poderes, a su opción y sin notificación: (Uno) a declarar toda deuda no pagada bajo los términos del pagaré o cualquier otra deuda al acreedor hipotecario aquí garantizada, inmediatamente vencida y pagadera y proceder a su ejecución de acuerdo con la ley y los términos de la misma; (Dos) incurrir y pagar los gastos razonables para la reparación o mantenimiento de los bienes y cualquier gasto u obligación que el deudor hipotecario no pagó según se conviniere en esta hipoteca, incluyendo las contribuciones, impuestos, prima de seguro y cualquier otro pago o gasto para la protección y conservación de los bienes y de esta hipoteca o incumplimiento de cualquier precepto de esta hipoteca y (Tres) de solicitar la protección de la ley. —————————————



(Diecisiete) El deudor hipotecario pagará o reembolsará al acreedor hipotecario todos los gastos necesarios para el fiel cumplimiento de los convenios y acuerdos de esta hipoteca, los del pagaré y en cualquier otro

Forma FmHA-427-1 PR
10/77

convenio suplementario, incluyendo los gastos de mensura, evidencia de
título, costas, inscripción y honorarios de abogado. —————— ————

(Dieciocho) Sin afectar en forma alguna los derechos del acreedor
hipotecario para requerir y hacer cumplir en cualquier fecha posterior los
convenios, acuerdos u obligaciones aquí contenidas o similares u otros
convenios y sin afectar la responsabilidad de cualquier persona para el pago
del pagaré o cualquier otra deuda aquí garantizada y sin afectar el gravámen
impuesto sobre los bienes o la prioridad del gravámen, el acreedor
hipotecario es por la presente autorizado y con poder en cualquier tiempo
(Uno) renunciar el cumplimiento de cualquier convenio u obligación aquí
contenida o en el pagaré o en cualquier convenio suplementario (Dos)
negociar con el deudor hipotecario o conceder al deudor hipotecario
cualquier indulgencia o tolerancia o extensión de tiempo para el pago del
pagaré (con el consentimiento del tenedor de dicho pagaré cuando esté en
manos de un prestamista asegurado) o para el pago de cualquier deuda a
favor del acreedor hipotecario, y aquí garantizada, o (Tres) otorgar y
entregar cancelaciones parciales de cualquier parte de los bienes de la
hipoteca aquí constituída u otorgar diferimiento o postergación de esta
hipoteca a favor de cualquier otro gravámen constituído sobre dichos bienes.

(Diecinueve) Todos los derechos, título e interés en y sobre la presente
hipoteca, incluyendo pero no limitando el poder de otorgar consentimientos,
cancelaciones parciales, subordinación, cancelación total, radica sola y
exclusivamente en el acreedor hipotecario y ningún prestamista asegurado
tendrá derecho, título o interés alguno en o sobre el gravámen y los
beneficios aquí contenidos. ————————————————

(Veinte) El incumplimiento de esta hipoteca constituirá incumplimiento de
cualesquiera otra hipoteca, préstamo refaccionario, o hipoteca de bienes
muebles poseída o asegurada por el acreedor hipotecario y otorgada o
asumida por el deudor hipotecario; y el incumplimiento de cualesquiera de
dichos instrumentos de garantía constituirá incumplimiento de esta hipoteca.

(Veintiuno) Todo aviso que haya de darse bajo los términos de esta hipoteca
será remitido por correo certificado a menos que se disponga lo contrario por
ley, y será dirigido hasta tanto otra dirección sea designada en un aviso dado
al efecto, en el caso del acreedor hipotecario a Administración de Hogares de
Agricultores, Departamento de Agricultura de Estados Unidos, San Juan,
Puerto Rico, y en el caso del deudor hipotecario, a él a la dirección postal de





FORMA FmHA-427-1 PR

-8-

Forma FmHA-427-1 PR
10/77

su residencia según se especifica más adelante. ————————————

(Veintidos) El deudor hipotecario por la presente cede al acreedor hipotecario el importe de cualquier sentencia obtenido por expropiación forzosa para uso público de los bienes o parte de ellos así como también el importe de la sentencia por daños causados a los bienes. El acreedor hipotecario aplicará el importe que reciba al pago de los gastos en que incurriere en su cobro y el balance al pago del pagaré y cualquier deuda al acreedor hipotecario garantizada por esta hipoteca, y si hubiere algún sobrante, se reembolsará al deudor hipotecario. ————————————

SEPTIMO: Para que sirva de tipo a la primera subasta que deberá celebrarse en caso de ejecución de esta hipoteca, de conformidad con la ley hipotecaria, según enmendada, el deudor hipotecario por la presente tasa los bienes hipotecados en la suma de **CINCUENTA Y CINCO MIL DOSCIENTOS-SETENTA DOLARES ($55,270.00).** ————————————

OCTAVO: El deudor hipotecario por la presente renuncia al trámite de requerimiento y se considerará en mora sin necesidad de notificación alguna por parte del acreedor hipotecario. Esta hipoteca está sujeta a los reglamentos de la Administración de Hogares de Agricultores ahora en vigor y a futuros reglamentos, no inconsistentes con los términos de esta hipoteca, así como también sujeta a las leyes del Congreso de Estados Unidos de América que autorizan la asignación y aseguramiento del préstamo antes mencionado. ————————————

NOVENO: Las cantidades garantizadas por esta hipoteca son las siguientes:

Una. En todo tiempo cuando el pagaré relacionado en el párrafo TERCERO de esta hipoteca sea poseído por el acreedor hipotecario o en caso que el acreedor hipotecario cediere esta hipoteca sin asegurar el pagaré: **CINCUENTA Y CINCO MIL DOSCIENTOS SETENTA** DOLARES ($ **55,270.00** ) el principal de dicho pagaré, con sus intereses según estipulados a razón del **CINCO**————————— por ciento ( **5** %) anual;

Dos. En todo tiempo cuando el pagaré es poseído por un prestamista asegurado:
(A) **CINCUENTA Y CINCO MIL DOSCIENTOS SETENTA**————————— **55,270.00** DOLARES ($ )



FORMA FmHA-427-1 PR

Forma FmHA 427-1 PR
10/77

para indemnizar al acreedor hipotecario por adelantos al prestamista asegurado por motivo del incumpimiento del deudor hipotecario de pagar los plazos según se especifica en el pagaré, con intereses según se especifica en el párrafo SEXTO, Tercero; —————————————

(B)  SETENTA Y DOS MIL NOVECIENTOS CINCO——————————
——————————————————————— DOLARES ($ 72,905.00 )
para indemnizar al acreedor hipotecario además contra cualquier pérdida que pueda sufrir bajo su seguro de pago del pagaré; ————————————

Tres. En cualquier caso y en todo tiempo; ———————————————

(A)  VEINTIC, digo, VEINTIUN MIL CIENTO OCHO——————————
——————————————————————— DOLARES ($ 21,108.00 )
para intereses después de mora; —————————————————————

(B)  ONCE MIL CINCUENTA Y CUATRO————————————————
——————————————————————— DOLARES ($ 11,054.00 )
para contribuciones, seguro y otros adelantos para la conservación y protección de esta hipoteca, con intereses al tipo estipulado en el párrafo SEXTO, Tercero; ——————————————————————————

(C)  CINCO MIL QUINIENTOS VEINTISIETE——————————————
——————————————————————— DOLARES ($ 5,527.00 )
para costas, gastos y honorarios de abogado en caso de ejecución; ————

(D)  CINCO MIL QUINIENTOS VEINTISIETE——————————————
——————————————————————— DOLARES ($ 5,527.00 )
para costas y gastos que incurriere el acreedor hipotecario en procedimientos para defender sus intereses contra cualquier persona que intervenga o impugne el derecho de posesión del deudor hipotecario a los bienes según se consigna en el párrafo SEXTO, Trece. ——————————————————

DECIMO:  Que el (los) pagaré(s) a que se hace referencia en el párrafo TERCERO de esta hipoteca es (son) descrito(s) como sigue: ——————————
"Pagaré otorgado en el caso número  sesentitres raya veintinueve raya cinco ocho cero siete ocho cuatro nueve dos———nueve (63-29-580784929)  fechado el día  primero——————————de  abril  de mil novecientos ochenta y uno—————
———————————————————————————————————————



10

Forma FmHA 427-1 PR
10/77

por la suma de CINCUENTA Y CINCO MIL DOSCIENTOS SETENTA—— ———————— dólares de principal más intereses sobre el balance del principal

adeudado a razón del CINCO————————————————————————

—————— ( 5 ) por ciento anual, hasta tanto su principal sea

totalmente satisfecho según los términos, plazos, condiciones y estipulaciones

contenidas en dicho pagaré y según acordados y convenidos entre el

Prestatario y el Gobierno; excepto el pago final del total de la deuda aquí

representada, de no haber sido satisfecho con anterioridad, vencerá y será

pagadero a los CUARENTA———————— años de la fecha de este pagaré.

—— Dicho pagaré ha sido otorgado como evidencia de un préstamo concedido

por el Gobierno al Prestatario de conformidad con la Ley del Congreso

de los Estados Unidos de América denominada "Consolidated Farm and

Rural Development Act of 1961" o de conformidad con el "Title V of

the Housing Act of 1949", según han sido enmendadas y está sujeto a los

presentes reglamentos de la Administración de Hogares de Agricultores

y a los futuros reglamentos no inconsistentes con dicha Ley . De cuya

descripción, yo, el Notario Autorizante, DOY FE. ——————————————

UNDECIMO: Que la propiedad objeto de la presente escritura y sobre la que

se constituye Hipoteca Voluntaria, se describe como sigue: ————————————



A) URBOAN,digo, URBANA: solar marcado con el número
cinco del bloque E del plano de inscripción de la—
Urbanización Extensión San Ramón situada en el ba—
rrio Pueblo del municipio de Hatillo, con una cabida
superficial de CUATROCIENTOS NOVENTIDOS PUNTO OCHEN
TA Y CINCO METROS CUADRADOS. En lindes por el Norte
en trece punto cuarenta metros con la calle número
diez; por el Sur, en trece punto cuarenta y ocho——
metros con la carretera estatal número doscientos—
diecinueve; por el Este, en treintisiete punto cin-
cuenta metros con el solar número seis del Bloque E
y por el Oeste, en veintiseis metros con el solar——
mn,digo, número cuatro del bloque E. Enclava una—
estructura dedicada a vivienda construída de hormi—
gón armado y bloques de hormigón. Inscrita al fo-
lio setenta del tomo ciento setentiocho dd,digo, de
Hatillo, finca número nueve mil trescientos treinti
cinco.————————————————————————————————————————————

B)RUSTICA: Radicada en el barrio Bayaney de Hatillo
compuesta de CIENTO CUARENTA Y UNA PUNTO CUATROCIEN
TOS TREINTA Y CINO,DIGO, CINCO CUERDAS (141.435)——
equivalentes a cincuenta y cuatro hectáreas, sesen-
ta y nueve áreas, cuatro centiáreas y sesentiuna———
miliáreas. Colinda por el Norte, Sucesión de Al-
fonso Villanueva; Sur, Francisco Micheo y una que—
brada; Este, Francisco Micheo y al Oeste, Cauce de
la Quebrada Lajas del Río Camuy. Inscrita al folio
ciento noventa del tomo cincuenta y siete de Hatillo,
finca número dos mil cuatrocientos veinte.——————————



11

Forma FmHA 427-1 PR
10/77



Adquirió el prestatario la descrita finca por compra a--------
**Fortunato Rivera y Margarita Correa, la finca descrita
bajo la letra B.**-----------------------------------------

según consta de la Escritura Número TREINTA Y SIETE-------
------------------------- de fecha veinticuatro de agosto de mil
setenta y nueve
novecientos / otorgada en la ciudad de Arecibo------

ante el Notario Manlio Z, digo, Arraiza Donate-----------

Dicha propiedad se encuentra afecta a una primera hipote-

ca por la suma de TREINTA MIL DOLARES y otra hipote-

ca por la suma de CIENTO TRES MIL TRESCIENTOS DOLA--

RES ($103,300.00) a favor de Estados Unidos de Améri-

ca.----------------------------------------------------

------------------------------------------------------

DUODECIMO: Que comparecen en la presente escritura como------
Deudores Hipotecarios Armando Santos Negrón y Nydia Rive-
ra, mayores de edad, casados entre sí, propietarios y-
vecinos de Hatillo, Puerto Rico.-----------------------
cuya direccion postal es:
Buzón doscientos veinticuatro, Hatillo, Puerto Rico.----


DECIMO TERCERO: El importe del préstamo aquí consignado se

usó ó será usado para fines agrícolas y la construcción y/o

reparación y/o mejoras de las instalaciones físicas en la-----

finca(s) descrita(s).-------- -------------------- --- ----

DECIMO CUARTO: El prestatario ocupará personalmente y usará--

cualquier estructura que haya sido construída, mejorada o-----

comprada con el importe del préstamo aquí garantizado y no----

arrendará o usará para otros fines dicha estructura a menos que

el Gobierno lo consienta por escrito. La violación de esta---

clausula como la violación de cualquiera otro convenio o cláu-

sula aquí contenida ocasionará el vencimiento de la obligación

como si todo el término hubiese transcurrido y en aptitud el

Gobierno de declarar vencido o pagadero el préstamo y proceder

a la ejecución de la hipoteca.----------------------------- ----

DECIMO QUINTO: Esta hipoteca se extiende expresamente a toda

construcción o edificación existente en la(s) finca(s) antes--



12

Forma FmHA 427-1PR
10/77

descrita(s) y a toda mejora, construcción o edificación que
se construya en dicha finca(s) durante la vigencia del ------
préstamo hipotecario constituido a favor del Gobierno, veri-
ficada por los actuales dueños deudores o por sus cesionarios
o causahabientes.

DECIMO SEXTO:  El deudor hipotecario por la presente-------
renuncia mancomunada y solidariamente por sí y a nombre de-
sus herederos causahabientes, sucesores o representantes a-
favor del acreedor (Administración de Hogares de -----------
Agricultores), cualquier derecho de Hogar Seguro (Homestead)
que en el presente o en el futuro pudiera tener en la ------
propiedad descrita en el párrafo undédimo y en los edificios
allí enclavados o que en el futuro fueran construídos; -----
renuncia esta permitida a favor de la Administración de ----
Hogares de Agricultores por la Ley Número trece (13) del ---
veintiocho (28) de mayo de mil novecientos sesenta y nueve--
(1969) (31 L.P.R.A. 1851).---------------------------------

DECIMO SEPTIMO:  El acreedor y el deudor hipotecario -------
convienen en que cualquier estufa, horno, calentador compra-
do o financiado total o parcialmente con fondos del préstamo
aquí garantizado, se considerará e interpretará como parte-
de la propiedad gravada por esta Hipoteca.-------------------

DECIMO OCTAVO: Este documento garantiza asímismo el
rescate o recuperación de cualquier crédito por in-
tereses o subsidio que pueda otorgarse a los pres-
tatarios por el gobierno de acuerdo con las dispo---
siciones del Título cuarentidos del Código de Esta-
dos Unidos, Sección mil cuatrocientos noventa raya--
A (42 U.S.C. 1490-A).--------------------------------

DECIMO NOVENO: Manifiestan los deudores hipotecarios
que por tratarse de un préstamo para fines agrícolas
han acordado en no distribuir la responsabilidad en-
tre las fincas gravadas y por lo tanto tot,digo, to-
das responderán solidariamente y mancomunadamente--




13

la deuda, principal, intereses, costas y demás——————
créditos garantizados por esta escritura, todo ello
conforme al articulo ciento diecinueve de la ley——
hipotecaria según el mismo ha sido enmendado por la
ley hipotecaria, digo, numero setentinueve del vei——
ticinco de junio de mil novecientos sesentinueve.———
VIGESIMO: Por tratarse de un préstamo de recursos———
limitados según indicado en el pagaré el Gobierno——
puede cambiar el por ciento de interés de acuerdo——
con los reglamentos de la Administración de Hoga———
res de Agricultores.————————————————————————————

———————————————ACEPTACION Y ADVERTENCIAS——————————

Hechas por mí el Notario, las advertencias legales
pertinentes y leída esta escritura a los otorgante
por renuncia que hicieron al derecho de leerla por
sí, del que les advertí, la ACEPTAN en la forma en
que está redactada y la firman conmigo, habiendo———
además los otorgantes puesto sus iniciales en todo
y cada uno de los folios de esta escritura. Y de—
el conocimiento personal de los otorgantes y por—
los dichos de sus circunstancias personales y ve—
cindad y de que se hallan debidamente adheridos y—
cancelados los correspondientes sellos de Rentas——
Internas y del Impuesto Notarial y de todo lo dem
consignado en este instrumento público, Yo, el No—
tario Autorizante, DOY FE.———————————————————————

FIRMADOS: Armando Santos Negrón. Nydia Rivera.————
Firmado, signado, sellado y rubricado Francisco J.
Arraiza Donate.——————————————————————————————————



FmHA Form 1940-17(S)  (Rev. 11-1-78)

## DEPARTMENT OF AGRICULTURE OF THE UNITED STATES
## FARMERS HOME ADMINISTRATION

**PROMISSORY NOTE**

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

| TYPE OF LOAN | |
|---|---|
| Type:  OL | |
| In accordance to: | |
| [x] Consolidated Farm & Rural Development Act | |
| [] Emergency Agricultural Credit Adjustment Act of 1978 | |

| Name | ACTION REQUIRING PROMISSORY NOTE | |
|---|---|---|
| Armando Santos Negrón | [ ] Initial Loan | [ ] New Payment Plan |
| | [ ] Subsequent Loan | [ ] Reamortization |

| State | Office | X | |
|---|---|---|---|
| Puerto Rico | Camuy | [ ] Consolidation and subsequent loan | [ ] Credit Sale |

| Case Number | Date | | |
|---|---|---|---|
| 63-29-580784929 | 4/1/81 | [ ] Consolidation | [ ] Deferred Payments |

FOR VALUE RECEIVED, the subscribing Borrower and any other co-debtor, severally and jointly, we shall pay to the order of the United States of America, acting through the Farmers Home Administration of the Department of Agriculture of the United States (henceforth referred to as the "Government") or its cessionnaire at its office in Camuy  or at any other place designated by the Government in writing, the principal sum of  FIFTY-ONE THOUSAND SIX HUNDRED AND 00/100 dollars ($51,600.00) plus interest on the principal owed at  Seven  PERCENT (7) % annually.  If this promissory note is for a Limited Resources loan (indicated in the superior clause "Type of Loan"), the Government may CHANGE THE PERCENTAGE OF INTEREST, in accordance to the regulation of the Farmers Home Administration, not more frequently than every trimester, notifying the Borrower in writing with thirty (30) days of advance notice at his last address.  The new interest rate must not exceed the highest interest rate established in the regulations in the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in  Three   Installments, as indicated below, except if modified by a different interest rate, on or before the following dates:

| | | | |
|---|---|---|---|
| $ 2,722.00 | on January 1, 1982; | $ | on January 1, 19 ; |
| $ | on January 1, 19; | $ | on January 1, 19 ; |
| $ | on January 1, 19 ; | $ | on January 1, 19 ; |
| $ | on January 1, 19 ; | $ | on January 1, 19 ; |
| $ | on January 1, 19 ; | $ | on January 1, 19 ; |

and $ 28,540.00   , subsequently on January 1 of each year until the principal and interest have been completely paid off except that the final installment of the debt evidenced herein, is not previously paid, shall be due and payable within two years of the date of this promissory note and except that payments could be made in advance as stated further on.  The consideration involved herein shall back any agreement modifying the payment plan.

If the total amount of the loan is not advance as of the date of the closing, the loan may be advanced to the Borrower as requested by the Borrower and approved by the Government.  The approval of the Government shall be given as long as the advance is requested for a purpose authorized by the Government.  Interest shall be accrued for the amount of each advance payment from its present date as is shown in the Registry of Advance Payments at the end of this promissory note. The Borrower authorizes the Government to write down the amounts and dates of such advance payments in the Registry of Advance Payments.

In each reamortized or consolidated promissory note, or with the new payment plan, the interest accrued as of the date of this instrument must be added to the principal and that new principal shall accrue interest at the rate of the percentage evidenced by this instrument.

Any payment made in any debt represented by this promissory note shall first be applied to interest calculated as of the effective date of the payment and afterwards to the principal.

Jay-Ce-Agriculture                    Position 2                    FmHA Form 1940-17 (S)
                                                                     (Rev. 11-1-78)

2

Payments made in advance of the stipulated installments or of any part of the same, may be made at any time at the option of the Borrower.  Reimbursements and extra payments, as defined in the regulations (7 C.F.R. 1861.2) of the Farmers Home Administration, in accordance to the source of the funds involved, after paying the interest, shall be applied to the last installments as is due under this promissory note and will not affect the obligation of the Borrower to pay the remaining installments as is specified in the same.  If the Government at any time were to cede this promissory note and ensure the payment of the same, the Borrower shall continue making the payments to the Government as the collecting agent for the holder.

While this promissory note is in the power of an insured Borrower, the advance payments made by the Borrower may, at the option of the Government, be forwarded by the Government promptly to the holder, or, with the exception of the final payment, they may be withheld by the Government and forwarded to the holder on the basis of the annual installment due.  The effective date of any payment made by the Borrower, except payments which have been withheld and forwarded by the Government to the holder on the basis of the annual instalment due shall be the date of the check from the Treasury of the United States by means of which the Government forwards the payment to the holder.  The effective date of any advance payment withheld and forwarded by the Government to the   holder on the basis of annual installment due, shall be the date of the payment advanced by the Borrower and the Government shall pay the interest at which the holder is entitled to be accrued between the effective date of any of said advance payments and the date of the check of the Treasury forwarded to the holder.

Any amount advanced or invested by the Government for the collection of this promissory note or to preserve or protect the guaranty of the loan or in another manner invested under the terms of any guaranty agreement or other instrument executed with regard to the loan evidenced herein, at the option of the Government, may go on to become part of the loan and shall accrue interest at the same rate of interest as that of the principal of the debt evidenced herein and shall be due and payable immediately by the Borrower to the Government without the need for requirement.

The property built, improved, purchased or refinanced in total or in part with the loan evidenced herein shall not be leased, ceded, sold, transferred or encumbered voluntarily or in another form, without the prior consent in writing on the part of the Government.  Unless the Government consents to the contrary in writing, the Borrower shall personally operate said property as a farm if this loan is to a farm owner (FO).

If a "Consolidation and a Subsequent Loan", "Consolidation", "Reamortization", or a "New Payment Plan" is indicated in the top clause of the first page, "Action Requiring Promissory Note", this promissory note is executed to consolidate, reamortize or evidence an new payment plan but not in satisfaction of the principal and interest of the following promissory notes or subrogation agreement(s) (new terms).

| VALUE OF THE PROMISSORY NOTE | INTEREST | DATE | ORIGINAL BORROWER | LAST INSTALLMENT DUE |
|---|---|---|---|---|
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |

The guaranty documents taken with regard to the loans evidenced by these promissory notes described or other related obligations are not affected by the granting of this consolidation, reamortization or new payment. Plan.  These guaranty instruments shall continue in effect and the guaranty offered for the loans evidenced by the promissory notes described shall remain as guaranty for the loan evidenced by this promissory note and by any other related obligation.

REFINANCING AGREEMENT: If at any moment the Government were to determine that the Borrower may obtain a loan from a responsible credit union or another private source of credit at a reasonable rate of interest and terms for loans for similar time and conditions, the Borrower, at the request of the Government, shall request and accept the loan in a sufficient amount to satisfy this promissory note in its entirety and pay the necessary shares if the lender is a cooperative.

BREACH:  The lack of payment upon its due date regarding any debt evidenced herein or the breach of any condition or agreement under this document shall constitute breach  under any other instrument evidencing a debt of the Borrower insured or guaranteed by the Government or in any other form related to said debt; the breach under any other said instrument shall constitute breach  under the terms of this document.  ANY BREACH THAT IS  COMMITTED,  the Government, at its option, may declare all or part of said debt due and immediately payable.

3

This Promissory Note is executed as evidence of a loan granted to the Borrower or insured by the Government in accordance to the Consolidated Farm and Rural Development Act or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the box "TYPE OF LOAN" further up.  This Promissory Note shall be  subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the stipulations consigned herein.

Presentation, protest and notice are by means of the present document expressly waived.


(signed) _____

Armando Santos Negrón          (Borrower)


(signed) _____

Nydia Rivera                            (Borrower)


Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

E-5 Gonzalo Navas Street _____


San Ramón Residential Development _____


Hatillo, P..R.  00659 _____


| REGISTRY OF  ADVANCE  PAYMENTS | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| $51,600.00 | 4/1/81 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | | $51,600.00 | |

Jay-Ce-Agriculture                         Position 2                         Form FmHA 1940 17-(S)
(Rev. 11-1-78)

Forma FmHA 1940-17 (S)
(Rev. 11-1-78)

**DEPARTAMENTO DE AGRICULTURA DE ESTADOS UNIDOS**
**ADMINISTRACION DE HOGARES DE AGRICULTORES**

**PAGARE**

| CLAS__ DE PRESTAMO |
| --- |
| Tipo: _____ OL |
| De acuerdo a: |
| ☒ Consolidated Farm & Rural Development Act |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 |

| Nombre Armando Santos Negron | | **ACCION QUE REQUIERE PAGARE:** |
| --- | --- | --- |
| Estado Puerto Rico | Oficina Camuy | ☐ Préstamo Inicial  ☐ Nuevo Plan de Pago |
| | | ☐ Préstamo Subsiguiente  ☐ Reamortización |
| Caso Núm. 63-29-580784929 | Fecha 4/1/81 | ☒ Consolidación y préstamo  ☐ Venta a Crédito |
| | | subsiguiente  ☐ Pagos Diferidos |
| | | ☐ Consolidación |

POR VALOR RECIBIDO, el Prestatario(a) subscribiente y cualquier otro co-deudor mancomunada y solidariamente pagaremos a la orden de Estados Unidos de América, actuando por conducto de la Administración de Hogares de Agricultores del Departamento de Agricultura de los Estados Unidos (denominado en adelante el "Gobierno") o su

cesionario en su oficina en _____ Camuy -------

o en otro sitio designado por el Gobierno por escrito, la suma principal de ___CINCUENTA Y UN MIL___

___SEISCIENTOS CON 00/100___ dólares ($ _51,600.00___ ) más intereses sobre el principal adeudado al

___SIETE ---------___ **POR CIENTO ( 7 %) anual.** Si este pagaré

es para un préstamo de Recursos Limitados (indicado en el encasillado superior "Clase de Préstamo"), el Gobierno puede **CAMBIAR EL PORCIENTO DE INTERES,** de acuerdo con los reglamentos de la Administración de Hogares de Agricultores, no más frecuente que trimestralmente, notificando por correo al Prestatario con treinta (30) días de anticipación a su última dirección. El nuevo tipo de interés no deberá exceder el porciento de interés más alto establecido en los reglamentos de la Administración de Hogares de Agricultores para el tipo de préstamo arriba indicado.

Principal e intereses serán pagados en ___TRES___ plazos, según indicado abajo, excepto si es modificado por un tipo de interés diferente, en o antes de las siguientes fechas:

| | | | |
| --- | --- | --- | --- |
| $ __2722.00__ | en enero 1, 19 82 | $ _____ | en enero 1, 19 ; |
| $ _____ | en enero 1, 19 ; | $ _____ | en enero 1, 19 ; |
| $ _____ | en enero 1, 19 ; | $ _____ | en enero 1, 19 .; |
| $ _____ | en enero 1, 19 ; | $ _____ | en enero 1, 19 ; |
| $ _____ | en enero 1, 19 ; | $ _____ | en enero 1, 19 ; |

y $ __28,540.00__ , subsiguientemente en enero 1 de cada año hasta que el principal e intereses sean completamente pagados excepto que el plazo final de la deuda aquí evidenciada, de no ser pagada anteriormente, vencerá y será pagadero en ___dos___ años de la fecha de este pagaré y excepto que se podrán hacer pagos adelantados según se provee más abajo. La consideración aquí envuelta respaldará cualquier convenio modificando el plan de pagos.

Si la cantidad total del préstamo no es adelantada a la fecha del cierre, el préstamo será adelantado al Prestatario según solicitado por el Prestatario y aprobado por el Gobierno. La aprobación del Gobierno será dada siempre y cuando el adelanto es solicitado para un propósito autorizado por el Gobierno. Se acumularán intereses por la cantidad de cada adelanto desde su fecha actual como se demuestra en el Registro de Adelantos en el final de este pagaré. El Prestatario autoriza al Gobierno a anotar la(s) cantidad(es) y fecha(s) de tal(es) adelanto(s) en el Registro de Adelantos.

En cada pagaré reamortizado o consolidado, o con un nuevo plan de pago, los intereses acumulados a la fecha de este instrumento deberán ser sumados al principal y ese nuevo principal acumulará intereses a razón del porciento evidenciado por este instrumento.

Todo pago hecho en cualquier deuda representada por este pagaré será primero aplicado a intereses computados a la fecha efectiva del pago y después al principal.

Jay-Ce Agricultura

*Posición 2*

Forma FmHA 1940-17 (S)
(Rev. 11-1-78)

Pagos adelantados de los plazos estipulados o cualquier parte de los mismos, podrán hacerse en cualquier tiempo a opción del Prestatario. Reembolsos y pagos extras, según se definen en los reglamentos (7 C.F.R. 1861.2) de la Administración de Hogares de Agricultores, de acuerdo con la fuente de los fondos envueltos, después de abonarse los intereses, se aplicarán a los últimos plazos a vencer bajo este pagaré y no afectarán la obligación del Prestatario de pagar los restantes plazos según se especifican en el mismo. Si el Gobierno en cualquier momento cediera este pagaré y asegura el pago del mismo, el prestatario continuará haciendo los pagos al Gobierno como agente cobrador del tenedor.

Mientras este pagaré esté en poder de un prestamista asegurado, los pagos adelantados hechos por el Prestatario podrán, a opción del Gobierno, ser remitidos por el Gobierno prontamente al tenedor o, a excepción del pago final, podrán ser retenidos por el Gobierno y remitidos al tenedor a base de plazo anual vencido. La fecha efectiva de todo pago hecho por el prestatario, excepto pagos retenidos y remitidos por el Gobierno al tenedor a base de plazo anual vencido será la fecha del cheque del Tesoro de los Estados Unidos mediante el cual el Gobierno remite el pago al tenedor. La fecha efectiva de cualquier pago adelantado retenido y remitido por el Gobierno al tenedor a base de plazo anual vencido, será la fecha del pago adelantado por el Prestatario y el Gobierno pagará los intereses a los cuales el tenedor tiene derecho que se devenguen entre la fecha efectiva de cualquiera de dichos pagos adelantados y la fecha del cheque del Tesoro remitido al tenedor.

Cualquier cantidad adelantada o invertida por el Gobierno para el cobro de este pagaré o para preservar o proteger la garantía del préstamo o de otra manera invertido bajo los términos de cualquier convenio de garantía u otro instrumento otorgado en relación con el préstamo aquí evidenciado, a opción del Gobierno pasará a ser parte del préstamo y devengará intereses al mismo tipo de interés que el principal de la deuda aquí evidenciada y vencerá y será pagadera inmediatamente por el Prestatario al Gobierno sin necesidad de requerimiento.

La propiedad construida, mejorada, comprada o refinanciada en total o en parte con el préstamo aquí evidenciado no será arrendada, cedida, vendida, transferida o gravada voluntariamente o de otra forma, sin el previo consentimiento por escrito del Gobierno. A menos que el Gobierno consienta lo contrario por escrito, el Prestatario operará personalmente dicha propiedad como una finca si este préstamo es a Dueño de finca (FO).

Si una "Consolidación y un Préstamo Subsiguiente", "Consolidación", "Reamortización" o un "Nuevo Plan de Pago" es indicado en el encasillado superior de la primera página "Acción que Requiere Pagaré", este pagaré es otorgado para consolidar, reamortizar o evidenciar un nuevo plan de pago pero no en satisfacción del principal e intereses del siguiente pagaré(s) o convenio(s) de subrogación (nuevos términos):

| VALOR DEL PAGARE | INTERESES | FECHA | PRESTATARIO ORIGINAL | ULTIMO PLAZO A VENCER |
|---|---|---|---|---|
| $ | % | .19 | | .19 |
| $ | % | .19 | | .19 |
| $ | % | .19 | | .19 |
| $ | % | .19 | | .19 |
| $ | % | .19 | | .19 |
| $ | % | .19 | | .19 |
| $ | % | .19 | | .19 |

Los documentos de garantía tomados en relación con los préstamos evidenciados por estos pagarés descritos u otras obligaciones relacionadas no son afectadas por el otorgamiento de esta consolidación, reamortización o nuevo plan de pago. Estos instrumentos de garantía continuarán en efecto y la garantía ofrecida para los préstamos evidenciado por los pagarés descritos permanecerán como garantía para el préstamo evidenciado por este pagaré y por cualquier otra obligación relacionada.

CONVENIO DE REFINANCIAMIENTO: Si en cualquier tiempo el Gobierno determinare que el Prestatario puede obtener un préstamo de una cooperativa responsable u otra fuente de crédito privada a un tipo de interés y términos razonables para préstamos por tiempo y condiciones similares, el Prestatario, a requerimiento del Gobierno, solicitará y aceptará el préstamo en cantidad suficiente para satisfacer este pagaré en su totalidad y pagar las acciones necesarias si el prestamista es una cooperativa.

INCUMPLIMIENTO: La falta de pago a su vencimiento de cualquier deuda aquí evidenciada o el incumplimiento de cualquier condición o acuerdo bajo este documento constituirá incumplimiento bajo cualquier otro instrumento evidenciando una deuda del Prestatario asegurada o garantizada por el Gobierno o en cualquier otra forma relacionada con dicha deuda; el incumplimiento bajo cualquier otro instrumento constituirá incumplimiento bajo los términos de este documento. COMETIDO CUAL    IER INCUMPLIMIENTO, el Gobierno, a    opción, podrá declarar toda o parte de dicha deuda vencida y pagadera inmediatamente.

Este Pagaré se otorga, como evidencia de un préstamo al Prestatario concedido o asegurado por el Gobierno de conformidad con la Consolidated Farm and Rural Development Act o el Emergency Agricultural Credit Adjustment Act of 1978 y para el tipo de préstamo según indicado en el encasillado **"CLASE DE PRESTAMO"** más arriba. Este Pagaré está sujeto a los reglamentos presentes de la Administración de Hogares de Agricultores y a sus futuros reglamentos no inconsistentes con las estipulaciones aquí consignadas.

Presentación, protesto y aviso son por la presente expresamente renunciados.

_____   *(Prestatario)*
Armando Santos Negrón

_____   *(Prestatario)*
Nydia Rivera

Calle Gonzalo R. Navas E-5

Urb. San Ramón

Hatillo, P. R. 00659

| REGISTRO DE ADELANTOS | | | | | |
|---|---|---|---|---|---|
| CANTIDAD | FECHA | CANTIDAD | FECHA | CANTIDAD | FECHA |
| $ 51,600.00 | 4/1/81 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 51,600.00 | |

Jay-Ce Agricultura

Forma FmHA 1940-17 (S)
(Rev. 11-1-78)

FmHA Form 427-1 PR   10/77

(Note: all the pages are stamped with the seal of Francisco J. Arraiza Donate, Attorney, Notary, Island of Puerto Rico.)
(Note: all the pages are stamped with the seal of the Property Registry, Arecibo Section, Puerto Rico.)

### NUMBER SIXTY-SEVEN

### VOLUNTARY MORTGAGE

In Camuy, Puerto Rico on the first of April of one thousand nine hundred eighty-one.

### BEFORE ME

### FRANCISCO J. ARRAIZA DONATE

Attorney and Notary Public of this Island with residence and domicile in Arecibo, Puerto Rico and office in Camuy  Puerto Rico.

### APPEARING

The persons named in the TWELFTH paragraph of this mortgage henceforth referred to as the "mortgage debtor" and whose personal circumstances appear from said paragraph.

I give faith of the personal knowledge of the ones appearing, as well as on the basis of their statements regarding their age, civil status, occupation and domicile.

They assure me of being in the full enjoyment of their civil rights, the free administration of their goods and in my judgment, having  the necessary legal capacity for this execution, and by such virtue, freely:

### STATE

FIRST:    The mortgage debtor is the owner of the property or properties described in the ELEVENTH paragraph as well as  of all the rights and interest in the same, referred to henceforth herein as "the goods".

SECOND:    That the goods mortgaged herein are encumbered to the liens which are specified in the ELEVENTH paragraph.

THIRD:    That the mortgage debtor  has an obligation with regard to the to the United States of America, acting through the Farmers Home Administration, henceforth referred to herein as the "mortgage creditor", with regard to a loan or loans evidenced by one or more promissory notes or  subrogation agreement, henceforth referred to as the "promissory note", whether they are one or more.  It is required by the Government that additional monthly payments be made of one twelfth  of  the  taxes,  assessments (taxes), insurance

-1-

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.
*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter/Translator

premiums and other charges which have been estimated with regard to the mortgaged property.

FOURTH:      It is clearly understood that:

(One)  The promissory note evidence of a loan or loans to the mortgage debtor for the sum of the principal, specified in the same, granted, for the purpose and the intention that the mortgage creditor may cede the promissory note at any time and insure its payment in conformity with the Minutes of one thousand nine hundred and sixty-one consolidating the Farmers Home Administration or the Fifth Title of the Housing Act of one thousand nine hundred and forty-nine, pursuant to how it has been amended.

(Two)  When the payment of the promissory note is guaranteed by the mortgage creditor, it may be ceded from time to time and each holder of said promissory note in turn shall be the insured lender.

(Three)  When the payment of the promissory note is insured by the mortgage creditor, the mortgage creditor will grant and hand over to the insured lender together with promissory note an endorsement of insurance totally guaranteeing the payment of the principal and interest of said promissory note.

(Four)  At all times that the payment of the promissory note is insured by the mortgage creditor, the mortgage creditor, through an agreement with the insured lender, shall determine in the insurance endorsement the portion of the payment of interest of the promissory note that shall be designated as "annual charge".

(Five)  A condition of the insuring of the payment of the promissory note shall be that the holder shall cede all of its rights and remedies against the mortgage debtor and any other with regard to said loan as well as with regard to the benefits of this mortgage and accept instead the benefits of the insurance, and in the event of violation of any agreement or stipulation contained herein or in the promissory note or in any supplementary agreement on the part of the mortgage debtor, at the requirement of the mortgage creditor, shall endorse the promissory note to the mortgage creditor.

(Six)    Among other things, it is the purpose and intention of this mortgage, that at all times when the promissory note is in the power of the mortgage creditor, or in the case in which the mortgage creditor cedes this mortgage without insuring the promissory note, this mortgage shall guarantee the payment of the promissory note but when the promissory note

-2-

is in the power of an insured lender, this mortgage will not guarantee the payment of the promissory note or form part of the debt evidenced by the same, but with regard to the promissory note and to said debt, it shall constitute a mortgage of indemnification to guarantee to the mortgage creditor against any loss under the endorsement of insurance due to the cause of any breach on the part of the mortgage debtor.

FIFTH:    That in consideration to the loan and (a) at all times that the promissory note is conserved by the mortgage creditor or in the case that the mortgage creditor cedes the present mortgage without the insurance of the payment of the promissory note and in guarantee of the sum of the promissory note pursuant to how it is specified in sub-paragraph (One) of the NINTH paragraph with its interest at the stipulated rate and to ensure the prompt payment of said promissory note, its renewal or extension and any agreement contained in the same, (b) at all times that the promissory note is held by the insured lender in guarantee for the sums specified in sub-paragraph (Two) of the NINTH paragraph consigned herein, to guarantee the fulfillment of the agreement of the mortgage debtor to indemnify and maintain the mortgage creditor free against losses under the endorsement of insurance due to the breach on the part of the mortgage debtor,  and (c) in any case and at all times in guarantee of the additional sums consigned in sub-paragraph (Three) of the NINTH paragraph of this instrument and to ensure the compliance of each and every one of the agreements and stipulations of the mortgage debtor contained herein or in any other supplementary agreement, the mortgage debtor, by means of the present document, constitutes a voluntary mortgage in favor of the mortgage creditor with regard to the goods described in the ELEVENTH paragraph further on, as well as over the rights, interest, rights of way, hereditary rights, accessions belonging to the same, any rental fees, credits, benefits from the same and all product and income from the same, any personal improvement or property in the present or which in the future is added  or which is reasonably necessary for the use of the same, with regard to the waters, the water rights or shares in the same, belonging to the properties or to all payments which at any time are owed to the mortgage debtor by virtue of the sale, lease, transfer, alienation or total or partial expropriation of or due to damages to any part of the same or to the interest in them, it being understood that this lien shall be in full effect until the amounts specified in the NINTH paragraph with their interest, before and after the due date, until the same have been paid off in their entirety.  In the event of foreclosure, the goods shall answer for the payment of the principal, the interest before and after the due date, until they have been totally

-3-

paid off, loss suffered by the mortgage creditor as insurer for the promissory note, taxes, insurance premium or any other outlay or advance payment on the part of the  mortgage creditor to the account of the mortgage debtor with its interest until they have paid the mortgage creditor  the costs, expenses and attorney's fees of the mortgage creditor.  Any extension or renewal of said obligations with interest on each and every other charge or additional sum specified in the NINTH paragraph of this document.

SIXTH:  The mortgage debtor expressly agrees to the following:

(One)  Pay the mortgage creditor promptly upon its maturity any debt guaranteed herein and indemnify and maintain free from loss the mortgage creditor under the insurance for the payment of the promissory note due to the lack of compliance on the part of the mortgage debtor.  At all times when the promissory note is held by the insured lender, the mortgage debtor shall continue making the payments against said promissory note to the mortgage creditor as collection agent for the holder of the same.

(Two)    To pay the mortgage creditor  an initial fee  for  inspection  and  appraisal and any charge  for arrears  required in the present or in the future by the regulations of the Farmers Home Administration.

(Three)    At all times when the promissory note is held by an insured lender, any sum owed and unpaid under the terms of the promissory note, minus the annual amount or charge, may be paid by the mortgage creditor to the holder of the promissory note under the terms provided in the promissory note and in the insurance endorsement referred to in the preceding FOURTH paragraph to the account of the mortgage debtor.

Any sum due and unpaid under the terms of the promissory note, whether  this  is  held  by  the mortgage creditor or by the insured lender, may be credited by  the  mortgage creditor toward the promissory note and as a  result  shall  constitute an advance payment on the part of the mortgage creditor to the account of the mortgage debtor.

Any advance on the part of the mortgage creditor such as it is described in this sub-paragraph shall accrue interest at the rate of seven percent  (7%) annually from the date when the payment was due until  the date when the mortgage debtor so satisfies it.

(Four):   Whether  the  promissory  note  was  insured  by  the  mortgage  creditor  or  not,

-4-

any or all advance payments made by the mortgage creditor for the insurance premium, repairs, encumbrances or other claims in the protection of the mortgaged goods or for taxes or other similar expenses due to the fact that the mortgage debtor had stopped paying the same, shall accrue interest at the rate of the type stipulated in the previous sub-paragraph from the date of said advance payments until the same have been satisfied by the mortgage debtor.

(Five)　Any advance payment made by the mortgage creditor described in this mortgage with its interest shall be due immediately and shall be payable by the mortgage debtor to the mortgage creditor without the need for any requirement whatsoever at the place designated in the promissory note and shall be guaranteed by means of the present mortgage.　No advance payment made by the mortgage creditor shall release the mortgage debtor from its violation of the agreement to pay.　Said advance payments, with their interest shall be reimbursed from the first payments received from mortgage debtor.　If there were no advance payments, any payment verified by the mortgage debtor may be applied toward the promissory note or toward any other debt of the mortgage debtor guaranteed herein in the order in which it were to be determined by the mortgage creditor.

(Six)　Use the sum of the loan evidenced by the promissory note solely for the purpose authorized by the mortgage creditor.

(Seven)　To pay upon their maturity the taxes, special taxes, liens and charges which encumber the goods or the rights or interest of the mortgage debtor under the terms of this mortgage.

(Eight)　Obtain and maintain insurance against fire and other risks as required from the mortgage creditor with regard to the existing buildings and the improvements on the goods or any other improvement introduced in the future.　The insurance against fire and other risks shall be in the form and for the amounts, terms and conditions approved by the mortgage creditor.

(Nine)　Conserve the goods in good conditions and promptly verify the necessary repairs for the conservation of the goods;　shall not commit nor allow the commission of any deterioration of the goods;　neither shall remove nor demolish any building or improvement in the goods, neither shall cut or remove wood from the farm, neither shall remove nor allow the removal of gravel, sand, oil, gas, charcoal or other minerals without the consent of the mortgage creditor and shall promptly carry out the repairs on the goods that

the mortgage creditor requires from time to time. The mortgage debtor shall comply with those practices for the conservation of soil and the plans of the property and of the home which the mortgage creditor may prescribe from time to time.

(Ten)   If this mortgage is granted for a loan to a property owner pursuant to how it is identified in the regulations of the Farmers Home Administration, the mortgage debtor personally shall operate the goods by themselves and by means of his family as a farm and for no other purpose and shall not lease the farm or part of it unless the mortgage creditor consents to it in writing in another method of operation or to the lease.

(Eleven)    Shall submit in the manner and form in which the mortgage creditor requires the information regarding his income and expenses and any other information related to the operation of the goods and shall comply with all the laws, ordinances and  regulations affecting the goods or their use.

(Twelve)   The mortgage creditor, his agents and attorneys, shall at all times have the right to inspect and examine the goods for the purpose of determining whether the  guaranty granted is being undermined or deteriorated, and if said examination or inspection were to determine, in the judgment of the mortgage creditor, that the guarantee granted is being undermined or deteriorated, such condition shall be considered as a violation on the part of the mortgage debtor of the agreements of this mortgage.

(Thirteen)   If any other person were to illegally keep or challenge the right of possession  of the mortgage debtor with regard to the goods, the mortgage debtor shall immediately  notify the mortgage creditor of said action and the mortgage creditor, at his option, may institute those procedures that were necessary in defense of his interest and the expenses and outlays incurred in by the mortgage creditor in said proceedings, shall be charged to the debt of the mortgage debtor and shall be considered guaranteed by this mortgage within the additional credit of the mortgage clause for advance payments, expenses and other payments.

(Fourteen)   If the mortgage debtor, at any time while this mortgage is in effect, were to abandon the goods or voluntarily hand them over to the mortgage creditor, the mortgage creditor is, by means of the present document authorized  and  with powers to take possession of the goods, lease them  and administrate  the  goods  and  collect  their  rental  fees,  benefits  and income of the same

-6-

and apply them in the first term to the expenses for collection and administration and in second term to the payment of the debt evidenced by the promissory note or any other debt of the mortgage debtor and guaranteed herein, in the order and manner in which it were to be determined by the mortgage creditor.

(Fifteen)   At any time that the mortgage creditor were to determine that the mortgage debtor could obtain a loan from a credit association for production, from a Federal Bank or other reliable source, cooperative or private, at a reasonable rate of interest and terms for loans for similar time and purposes, the mortgage debtor, at the request of the mortgage creditor, shall request and accept said loan in sufficient amount to satisfy the promissory note and any other debt guaranteed herein and pay for the necessary shares at the cooperative agency with regard to said loan.

(Sixteen)   The lack of fulfillment of any of the obligations guaranteed by this mortgage, or if the mortgage debtor or any other person included as mortgage debtor were to default in the payment of any amount or violate or not comply with any clause, condition, stipulation or covenant or agreement contained herein, or in any supplementary covenant, or were to die or declared himself or were to be declared incompetent, in bankruptcy, insolvent or were to make a cession to the benefit of his creditors, or the goods or part of them or any interest in the same were to be ceded, sold, leased, transferred or encumbered, voluntarily or in another manner, without the written consent on the part of the mortgage creditor, the mortgage creditor is irrevocably authorized and empowered, at his option and without notice:   (One) to declare any unpaid debt under the terms of the promissory note or any other debt to the mortgage creditor guaranteed herein, immediately due and payable and proceed to its foreclosure in agreement to the law and the terms of the same;   (Two) incur and pay the reasonable expenses for the repair or maintenance of the goods and any expense or obligation which the mortgage debtor did not pay pursuant to how it was agreed upon in this mortgage, including the taxes, insurance premium and any other payment or expense for the protection and conservation of the goods and of this mortgage or lack of compliance of any precept of this mortgage and (Three) to request the protection of the law.

(Seventeen)   The mortgage debtor shall pay or reimburse the mortgage creditor all the necessary expenses for the faithful compliance of the covenants and agreements of this mortgage, those of the promissory note and in any other

-7-

supplementary agreement, including the expenses for surveying, evidence of title, costs, registration and attorney's fees.

(Eighteen)    Without affecting in any way whatsoever the rights of the mortgage creditor to request and enforce compliance on any later date  the covenants, agreements or obligations contained herein or similar ones or other covenants and without affecting the liability of any person for the payment of the promissory note or any other debt guaranteed herein and without affecting the lien imposed on the goods or the priority of the lien, the mortgage creditor is, by means of the present document, authorized and empowered at any time  (One)  to waive the compliance of any agreement or obligation contained herein or in the promissory note or in any supplementary covenant;  (Two)  negotiate with the mortgage debtor or grant to  the  mortgage debtor any indulgence or tolerance or extension of time for the payment of the promissory note (with the consent of the holder of said promissory note when it is in the  hands  of an insured lender) or for the payment of any debt in favor of the mortgage creditor, and  guaranteed herein;  or  (Three)  grant and deliver partial cancellations of any part of the goods of the mortgage constituted herein or grant deferment or postponement of this mortgage in favor of any other lien constituted over said goods.

(Nineteen)    All the rights, title and interest in and on the present mortgage, including but not limiting  the power to execute consents, partial cancellations, subordination, total cancellation, lies solely and exclusively on the mortgage creditor and no insured lender shall have any right, title or interest whatsoever in or with regard to the lien and the benefits contained herein.

(Twenty)   The breach this mortgage shall  constitute default of any other mortgage, farm loan, or mortgage for movable goods owned or insured by the mortgage creditor and granted or assumed by the mortgage debtor;  and the default of any of said instruments of guaranty shall constitute default of this mortgage.

(Twenty-one)   Any notice that may be have to be given under the terms of this mortgage shall be forwarded by  certified  mail  unless  the  contrary  is  ordered  by  law,  and it  shall  be  directed  until  another  address is  designated in a notice given to that effect,  in the  case  of  the  mortgage creditor to the  Farmers Home Administration,  the  United  States  Department  of  Agriculture,  San  Juan, Puerto Rico,  and  in  the  case of  the  mortgage  debtor,  to  him  at  the  postal  address

-8-

of his residence pursuant to how it is specified further on.

(Twenty-two)     By means of the present document, the mortgage debtor cedes to the mortgage creditor the sum of any judgment obtained by condemnation under sovereign right of eminent domain for public use of the goods or part of them as well as  the sum of the judgment for damages caused to the goods.  The mortgage creditor shall apply the sum that he receives  to the payment of the expenses in which it incurred in its collection and the balance to the payment of the promissory note and any debt to the mortgage creditor guaranteed by this mortgage, and if there were any surplus left, it shall be reimbursed to the mortgage debtor.

SEVENTH:    So that it will serve as rate for the first auction that must be held in the event of foreclosure of this mortgage, in conformity to the mortgage law, as amended, the mortgage debtor, by means of the present document, appraises the mortgaged goods in the sum of FIFTY-ONE THOUSAND SIX HUNDRED DOLLARS ($51,600.00)

EIGHTH:    The mortgage debtor, by means of the present document, waives the requirement endeavor and shall be considered in default without the need of any notice whatsoever on the part of the mortgage creditor. This mortgage is subject to the regulations of the Farmers Home Administration  now in effect and to future regulations, not inconsistent with the terms of this mortgage, as well as also subject to the laws of the Congress of the United States of America which authorize the assignment and the insuring of the aforementioned loan.

NINTH:    The amounts guaranteed by this mortgage are the following:

One. At all times when the promissory note mentioned in the THIRD paragraph of this mortgage is held by the mortgage creditor or in the event that the mortgage creditor were to cede this mortgage without ensuring the promissory note: FIFTY-ONE THOUSAND SIX HUNDRED DOLLARS ($51,600.00) the principal of said promissory note, with its interest as they have been stipulated at the rate of  seven percent ( 7%) annually;

Two. At all times when the promissory note is held  by an insured lender:

(A)     FIFTY-ONE THOUSAND SIX HUNDRED

DOLLARS   ($51,600.00)

to indemnify the mortgage creditor for advances to the lender insured due to the lack of compliance of the mortgage debtor of paying the installments as is specified in the promissory note, with interest as specified in the SIXTH paragraph, Third:

(B)     SEVENTY-TWO THOUSAND FOUR HUNDRED

DOLLARS ($72,400.00)

in addition, to indemnify the mortgage creditor against any loss that it may suffer under his insurance for the payment of the promissory note;

Three.    In any case and at all times:

(A)     TWENTY THOUSAND SIX HUNDRED FORTY

DOLLARS ($20,640.00)

for interest after the arrears;

(B)     TEN THOUSAND THREE HUNDRED TWENTY

DOLLARS ($10,320.00)

for taxes, social security and other prepayments for the conservation of this mortgage, with interest at the rate stipulated in the SIXTH paragraph,  Third;

(C)     FIVE THOUSAND ONE HUNDRED SIXTY          DOLLARS ($5,160.00)

for costs, expenses and attorney's fees in case of foreclosure;

(D)     FIVE THOUSAND ONE HUNDRED SIXTY          DOLLARS ($5,160.00)

for costs and expenses incurred in by the mortgage creditor in proceedings to defend its interest against any person who intervenes or challenges the right of possession of the mortgage debtor to the goods as they are consigned in the SIXTH paragraph, Thirteen.

TENTH:    That the promissory note or notes to which reference is made in the THIRD paragraph of this mortgage is or are described as follows:

"Promissory note executed in case number   sixty-three dash twenty-nine dash five eight zero seven eight four nine two nine (63-29-580784929), dated April 1   of   one thousand nine hundred eighty-one

-10-

for the sum of FIFTY-ONE THOUSAND SIX HUNDRED dollars of principal plus interest on the balance of the principal owed at the rate of seven (7%) percent annually, until its principal has been totally satisfied pursuant to the terms, installments, conditions and stipulations contained in said promissory note and pursuant to how they have been agreed upon and convened between the Borrower and the Government; except the final payment of the total of the debt represented herein, if it has not been previously satisfied, shall be due and payable within TWO years from the date of this promissory note.

Said promissory note has been executed as evidence of a loan granted by the government to the borrower in conformity with the Law from the United States of America Congress entitled Consolidated Farm and Rural Development Act of 1961 or in conformity with Title V of the Housing Act of 1949, pursuant to how they have been amended and is subject to the present regulations of the Farmers Home Administration and the future Regulations which are not inconsistent with said Law. Of which description, I the Authorizing Notary, GIVE FAITH.

ELEVENTH:      That the property object of the present deed and over which the Voluntary Mortgage is constituted, is described as follows:

(Handwritten note on the left-hand margin next to the following description: Page 72, Book 178 (illegible) Hatillo, Property #9335, Fourth Registration.)

URBAN:      Lot marked with the number five of block E of the registration plan of the San Ramón Extension Residential Development located in the Pueblo del Mi Ward, I say, Municipality of Hatillo, with a superficial area of FOUR HUNDRED NINETY-TWO POINT EIGHTY-FIVE SQUARE METERS. Abutting on the North, at thirteen point forty meters with street number ten; on the South, at thirteen point forty-eight meters with the street, I say, state road number two hundred nineteen; on the East, at thirty-seven point fifty meters with lot number six of block E and on the West, at twenty-six meters with lot number four of block E. There is located on it a structure dedicated to be a dwelling built out of reinforced concrete and reinforced concrete blocks. Registered on page seventy of book one hundred seventy-eight of Hatillo, property number nine thousand three hundred thirty-five.

(Handwritten note on the left-hand margin next to the following description: Back side of page 127, Book 106, Property #2420, 21st. Registration.)

RURAL:      Located in the Bayaney Ward of Hatillo, comprised of ONE HUNDRED FORTY-ONE POINT FOUR HUNDRED THIRTY-FIVE "CUERDAS" (141.435) equivalent to fifty-four hectares, sixty-nine ares, four centiares and sixty-one milliares. Abutting on the North, Succession of Ildelfonso Villanueva; South, Francisco Micheo and a creek; East, Francisco Micheo and to the West, bed of the Lajas Creek of the Camuy River. Registered on page one hundred ninety of book fifty-seven of Hatillo, property number two thousand four hundred twenty.

11

The borrower acquired the property described through purchase from Fortunato Rivera and Margarita Correa, the property described under the letter B as is stated by Deed Number THIRTY-SEVEN, dated August twenty-four of one thousand nine hundred seventy-nine, executed in the city of Arecibo before Notary Manlio Arraiza Donate.

Said property is encumbered by mortgage for the sum of THIRTY THOUSAND DOLLARS and mortgage for the sum of ONE HUNDRED THREE THOUSAND THREE HUNDRED DOLLARS in favor of the United States of America.

TWELFTH:    That there appear as mortgage debtors in the present deed: Armando Santos Negrón and Nydia Rivera, of legal age, married to each other, property owners and residents of Hatillo, Puerto Rico whose postage address is Box two hundred twenty-four, Hatillo, Puerto Rico.

THIRTEENTH:    The sum of the loan consigned herein was used or  shall used for agricultural purposes and the construction and/or repair and/or improvements of the physical installations of the property  described.

FOURTEENTH:  The borrowers shall personally occupy and use  any structure that may have been built, improved or purchased with the sum of the loan guaranteed herein and shall not lease or use for other purposes said structure unless the Government consents to it in writing.  The violation of this clause like the violation of any other agreement or clause contained herein shall bring about the maturity of the obligation as if the entire term had elapsed and in attitude the Government were to declare the loan due or payable and proceed to the foreclosure of the mortgage.

FIFTEENTH:   This mortgage is expressly extended to any existing construction or building on the property or properties described above

12

and to any improvement, construction or building which is built on said property during the effective period of the mortgage loan constituted in favor of the Government, verified by the present debtor owners or by their cessionnaires or assigns.

SIXTEENTH:    By means of the present document, the Mortgage Debtors,  waive, severally and jointly  by themselves and in the name of his heirs, successors, assigns or representatives, in favor of the creditor  (Farmers Home Administration), any Homestead right which in the present or in the future he could have in the property described in the eleventh paragraph and in the buildings located therein or which were to be built in the future; this is allowed in favor of the Farmers Home Administration by Act Number thirteen (13) of May twenty-eight (28) of one thousand nine hundred sixty-nine (1969) (31 L.P.R.A. 1851).

SEVENTEENTH:    The creditor and the mortgage debtor agree that any stove, oven, heater purchased or financed entirely or partially responds from the loan guaranteed herein, shall be considered and construed as part of the property encumbered by this Mortgage.

EIGHTEENTH:    In like manner, this document guarantees the rescue or recovery of any credit or interest or subsidy which  may  be  granted  to  the  borrowers by the Government in accordance to the provisions of Title Forty-two  of the United States Code, section  One  Thousand  Four  Hundred  Ninety  Dash "A", (42 U.S.C. 1490-A).

NINETEENTH:    In addition, the ones appearing herein state in this deed that since they are dealing with a loan for agricultural purposes, they have agreed to not distribute the liability among the properties encumbered and therefore, tot, I say, all of them shall answer severally and jointly

13

for the debt, principal, interest, costs and other credits guaranteed by this deed, all of it in conformity to Article one hundred nineteen of the Mortgage Act pursuant to how the same has been amended by Act Number seventy-nine of June twenty-five of one thousand, I say, nine hundred sixty-nine.

TWENTIETH: Since we are dealing with a loan of limited resources as indicated in the promissory note, the Government may change the percentage of interest in accordance to the regulations of the Farmers Home Administration.

## ACCEPTANCE AND WARNINGS

After I, the Notary, stated to them the relevant legal warnings and read this deed to the grantors through a waiver which they did with regard to their right to read it by themselves, about which I warned them, they accept it in the form in which it is drafted and they sign it with me, with the grantors also having place their initials on each and every one of the pages of this deed. And of my own personal knowledge regarding the grantors and on the basis of their statements regarding their personal circumstances and domicile and that the corresponding Internal Revenue stamps and those of the Notarial Fee are duly attached and cancelled and of everything else consigned in this public instrument, I, the Authorizing Notary, GIVE FAITH.

SIGNED: Armando Santos Negrón. Nydia Rivera.

Signed, stamped, paraphed and with the Notary's mark put on it., Francisco J. Arraiza Donate.

Stamped note: It's the first certified copy of its original which appears in my protocol of public instruments (illegible) the same date as that of its execution and leaving a note of its removal (illegible). I GIVE FAITH.

(signed) Francisco J. Arraiza Donate

(Note: all the pages are stamped with the seal of Francisco J. Arraiza Donate, Attorney, Notary, Island of Puerto Rico.)

(Note: all the pages are stamped with the seal of the Property Registry, Arecibo Section, Puerto Rico.)

(There is stamp #248610 from the Puerto Rico Bar Association in the amount of $1.00)

14

Handwritten note:

Registered where it is indicated in the margin notes of the descriptions of each one of the properties.

Property #9335 is encumbered with restrictive conditions of use, two rights of the Aqueducts and

Sewers Authority of Puerto Rico, Puerto Rico Pluvial Sources, Puerto Rico Telephone Company, to

mortgage for $30,000.00 and $103,300.00 in favor of the United States of America; property #2920 is

encumbered on the basis of its origin to a lease and sub-lease in favor of Francisco Hernández Vargas,

to mortgage for the sum of $103,300.00 in favor of the United States of America and to the mortgages

constituted by this title (Arecibo) and to mortgage in favor of the (illegible) for the sum of $55,270.00.


Exempt                                        (signed)

                                              Registrar


(Note: this page is stamped with the seal of the Property Registry, Arecibo Section, Puerto Rico.)


Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter/Translator


15

Forma FmHA 427-1 PR
10/77

------------------NUMERO SETENTA Y SIETE------------

------------------HIPOTECA VOLUNTARIA------------

En Camuy, Puerto Rico a primero de abril de mil nove-
cientos ochenta y uno.

------------------ANTE MI------------

------------FRANCISCO J. ARRAIZA DONATE------------

Abogado y Notario Público de esta Isla con residencia y vecindad en
Arecibo, Puerto Rico----- y oficina en Camuy, Puerto Rico

------------------COMPARECEN------------

Las personas nombradas en el párrafo DUODECIMO de esta hipoteca
denominados de aquí en adelante el "deudor hipotecario" y cuyas
circunstancias personales aparecen de dicho párrafo.

Doy fe del conocimiento personal de los comparecientes, así como por sus
dichos de su edad, estado civil, profesión y vecindad. ------------

Aseguran hallarse en el pleno goce de sus derechos civiles, la libre
administración de sus bienes y teniendo a mi juicio la capacidad legal
necesaria para este otorgamiento, y en tal virtud libremente:--

------------------EXPONEN------------

PRIMERO: El deudor hipotecario es dueño de la finca o fincas descritas en
el párrafo UNDECIMO así como de todos los derechos e intereses en las
mismas, denominada de aquí en adelante "los bienes". ------------

SEGUNDO: Que los bienes aquí hipotecados están afectos a los
gravámenes que se especifican en el párrafo UNDECIMO. ------------

TERCERO: Que el deudor hipotecario viene obligado para con Estados
Unidos de América, actuando por conducto de la Administración de Hogares
de Agricultores, denominado de aquí en adelante el "acreedor hipotecario",
en relación con un préstamo o préstamos evidenciado por uno o más pagarés
o convenio de subrogación, denominado en adelante el "pagaré", sean uno o
más. Se requiere por el Gobierno que se hagan pagos adicionales mensuales
de una doceava parte de las contribuciones, avalúos (impuestos), primas de



FORMA FmHA 427-1 PR

1

4    15

Forma FmHA-427-1 PR
10/77

seguros y otros cargos que se hayan estimados sobre la propiedad hipotecaria.———————————————————————————————————

CUARTO: Se sobreentiende que:———————————————————————

(Uno) El pagaré evidencia un préstamo o préstamos al deudor hipotecario por la suma de principal especificada en el mismo, concedido, con el propósito y la intención de que el acreedor hipotecario puede ceder el pagaré en cualquier tiempo y asegurar su pago de conformidad con el Acta de mil novecientos sesenta y uno consolidando la Administración de Hogares de Agricultores o el Título Quinto de la Ley de Hogares de mil novecientos cuarenta y nueve, según ha sido enmendada.————————————————



(Dos) Cuando el pago del pagaré es garantizado por el acreedor hipotecario, puede ser cedido de tiempo en tiempo y cada tenedor de dicho pagaré a su vez será el prestamista asegurado.———————————————————————

(Tres) Cuando el pago del pagaré es asegurado por el acreedor hipotecario, el acreedor hipotecario otorgará y entregará al prestamista asegurado, conjuntamente con el pagaré un endoso de seguro garantizando totalmente el pago de principal e intereses de dicho pagaré.——————————————— 

(Cuatro) En todo tiempo que el pago del pagaré esté asegurado por el acreedor hipotecario, el acreedor hipotecario, por convenio con el prestamista asegurado, determinarán en el endoso de seguro la porción del pago de intereses del pagaré que será designada como "cargo anual".———————

(Cinco) Una condición del aseguramiento de pago del pagaré será de que el tenedor cederá todos sus derechos y remedios contra el deudor hipotecario y cualquiera otro en relación con dicho préstamo así como también a los beneficios de esta hipoteca y aceptará en su lugar los beneficios del seguro, y en caso de violación de cualquier convenio o estipulación aquí contenida o en el pagaré o en cualquier convenio suplementario por parte del deudor hipotecario, a requerimiento del acreedor hipotecario endosará el pagaré al acreedor hipotecario.————————————————————————————

(Seis) Entre otras cosas, es el propósito e intención de esta hipoteca, que en todo tiempo cuando el pagaré esté en poder del acreedor hipotecario, o en el caso en que el acreedor hipotecario ceda esta hipoteca sin asegurar el pagaré, esta hipoteca garantizará el pago del pagaré pero cuando el pagaré

—2—

Forma FmHA-427-1 PR
10/77

esté en poder de un prestamista asegurado, esta hipoteca no garantizará el pago del pagaré o formará parte de la deuda evidenciada por el mismo, pero en cuanto al pagaré y a dicha deuda, constituirá una hipoteca de indemnización para garantizar al acreedor hipotecario contra cualquier pérdida bajo el endoso de seguro por causa de cualquier incumplimiento por parte del deudor hipotecario. —————————————————————

QUINTO. Que en consideración al préstamo y (a) en todo tiempo que el pagaré sea conservado por el acreedor hipotecario o en el caso de que el acreedor hipotecario ceda la presente hipoteca sin el seguro de pago del pagaré y en garantía del importe del pagaré según se especifica en el subpárrafo (Uno) del párrafo NOVENO con sus intereses al tipo estipulado y para asegurar el pronto pago de dicho pagaré, su renovación o extensión y cualquier convenio contenido en el mismo, (b) en todo tiempo que el pagaré sea poseído por el prestamista asegurado en garantía de las sumas especificadas en el subpárrafo (Dos) del párrafo NOVENO aquí consignado, para garantizar el cumplimiento del convenio del deudor hipotecario de indemnizar y conservar libre al acreedor hipotecario contra pérdidas bajo el endoso de seguro por razón de incumplimiento del deudor hipotecario y (c) en cualquier caso y en todo tiempo en garantía de las sumas adicionales consignadas en el subpárrafo (Tres) del párrafo NOVENO de este instrumento y para asegurar el cumplimiento de todos y cada uno de los convenios y estipulaciones del deudor hipotecario aquí contenidos o en cualquier otro convenio suplementario, el deudor hipotecario por la presente constituye hipoteca voluntaria a favor del acreedor hipotecario sobre los bienes descritos en la párrafo UNDECIMO más adelante, así como sobre los derechos, intereses, servidumbres, derechos hereditarios, adhesiones pertenecientes a los mismos, toda renta, créditos, beneficios de los mismos, y todo producto e ingreso de los mismos, toda mejora o propiedad personal en el presente o que en el futuro se adhiera o que sean razonablemente necesarias para el uso de los mismos, sobre las aguas, los derechos de agua o acciones en los mismos, pertenecientes a las fincas o a todo pago que en cualquier tiempo se adeude al deudor hipotecario por virtud de la venta, arrendamiento, transferencia, enajenación o expropiación total o parcial de o por daños a cualquier parte de las mismas ó a los intereses sobre ellas, siendo entendido que este gravámen quedará en toda su fuerza y vigor hasta que las cantidades especificadas en el párrafo NOVENO con sus intereses antes y después del vencimiento hasta que los mismos hayan sido pagados en su totalidad. En caso de ejecución, los bienes responderán del pago del principal, los intereses antes y después de vencimiento, hasta su total



Forma FmHA-427-1 PR
10/77

solvento, pérdida sufrida por el acreedor hipotecario como asegurador del pagaré, contribuciones, prima de seguro o cualquier otro desembolso o adelanto por el acreedor hipotecario por cuenta del deudor hipotecario con sus intereses hasta que sean pagados al acreedor hipotecario, costas, gastos y honorarios de abogado del acreedor hipotecario, toda extensión o renovación de dichas obligaciones con intereses sobre todas y todo otro cargo o suma adicional especificada en el párrafo NOVENO de este documento, ————

SEXTO: El deudor hipotecario expresamente conviene lo siguiente:————

(Uno) Pagar al acreedor hipotecario prontamente a su vencimiento cualquier deuda aquí garantizada e indemnizar y conservar libre de pérdida al acreedor hipotecario bajo el seguro del pago del pagaré por incumplimiento del deudor hipotecario. En todo tiempo cuando el pagaré sea poseído por el prestamista asegurado, el deudor hipotecario continuará haciendo los pagos contra dicho pagaré al acreedor hipotecario como agente cobrador del tenedor del mismo. ——————————————————

(Dos) A pagar al acreedor hipotecario una cuota inicial por inspección y tasación y cualquier cargo por delincuencia requerido en el presente o en el futuro por los reglamentos de la Administración de Hogares de Agricultores.

(Tres) En todo tiempo cuando el pagaré sea poseído por un prestamista asegurado, cualquier suma adeudada y no pagada bajo los términos del pagaré, menos la cantidad o carga anual, podrá ser pagada por el acreedor hipotecario al tenedor del pagaré bajo los términos provistos en el pagaré y en el endoso de seguro referido en el párrafo CUARTO anterior por cuenta del deudor hipotecario. ——————————————

Cualquier suma vencida y no pagada bajo los términos del pagaré, sea éste poseído por el acreedor hipotecario o por el prestamista asegurado, podrá ser acreditada por el acreedor hipotecario al pagaré y en su consecuencia constituirá un adelanto por el acreedor hipotecario por cuenta del deudor hipotecario.——————————————————

Cualquier adelanto por el acreedor hipotecario tal como se describe en este subpárrafo devengará intereses a razón del  SIETE———————— por ciento ( 7    %) anual a partir de la fecha en que venció el pago hasta la fecha en que el deudor hipotecario lo satisfaga.———————————

(Cuatro) Fuere o no el pagaré asegurado por el acreedor hipotecario,



—4—

7

Forma FmHA-427-1 PR
10/77

cualquier o todo adelanto hecho por el acreedor hipotecario para prima de seguro, reparaciones, gravámenes u otra reclamación en protección de los bienes hipotecados o para contribuciones o impuestos u otro gasto similar por razón de haber el deudor hipotecario dejado de pagar por los mismos, devengará intereses a razón del tipo estipulado en el subpárrafo anterior desde la fecha de dichos adelantos hasta que los mismos sean satisfechos por el deudor hipotecario. ———————————————————————

(Cinco) Todo adelanto hecho por el acreedor hipotecario descrito en esta hipoteca con sus intereses vencerá inmediatamente y será pagadero por el deudor hipotecario al acreedor hipotecario sin necesidad de requerimiento alguno en el sitio designado en el pagaré y será garantizado por la presente hipoteca. Ningún adelanto hecho por el acreedor hipotecario no relevará al deudor hipotecario de su violación del convenio de pagar. Dichos adelantos, con sus intereses, se reembolsarán de los primeros pagos recibidos del deudor hipotecario. Si no hubieren adelantos, todo pago verificado por el deudor hipotecario podrá ser aplicado al pagaré o a cualquier otra deuda del deudor hipotecario aquí garantizada en el orden que el acreedor hipotecario determinare. ———————————————————————

(Seis) Usar el importe del préstamo evidenciado por el pagaré únicamente para los propósitos autorizados por el acreedor hipotecario. ———————

(Siete) A pagar a su vencimiento las contribuciones, impuestos especiales, gravámenes y cargas que graven los bienes o los derechos o intereses del deudor hipotecario bajo los términos de esta hipoteca. ————————————

(Ocho) Obtener y mantener seguro contra incendio y otros riesgos según requiera el acreedor hipotecario sobre los edificios y las mejoras existentes en los bienes o cualquier otra mejora introducida en el futuro. El seguro contra fuego y otros riesgos serán en la forma y por las cantidades, términos y condiciones que aprobare el acreedor hipotecario. ———————————

(Nueve) Conservar los bienes en buenas condiciones y prontamente verificar las reparaciones necesarias para la conservación de los bienes, no cometerá ni permitirá que se cometa ningún deterioro de los bienes; ni removerá ni demolerá ningún edificio o mejora en los bienes, ni cortará ni removerá madera de la finca, ni removerá ni permitirá que se remueva grava, arena, aceite, gas, carbón u otros minerales sin el consentimiento del acreedor hipotecario y prontamente llevará a efecto las reparaciones en los bienes que





FORMA FmHA427-1 PR

8

Forma FmHA-427-1 PR
10/77

el acreedor hipotecario requiera de tiempo en tiempo. El deudor hipotecario cumplirá con aquellas prácticas de conservación de suelo y los planes de la finca y del hogar que el acreedor hipotecario de tiempo en tiempo pueda prescribir. ———————————————————————————

(Diez) Si esta hipoteca se otorga para un préstamo a dueño de finca según se identifica en los reglamentos de la Administración de Hogares de Agricultores, el deudor hipotecario personalmente operará los bienes por sí y por medio de su familia como una finca y para ningún otro propósito y no arrendará la finca ni parte de ella a menos que el acreedor hipotecario consienta por escrito en otro método de operación o al arrendamiento. ———

(Once) Someterá en la forma y manera que el acreedor hipotecario requiera la información de sus ingresos y gastos y cualquier otra información relacionada con la operación de los bienes y cumplirá con todas las leyes, ordenanzas y reglamentos que afecten los bienes o su uso. ——————



(Doce) El acreedor hipotecario, sus agentes y abogados, tendrán en todo tiempo el derecho de inspeccionar y examinar los bienes con el fin de determinar si la garantía otorgada está siendo mermada o deteriorada, y si dicho examen o inspección determinare, a juicio del acreedor hipotecario, que la garantía otorgada está siendo mermada o deteriorada, tal condición se considerará como una violación por parte del deudor hipotecario de los convenios de esta hipoteca. ———————————————————

(Trece) Si cualquier otra persona detentare con o impugnare el derecho de posesión del deudor hipotecario a los bienes, el deudor hipotecario inmediatamente notificará al acreedor hipotecario de dicha acción y el acreedor hipotecario, a su opción, podrá instituir aquellos procedimientos que fueren necesarios en defensa de sus intereses y los gastos y desembolsos incurrido por el acreedor hipotecario en dichos procedimientos, serán cargados a la deuda del deudor hipotecario y se considerarán garantizados por esta hipoteca dentro del crédito adicional de la cláusula hipotecaria para adelantos, gastos y otros pagos. ———————————————————

(Catorce) Si el deudor hipotecario en cualquier tiempo mientras estuviere vigente esta hipoteca, abandonare los bienes o voluntariamente se los entregase al acreedor hipotecario, el acreedor hipotecario es por la presente autorizado y con poderes para tomar posesión de los bienes, arrendarlos y administrar los bienes y cobrar sus rentas, beneficios e ingresos de los mismos

—6—

FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

y aplicarlos en primer término a los gastos de cobro y administración y en segundo término al pago de la deuda evidenciada por el pagaré o cualquier otra deuda del deudor hipotecario y aquí garantizada, en el orden y manera que el acreedor hipotecario determinare. ————————————

(Quince) En cualquier tiempo que el acreedor hipotecario determinare que el deudor hipotecario puede obtener un préstamo de una asociación de crédito para producción, de un Banco Federal u otra fuente responsable, cooperativa o privada, a un tipo de interés y términos razonables para préstamos por tiempo y propósitos similares, el deudor hipotecario, a requerimiento del acreedor hipotecario, solicitará y aceptará dicho préstamo en cantidad suficiente para satisfacer el pagaré y cualquier otra deuda aquí garantizada y pagar por las acciones necesarias en la agencia cooperativa en relación con dicho préstamo. ————————————



(Dieciseis) El incumplimiento de cualesquiera de las obligaciones garantizadas por esta hipoteca, o si el deudor hipotecario o cualquier otra persona incluída como deudor hipotecario faltare en el pago de cualquier cantidad o violare o no cumpliere con cualquier cláusula, condición, estipulación o convenio o acuerdo aquí contenido o en cualquiera convenio suplementario, o falleciere o se declarare o fuere declarado incompetente, en quiebra, insolvente o hiciere una cesión en beneficio de sus acreedores, o los bienes o parte de ellos o cualquier interés en los mismos fueren cedidos, vendidos, arrendados, transferidos o gravados voluntariamente o de otro modo, sin el consentimiento por escrito del acreedor hipotecario, el acreedor hipotecario es irrevocablemente autorizado y con poderes, a su opción y sin notificación: (Uno) a declarar toda deuda no pagada bajo los términos del pagaré o cualquier otra deuda al acreedor hipotecario aquí garantizada, inmediatamente vencida y pagadera y proceder a su ejecución de acuerdo con la ley y los términos de la misma; (Dos) incurrir y pagar los gastos razonables para la reparación o mantenimiento de los bienes y cualquier gasto u obligación que el deudor hipotecario no pagó según se conviniere en esta hipoteca, incluyendo las contribuciones, impuestos, prima de seguro y cualquier otro pago o gasto para la protección y conservación de los bienes y de esta hipoteca o incumplimiento de cualquier precepto de esta hipoteca y (Tres) de solicitar la protección de la ley. ————————————

(Diecisiete) El deudor hipotecario pagará o reembolsará al acreedor hipotecario todos los gastos necesarios para el fiel cumplimiento de los convenios y acuerdos de esta hipoteca, los del pagaré y en cualquier otro

Forma FmHA-427-1 PR
10/77

convenio suplementario, incluyendo los gastos de mensura, evidencia de título, costas, inscripción y honorarios de abogado. ————————————

(Dieciocho) Sin afectar en forma alguna los derechos del acreedor hipotecario para requerir y hacer cumplir en cualquier fecha posterior los convenios, acuerdos u obligaciones aquí contenidas o similares u otros convenios y sin afectar la responsabilidad de cualquier persona para el pago del pagaré o cualquier otra deuda aquí garantizada y sin afectar el gravámen impuesto sobre los bienes o la prioridad del gravámen, el acreedor hipotecario es por la presente autorizado y con poder en cualquier tiempo (Uno) renunciar el cumplimiento de cualquier convenio u obligación aquí contenida o en el pagaré o en cualquier convenio suplementario (Dos) negociar con el deudor hipotecario o conceder al deudor hipotecario cualquier indulgencia o tolerancia o extensión de tiempo para el pago del pagaré (con el consentimiento del tenedor de dicho pagaré cuando esté en manos de un prestamista asegurado) o para el pago de cualquier deuda a favor del acreedor hipotecario, y aquí garantizada; o (Tres) otorgar y entregar cancelaciones parciales de cualquier parte de los bienes de la hipoteca aquí constituída u otorgar diferimiento o postergación de esta hipoteca a favor de cualquier otro gravámen constituído sobre dichos bienes.

(Diecinueve) Todos los derechos, título e interés en y sobre la presente hipoteca, incluyendo pero no limitando el poder de otorgar consentimientos, cancelaciones parciales, subordinación, cancelación total, radica sola y exclusivamente en el acreedor hipotecario y ningún prestamista asegurado tendrá derecho, título o interés alguno en o sobre el gravámen y los beneficios aquí contenidos. ————————————

(Veinte) El incumplimiento de esta hipoteca constituirá incumplimiento de cualesquiera otra hipoteca, préstamo refaccionario, o hipoteca de bienes muebles poseída o asegurada por el acreedor hipotecario y otorgada o asumida por el deudor hipotecario; y el incumplimiento de cualesquiera de dichos instrumentos de garantía constituirá incumplimiento de esta hipoteca.

(Veintiuno) Todo aviso que haya de darse bajo los términos de esta hipoteca será remitido por correo certificado a menos que se disponga lo contrario por ley, y será dirigido hasta tanto otra dirección sea designada en un aviso dado al efecto, en el caso del acreedor hipotecario a Administración de Hogares de Agricultores, Departamento de Agricultura de Estados Unidos, San Juan, Puerto Rico, y en el caso del deudor hipotecario, a él a la dirección postal de

FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

su residencia según se especifica más adelante. ————————————

(Veintidos) El deudor hipotecario por la presente cede al acreedor hipotecario el importe de cualquier sentencia obtenido por expropiación forzosa para uso público de los bienes o parte de ellos así como también el importe de la sentencia por daños causados a los bienes. El acreedor hipotecario aplicará el importe que reciba al pago de los gastos en que incurriere en su cobro y el balance al pago del pagaré y cualquier deuda al acreedor hipotecario garantizada por esta hipoteca, y si hubiere algún sobrante, se reembolsará al deudor hipotecario. ————————————

SEPTIMO: Para que sirva de tipo a la primera subasta que deberá celebrarse en caso de ejecución de esta hipoteca, de conformidad con la ley hipotecaria, según enmendada, el deudor hipotecario por la presente tasa los bienes hipotecados en la suma de   CINCUENTA Y UN MIL SEISCIENTOS-
DOLARES ($51,600.00).————————————————————

OCTAVO: El deudor hipotecario por la presente renuncia al trámite de requerimiento y se considerará en mora sin necesidad de notificación alguna por parte del acreedor hipotecario. Esta hipoteca está sujeta a los reglamentos de la Administración de Hogares de Agricultores ahora en vigor y a futuros reglamentos, no inconsistentes con los términos de esta hipoteca, así como también sujeta a las leyes del Congreso de Estados Unidos de América que autorizan la asignación y aseguramiento del préstamo antes mencionado. ————————————————————————

NOVENO: Las cantidades garantizadas por esta hipoteca son las siguientes:

Una. En todo tiempo cuando el pagaré relacionado en el párrafo TERCERO de esta hipoteca sea poseído por el acreedor hipotecario o en caso que el acreedor hipotecario cediere esta hipoteca sin asegurar el pagaré: CINCUEN-
TA Y UN MIL SEISCIENTOS———————— DOLARES ($ 51,600.00
el principal de dicho pagaré, con sus intereses según estipulados a razón del
SIETE—————————   por ciento ( 7   %) anual;

Dos. En todo tiempo cuando el pagaré es poseído por un prestamista asegurado:
(A) CINCUENTA Y UN MIL SEISCIENTOS———————————
———————————————————————— DOLARES ($ 51,600.00



Forma FmHA 427-1 PR
10/77

para indemnizar al acreedor hipotecario por adelantos al prestamista asegurado por motivo del incumplimiento del deudor hipotecario de pagar los plazos según se especifica en el pagaré, con intereses según se especifica en el párrafo SEXTO, Tercero; ————————————

(B) SETENTA Y DOS MIL CUATROCIENTOS————————————
———————————————————— DOLARES ($72,400.00 )
para indemnizar al acreedor hipotecario además contra cualquier pérdida que pueda sufrir bajo su seguro de pago del pagaré; ———————————

Tres. En cualquier caso y en todo tiempo; ————————————

(A) VEINTE MIL SEISCIENTOS CUARENTA————————————
———————————————————— DOLARES ($20,640.00 )
para intereses después de mora; ————————————

(B) DIEZ MIL TRESCIENTOS VEINTE————————————
———————————————————— DOLARES ($10,320.00 )
para contribuciones, seguro y otros adelantos para la conservación y protección de esta hipoteca, con intereses al tipo estipulado en el párrafo SEXTO, Tercero; ————————————

(C) CINCO MIL CIENTO SESENTA————————————
———————————————————— DOLARES ($5,160.00 )
para costas, gastos y honorarios de abogado en caso de ejecución; ————

(D) CINCX, digo, CINCO MIL CIENTO SESENTA————————————
———————————————————— DOLARES ($5,160.00 )
para costas y gastos que incurriere el acreedor hipotecario en procedimientos para defender sus intereses contra cualquier persona que intervenga o impugne el derecho de posesión del deudor hipotecario a los bienes según se consigna en el párrafo SEXTO, Trece. ————————————

DECIMO: Que el (los) pagaré(s) a que se hace referencia en el párrafo TERCERO de esta hipoteca es (son) descrito(s) como sigue: ————————————
"Pagaré otorgado en el caso número **sesenta tres raya veintinueve raya cinco ocho cero siete ocho cuatro nueve dos** nueve (63-29-580784929 ) fechado el día **primero de** ———— de **abril** de mil novecientos **ochenta y uno**————

FORMA FmHa 427-1 PR

10

Forma FmHA 427-I PR
10/77

por la suma de     CINCUENTA Y UN MIL SEISCIENTOS————————

———————— dólares de principal más intereses sobre el balance del principal

adeudado a razón del     SIETE————————————————————————————

————————( 7% ) por ciento anual, hasta tanto su principal sea

totalmente satisfecho según los términos, plazos, condiciones y estipulaciones

contenidas en dicho pagaré y según acordados y convenidos entre el

Prestatario y el Gobierno; excepto el pago final del total de la deuda aquí

representada, de no haber sido satisfecho con anterioridad, vencerá y será

pagadero a los     DOS——————————— años de la fecha de este pagaré.

—— Dicho pagaré ha sido otorgado como evidencia de un préstamo concedido

por el Gobierno al Prestatario de conformidad con la Ley del Congreso

de los Estados Unidos de América denominada "Consolidated Farm and

Rural Development Act of 1961" o de conformidad con el "Title V of

the Housing Act of 1949", según han sido enmendadas y está sujeto a los

presentes reglamentos de la Administración de Hogares de Agricultores

y a los futuros reglamentos no inconsistentes con dicha Ley . De cuya

descripción, yo, el Notario Autorizante, DOY FE. ————————

UNDECIMO: Que la propiedad objeto de la presente escritura y sobre la que
se constituye Hipoteca Voluntaria, se describe como sigue:

URBANA: Solar marcado con el número cinco del bloque
E del plano de inscripción de la Urbanización Ex————
tensión San Ramón situada en el barrio Pueblo del——
Mi,digo, Municipio de Hatillo, con una cabida super—
ficial de CUATROCIENTOS NOVENTIDOS PUNTO OCHENTICINCO
METROS CUADRADOS. En lindes por el Norte, en trece——
punto cuarenta metros con la calle número diez; por——
el Sur, en trece punto cuarentiocho metros con la ca—
lle,digo, carretera estatal número doscientos dieci—
nueve; por el Este, en treinticiete punto cincuenta——
metros con el solar número seis del bloque E y por el
Oeste, en veintiseis metros con el solar número cuatro
del bloque E. Enclava una estructura dedicada a vi—
vienda construída de hormigón armado y bloques de———
hormigón. Inscrita al folio setenta del tomo ciento
setentiocho de Hatillo, finca número nueve mil tres——
cientos treinticinco.————————————————————

RUSTICA: Radicada en el barrio Bayaney de Hatillo,———
compuesta de CIENTO CUARENTA Y UNO PUNTO CUATROCIENTOS
TREINTA Y CINCO CUERDAS (141.435) equivalentes a cin—
cuenta y cuatro hectáreas, sesenta y nueve áreas, cua
tro centiáreas y sesentiuna miliáreas. Colinda por—
el Norte, Sucesión de Idelfonso Villanueva; Sur, Fran
cisco Micheo y una quebrada; Este, Francisco Micheo y
al Oeste, cauce de la quebrada Lajas del Río Camuy.——
Inscrita al folio ciento noventa del tomo cincuenta y
siete de Hatillo, finca número dos mil cuatrocientos—
veinte.————————————————————————————

11

FORMA FmHA 427-I PR

Forma FmHA 427-1 PR
10/77

Adquirió el prestatario la descrita finca por compra a---------
Fortunato Rivera y Margarita Correa, la finca descrita
bajo la letra B
según consta de la Escritura Número TREINTA Y SIETE---------
-----------------de fecha veinticuatro de agosto de mil
novecientos setenta y nueve en la ciudad de Arecibo---------
otorgada
ante el Notario Manlio Arraiza Donate.----------------

Dicha propiedad se encuentra afecta a hipoteca por la suma
de TREINTA MIL DOLARES e hipoteca por la suma de----
CIENTO TRES MIL TRESCIENTOS DOLARES a favor de Esta--
dos Unidos de América.--------------------------------------

----------------------------------------------------------------
----------------------------------------------------------------
----------------------------------------------------------------

DUODECIMO: Que comparecen en la presente escritura como------
Deudores Hipotecarios Armando Santos Negrón y Nydia Rive-
ra, mayores de edad, casados entre sí, propietarios y-
vecinos de Hatillo, Puerto Rico--------------------------
cuya dirección postal es:
Buzón doscientos veinticuatro, Hatillo, Puerto Rico.


DECIMO TERCERO: El importe del préstamo aquí consignado se
usó ó será usado para fines agrícolas y la construcción y/o
reparación y/o mejoras de las instalaciones físicas en la-----
finca(s) descrita(s).-------- -------------- --- ---- --- ----

DECIMO CUARTO: El prestatario ocupará personalmente y usará--
cualquier estructura que haya sido construída, mejorada o------
comprada con el importe del préstamo aquí garantizado y no----
arrendará o usará para otros fines dicha estructura a menos que
el Gobierno lo consienta por escrito. La violación de esta---
clausula como la violación de cualquiera otro convenio o cláu-
sula aquí contenida ocasionará el vencimiento de la obligación
como si todo el término hubiese transcurrido y en aptitud el
Gobierno de declarar vencido o pagadero el préstamo y proceder
a la ejecución de la hipoteca.----------------------------------
DECIMO QUINTO: Esta hipoteca se extiende expresamente a toda
construcción o edificación existente en la(s) finca(s) antes--

12

Forma FmHA 427-1PR
10/77

descrita(s) y a toda mejora, construcción o edificación que

se construya en dicha finca(s) durante la vigencia del ------

préstamo hipotecario constituido a favor del Gobierno, veri-

ficada por los actuales dueños deudores o por sus cesionarios

o causahabientes.

DECIMO SEXTO:  El deudor hipotecario por la presente-------

renuncia mancomunada y solidariamente por sí y a nombre de--

sus herederos causahabientes, sucesores o representantes a--

favor del acreedor (Administración de Hogares de -----------

Agricultores), cualquier derecho de Hogar Seguro (Homestead)

que en el presente o en el futuro pudiera tener en la ------

propiedad descrita en el párrafo undédimo y en los edificios

allí enclavados o que en el futuro fueran construídos; -----

renuncia esta permitida a favor de la Administración de ----

Hogares de Agricultores por la Ley Número trece (13) del ---

veintiocho (28) de mayo de mil novecientos sesenta y nueve--

(1969) (31 L.P.R.A. 1851).----------------------------------

DECIMO SEPTIMO:  El acreedor y el deudor hipotecario -------

convienen en que cualquier estufa, horno, calentador compra-

do o financiado total o parcialmente con fondos del préstamo

aquí garantizado, se considerará e interpretará como parte--

de la propiedad gravada por esta Hipoteca.------------------

DECIMO OCTAVO: Este documento garantiza asimismo el

rescate o recuperación de cualquier crédito por in-

tereses o subsidio que pueda otorgarse a los pres-

tatarios por el gobierno de acuerdo con las dispo-

siciones del Título cuarentidos del Código de Esta-

dos Unidos, Sección mil cuatrocientos noventa raya-

A (42 U.S.C. 1490-A).-----------------------------

DECIMO NOVENO: Manifiestan los deudores hipotecarios

que por tratarse de un préstamo para fines agrícolas

han acordado en no distribuir la responsabilidad en-

tre las fincas gravadas y por lo tanto tot, digo, to-

das responderán solidariamente y mancomunadamente---

13

de la deuda, principal, intereses, costas y demás
créditos garantizados por esta escritura, todo
ello conforme al artículo ciento diecinueve de la
ley hipotecaria según el mismo ha sido enmendado
por la ley número setenticinco de veinticinco de
junio de mil nvdigo, novecientos sesentinueve.
VIGESIMO: Por tratarse de un préstamo de recursos
limitados según indicado en el pagaré el Gobierno
puede cambiar el por ciento de interés de acuerdo
con los reglamentos de la Administración de Hoga-
res de Agricultores. ----------------------------
------------------ ACEPTACION Y ADVERTENCIAS.-----
Hechas por mí el Notario, las advertencias legales
pertinentes y leída esta escritura y los otorgan-
tes por renuncia que hicieron al derecho de leerla
por sí, del que les advertí, la ACEPTAN en la for-
ma en que está redactada y la firman conmigo, ha-
biendo además los otorgantes puesto sus iniciales
en todos y cada uno de los folios de esta escritu-
ra. Y de mi conocimiento personal de los otorgan-
tes y por sus dichos de sus circunstancias perso-
nales y vecindad y de que se hallan debidamente
adheridos y cancelados los correspondientes sellos
de Rentas Internas, del impuesto Notarial y de
todo lo demás consignado en este instrumento pú-
blico, Yo, el Notario Autorizante, DOY FE.--------

FIRMADOS: Armando Santos Negrón, Nydia Rivera.
Firmado, signado, sellado y rubricado Francisco A.
Arraiza Donate.---------------------------------

# UNITED STATES DEPARTMENT OF AGRICULTURE
## FARM SERVICE AGENCY
**654 Muñoz Rivera Ave.,**
**654 Plaza Bldg. Suite 829,**
**San Juan, PR 00918**

Borrower: **Santos Negrón, Armando**          **Agency Claim No.: 63-029-4929**

### *Certification of Indebtedness*

I, Liha Sánchez, of legal age, married, a resident of Mayaguez, Puerto Rico, in my official capacity as Farm Loan Program Support Specialist of the Farm Service Agency (FSA), United States Department of Agriculture (USDA), state that:

- The borrower's indebtedness as of 05/23/2019 is as shown in the following Statement of Account, according to information obtained from all available records at the USDA - Farm Service Agency:

### *Statement of Account*

| Loan Number | **41-02** |
|---|---|
| Type of Loan | **Farm Ownership (FO)** |
| Date of Loan | **08/24/1979** |
| Original Loan Amount | **$103,300.00** |
| Interest Rate | **13.250%** |
| Daily Interest Accrual | **$38.5682** |
| Principal Balance | **$106,244.46** |
| Unpaid Interest | **$522,208.14** |
| Miscellaneous Charges: | **$0.00** |
| Total Balance | **$628,452.60** |
| Amount Delinquent | **$516,147.00** |
| Years Delinquent | **38** |

| Loan Number | **41-04** |
|---|---|
| Type of Loan | **Farm Ownership (FO)** |
| Date of Loan | **04/01/1981** |
| Original Loan Amount | **$55,270.00** |
| Interest Rate | **13.250%** |
| Daily Interest Accrual | **$18.4184** |
| Principal Balance | **$50,737.37** |
| Unpaid Interest | **$250,124.67** |
| Miscellaneous Charges: | **$0.00** |
| Total Balance | **$300,862.04** |
| Amount Delinquent | **$245,614.38** |
| Years Delinquent | **38** |

| Loan Number | **44-05** |
|---|---|
| Type of Loan | **Operating Loan (OL)** |
| Date of Loan | **04/01/1981** |
| Original Loan Amount | **$51,600.00** |
| Interest Rate | **14.250%** |
| Daily Interest Accrual | **$20.1452** |
| Principal Balance | **$51,600.00** |
| Unpaid Interest | **$275,001.40** |
| Miscellaneous Charges: | **$0.00** |
| Total Balance | **$326,601.40** |
| Amount Delinquent | **$326,601.40** |
| Years Delinquent | **Fully Mature** |

- The information in the above Statement of Account in affiant's opinion is a true and correct statement of the aforementioned account and to this date remains due and unpaid.
- The defendant is neither a minor, nor incompetent, nor in the military service of the United States of America.
- The above information is true and correct to the best of my knowledge and belief and is made under penalty of perjury as allowed by 28 U.S.C. 1746.

Liha Sánchez
FLP Support Specialist
05/23/2019

Exhibit 15

Department of Defense Manpower Data Center

Results as of : May-23-2019 02:52:47 PM

SCRA 4.11



## Status Report
## Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | XXX-XX-1451 |
| Birth Date: | |
| Last Name: | RIVERA ROSADO |
| First Name: | NYDIA |
| Middle Name: | |
| Status As Of: | May-23-2019 |
| Certificate ID: | WVX5GS8V9GVDPB1 |

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ? 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture | ) ) ) ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) ) | Civil Action No. |
| | ) | Foreclosure of Mortgage |
| The Estate of ARMANDO SANTOS NEGRON, ET ALS. | ) ) ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_

AIDYN SANTOS RIVERA

Urb. Ext. San Ramón,Gonzalo Navas E-5,Hatillo, PR; PR 134, Km. 26.0, Int.,Bayaney Wd.Hatillo,PR

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — or 90 days in a Social Security Action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Juan C. Fortuño Fas

PO Box 9300 San Juan, PR 00908

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_FRANCES RIOS DE MORAN, ESQ._
_CLERK OF COURT_

Date: _____          _____
                                                              _Signature of Clerk or Deputy Clerk_

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

_____

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture | ) ) ) ) ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) ) | Foreclosure of Mortgage |
| The Estate of ARMANDO SANTOS NEGRON, ET ALS. | ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

JANETTE SANTOS RIVERA

Urb. Ext. San Ramón,Gonzalo Navas E-5,Hatillo, PR; PR 134, Km. 26.0, Int.,Bayaney Wd.Hatillo,PR

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — or 90 days in a Social Security Action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Juan C. Fortuño Fas

PO Box 9300 San Juan, PR 00908

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*FRANCES RIOS DE MORAN, ESQ.*
*CLERK OF COURT*

Date:  _____

_____
*Signature of Clerk or Deputy Clerk*

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

_____

DPR MODIFIED AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Puerto Rico

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture | ) ) ) ) | |
| *Plaintiff(s)* | ) | |
| v. | ) ) | Civil Action No. |
| | ) ) | Foreclosure of Mortgage |
| The Estate of ARMANDO SANTOS NEGRON, ET ALS. | ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

NYDIA RIVERA ROSADO, by herself and as a member of The Estate of Armando Santos Negrón

Urb. Ext. San Ramón,Gonzalo Navas E-5,Hatillo, PR; PR 134, Km. 26.0, Int.,Bayaney Wd.Hatillo,PR

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — or 90 days in a Social Security Action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Juan C. Fortuño Fas

PO Box 9300 San Juan, PR 00908

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*FRANCES RIOS DE MORAN, ESQ.*
*CLERK OF COURT*

Date: _____    _____

*Signature of Clerk or Deputy Clerk*

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

_____

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Puerto Rico

|  |  |
|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture<br><br>*Plaintiff(s)*<br><br>v.<br><br>The Estate of ARMANDO SANTOS NEGRON, ET ALS.<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

Foreclosure of Mortgage

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

ROSA SANTOS RIVERA

Urb. Ext. San Ramón,Gonzalo Navas E-5,Hatillo, PR; PR 134, Km. 26.0, Int.,Bayaney Wd.Hatillo,PR

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — or 90 days in a Social Security Action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Juan C. Fortuño Fas

PO Box 9300 San Juan, PR 00908

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*FRANCES RIOS DE MORAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:
_____

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Puerto Rico

| | |
|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture <br><br> _____ <br> *Plaintiff(s)* <br> v. <br> _____ <br> The Estate of ARMANDO SANTOS NEGRON, ET ALS. <br> _____ <br> *Defendant(s)* | Civil Action No. <br><br> Foreclosure of Mortgage |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

VIVIANETTE SANTOS RIVERA

Urb. Ext. San Ramón,Gonzalo Navas E-5,Hatillo, PR; PR 134, Km. 26.0, Int.,Bayaney Wd.Hatillo,PR

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — or 90 days in a Social Security Action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Juan C. Fortuño Fas

PO Box 9300 San Juan, PR 00908

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*FRANCES RIOS DE MORAN, ESQ.*
*CLERK OF COURT*

Date: _____         _____
*Signature of Clerk or Deputy Clerk*

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

_____

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| *Plaintiff(s)* | | |
| v. | | Civil Action No. |
| | | Foreclosure of Mortgage |
| The Estate of ARMANDO SANTOS NEGRON, ET ALS. | | |
| *Defendant(s)* | | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

WANDA SANTOS RIVERA

Urb. Ext. San Ramón,Gonzalo Navas E-5,Hatillo, PR; PR 134, Km. 26.0, Int.,Bayaney Wd.Hatillo,PR

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — or 90 days in a Social Security Action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Juan C. Fortuño Fas

PO Box 9300 San Juan, PR 00908

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*FRANCES RIOS DE MORAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

_____

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture | ) ) ) ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) ) | Foreclosure of Mortgage |
| The Estate of ARMANDO SANTOS NEGRON, ET ALS. | ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

YVONNE SANTOS RIVERA

Urb. Ext. San Ramón,Gonzalo Navas E-5,Hatillo, PR; PR 134, Km. 26.0, Int.,Bayaney Wd.Hatillo,PR

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — or 90 days in a Social Security Action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Juan C. Fortuño Fas

PO Box 9300 San Juan, PR 00908

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*FRANCES RIOS DE MORAN, ESQ.*
*CLERK OF COURT*

Date: _____     _____

*Signature of Clerk or Deputy Clerk*

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

_____

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

## CATEGORY SHEET

**You must accompany your complaint with this Category Sheet, and the Civil Cover Sheet (JS-44).**

Attorney Name (Last, First, MI):  Fortuño, Juan Carlos

USDC-PR Bar Number:  211913

Email Address:  jcfortuno@fortuno-law.com

1. Title (caption) of the Case (provide only the names of the <u>first</u> party on <u>each</u> side):

   Plaintiff:  UNITED STATES OF AMERICA, acting through the USDA

   Defendant:  The Estate of ARMANDO SANTOS NEGRON, ET ALS.

2. Indicate the category to which this case belongs:

   ☒ Ordinary Civil Case

   ☐ Social Security

   ☐ Banking

   ☐ Injunction

3. Indicate the title and number of related cases (if any).

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed before this Court?

   ☐ Yes
   ☒ No

5. Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

   ☐ Yes
   ☒ No

6. Does this case question the constitutionality of a state statute?  (See, Fed.R.Civ. P. 24)

   ☐ Yes
   ☒ No

Date Submitted:

rev. Dec. 2009

Print Form    Reset Form

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

NYDIA RIVERA ROSADO, ET ALS.

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Hatillo, PR
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Juan C. Fortuño Fas
Po Box 9300 San Juan, PR 00908
Tel. 787-751-5290

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Consolidated Farm & Development Act, 7 USC 1921, et seq. & 28 USC 1345

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
1,238,484.27

CHECK YES only if demanded in complaint:

JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
7/31/2019

SIGNATURE OF ATTORNEY OF RECORD
Juan Carlos Fortuño Fas

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT                 APPLYING IFP                  JUDGE                    MAG. JUDGE